**THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
Tallahassee Division**

AUGUST DEKKER, et al.,

        *Plaintiffs*,

    v.

SIMONE MARSTILLER, et al.,

        *Defendants*.

Case No. 4:22-cv-00325-RH-MAF

## UNOPPOSED MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYM

Plaintiffs Susan, Jane, and John Doe (the "Doe Family"), by and through their undersigned counsel, respectfully move this Court for leave to proceed anonymously.

Jane and John Doe seek to proceed under fictitious names to protect the identity of their daughter, Susan Doe, a minor.  Though under Fed. R. Civ. P. 5.2(a), Susan Doe is entitled proceed anonymously through her initials, the identification of Jane and John Doe by their legal names would likely erase the confidentiality that the rule affords Susan Doe in bringing this lawsuit because she would be readily identifiable by the names of her parents.  Further, proceeding under pseudonym is necessary to protect the Doe Family and, more particularly, Susan Doe, from undue harassment, discrimination, and even violence because Susan Doe is transgender,

and Jane and John Doe are the affirming parents of a transgender adolescent.

Because Susan Doe's privacy rights outweigh the presumption of openness in federal courts, Susan Doe and her parents, Jane and John Doe, should be allowed to proceed under fictitious names. Moreover, Susan Doe should be allowed to proceed under that fictitious name (as opposed to her initials) for reasons of convenience.

## MEMORANDUM OF LAW IN SUPPORT OF MOTION

Without allowing Susan, Jane, and John Doe to proceed anonymously, Susan Doe will effectively have no anonymity in this suit. Persons who learn Jane and John Doe's identities will be able to readily determine Susan Doe's identity. Thus, the question here is whether Jane and John Doe should be exempt from the general requirement that the parties be named in pleadings. Fed. R. Civ. P. 10(a). Susan Doe is confident in her gender identity and lives authentically as a girl without broad disclosure of her transgender status. Publicizing her name, or even her parents' names, will impact her quality of life and potentially even her mental health, and will create a safety risk for Susan Doe and her family.

"A party may proceed anonymously in a civil suit in federal court by showing that [s]he has a substantial privacy right which outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Plaintiff B. v. Francis*, 631 F.3d 1310, 1315-16 (11th Cir. 2011) (internal quotation marks omitted); *Doe v. Frank,* 951 F.2d 320, 323 (11th Cir. 1992). The ability to

proceed anonymously is available both to minor litigants and their guardians in the same litigation when the standard for anonymity is met. *D.L. and K.L. ex rel. Phan L. v. Bateman*, 2012 WL 1565419, *2 (M.D. Fla., May 2, 2012) (holding that a legal guardian may proceed anonymously where the "public disclosure of their identities would nullify any privacy protection given to their children alone").

A court should carefully review all circumstances of a given case, including whether requiring openness would compel the plaintiff to disclose information of utmost intimacy, and then decide whether the customary practice of disclosing the party's identity should yield to the party's privacy concerns. *Plaintiff B.*, 631 F.3d at 1316. Relevant circumstances include: (1) whether the persons seeking anonymity are challenging government activity; (2) whether the litigation would require those persons to disclose information of the utmost intimacy; (3) whether those persons are minors; (4) whether disclosure would make those persons the subject of retaliatory harassment or violence; and (5) whether anonymity poses a unique threat of fundamental unfairness to the defendant. *Id.*

Under the circumstances relevant to this Motion, it is entirely appropriate to allow Jane, John, and Susan Doe to proceed anonymously through fictitious names. First, the Doe Family, along with other Plaintiffs in this litigation, seek to challenge government activity – specifically, the adoption of Florida Administrative Code Rule 59G-1.050(7), which prohibits Medicaid coverage of services for the treatment

of gender dysphoria, in violation of both the U.S. Constitution and federal law. Unlike private parties, the Agency for Health Care Administration and Defendant Marstiller, who is named solely in her official capacity as Secretary of AHCA, lack the same interest in protecting their reputation from possible damaging allegations, and therefore have a lesser interest in the public disclosure of the identities of those plaintiffs challenging governmental action. *See S. Methodist Univ. Ass'n of Women L. Students v. Wynne & Jaffe*, 599 F.2d 707, 713 (5th Cir. 1979).

Second, the details of Susan Doe 's private medical history and experience as a transgender minor will be rendered public through this litigation. Courts have recognized that a person's transgender status is a very intimate, private matter. *See, e.g.*, *Powell v. Schriver*, 175 F.3d 107, 111 (2d Cir. 1999) ("The excruciatingly private and intimate nature of transsexualism, for persons who wish to preserve privacy in the matter, is really beyond debate"); *Foster v. Andersen*, No. 18-2552-DDC-KGG, 2019 WL 329548, at *2 (D. Kan. Jan. 25, 2019) ("[T]he disclosure of [plaintiff]'s identity would reveal matters of a highly sensitive and personal nature, specifically [plaintiff]'s transgender status and his diagnosed medical condition—gender dysphoria."); *Arroyo Gonzalez v. Rossello Nevares*, 305 F. Supp. 3d 327, 2018 WL 1896341, at *6 (D.P.R. Apr. 20, 2018); *Love v. Johnson*, 146 F. Supp. 3d 848, 856 (E.D. Mich. 2015); *Doe v. Blue Cross & Blue Shield of Rhode Island*, 794 F. Supp. 72, 74 (D.R.I. July 6, 1992). In fact, the disclosure of much of this

information by some third parties would normally be subject to stringent privacy protections.  *See* Health Insurance Portability and Accountability Act of 1996 (HIPAA), 45 C.F.R. § 164.502(a).  This alone demonstrates that the information is of the utmost intimacy.  *See Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981) (requiring the district court to allow the plaintiffs to sue anonymously because, in part, juvenile and adoption court records were confidential under state law); *M.J. v Jacksonville Housing Authority*, No. 11-CV-771-J-37 MCR, 2011 WL 4031099, *2 (M.D. Fla. September 12, 2011) (finding that a plaintiff's juvenile arrest report, which would be at direct issue in the litigation, was information of the "utmost intimacy" because, in part, it was confidential under state law).

Third, Susan Doe is a minor.  The rules already entitle Susan Doe proceed anonymously through her initials. Fed. R. Civ. P. 5.2(a). Customarily, courts will allow both minors and their guardians to proceed under pseudonym where the interests of minor children are at stake. *See, e.g.*, *Blue Cross & Blue Shield United of Wisconsin,* 112 F.3d 869, 872 (7th Cir. 1997) (observing that fictitious names are allowed when necessary to protect children's privacy); *Stegall*, 653 F.2d at 186 (permitting minor children and their mother to use fictitious names as minor children are more vulnerable to potential harassment or violence against the family); *Doe v. Banos*, 713 F.Supp.2d 404, 407 (D. N.J. 2010) (stating that the pseudonym of father and daughter was "used to protect the identity of a 15-year-old minor."); *Sims v.*

*Lakeside School*, No. 06-1412 RSM, 2007 WL 4219347, *1 (W.D. Wash. November 28, 2007) (finding that minor names and the names of the parents deserved use of pseudonyms to protect the interests of the minor children involved and that there is a strong public policy in favor of protecting the identity of children).

Fourth, transgender persons in the United States, and more particularly, transgender minors and their families, regularly face stigmatization, discrimination, and violence.  Numerous courts have this reached conclusion. *See, e.g.*, W*hitaker ex rel. Whitaker v. Kenosha Unified Sch. Dist. No. 1 Bd. of Educ.*, 858 F.3d 1034, 1051 (7th Cir. 2017) ("There is no denying that transgender individuals face discrimination, harassment, and violence because of their gender identity."); *Foster*, 2019 WL 329548, at *2 ("[Plaintiff] alleges that disclosing his transgender status will subject him to discrimination, harassment, and violence. The court finds [plaintiff]'s fears are justified."); *F.V. v. Barron*, 286 F.Supp.3d 1131, 1137 (D. Idaho 2018); *Arroyo*, 305 F.Supp.3d 327 at 333; Order, *Ray v. Himes*, No. 2:18-cv-00272-MHW-CMV (S.D. Ohio Apr. 5, 2018) (Dkt. 9), at 2; *Love*, 146 F.Supp.3d at 856; *Adkins v. City of New York*, 143 F.Supp.3d 134, 139 (S.D.N.Y. 2015).

What is more, "this history of persecution and discrimination is not yet history." *Adkins*, 143 F.Supp.3d at 139.  A 2015 study revealed that nearly half (48%) of transgender people have been denied equal treatment, verbally harassed, and/or physically attacked because of being transgender.  *See* James, S. E., et al.,

6

Nat'l Ctr. for Transgender Equality, *The Report of the 2015 U.S. Transgender Survey* (2016), at 198, *available at* https://tinyurl.com/3j4e7exe.  Specifically, nearly half (46%) of transgender people have been verbally harassed and almost one in ten (9%) have been physically attacked because of being transgender.  *Id.*

These considerations are even more acute for transgender people in Florida, like Susan Doe.  There is no question that transgender people in Florida face high levels of discrimination, harassment, and violence.  For example, 75% of transgender people who were out or perceived as transgender in K-12 schools experienced mistreatment, including verbal harassment (50%), physical attack (23%), and sexual assault (15%), because of being transgender.  *See* Nat'l Ctr. for Transgender Equality, *2015 U.S. Transgender Survey: Florida State Report* (2017), at 1, *available at* https://tinyurl.com/3f4d6wep.  Further, according to the 2019 National School Climate Survey, 86.3% of LGBTQ+ students experienced harassment of assault based on their LGBTQ+ or perceived LGBTQ+ identity. Among transgender youth who experienced this kind of victimization, they were three times as likely to miss school. Kosciw, J. G., Clark, C. M., Truong, N. L., & Zongrone, A. D. (2020), at 19-20. *The 2019 National School Climate Survey: The experiences of lesbian, gay, bisexual, transgender, and queer youth in our nation's schools.* New York: GLSEN, *available at* https://tinyurl.com/nw2xdhde.

It is because of this stigma placed upon transgender people and the real risks

of discrimination, harassment, and violence transgender people face on account of their transgender status that courts have allowed transgender plaintiffs like Susan to proceed under pseudonyms.  *See*, *e.g.*, *Blue Cross*, 794 F.Supp. at 74 (noting that "in this era of seemingly increased societal intolerance," the court "will not strip plaintiff of the cloak of privacy which shields him from the stigmatization he might otherwise endure"); *In re E.P.L.*, 891 N.Y.S.2d 619, 621 (Sup. Ct. 2009) (shielding the publication of a transgender individual's name in seeking a court order regarding a name change based upon his "right to feel threatened for his personal safety in the event his transgender status is made public").  Indeed, the "most compelling situations involve matters which are highly sensitive, such as social stigmatization, real danger of physical harm, or where the injury litigated against would occur as a result of the disclosure of the plaintiff's identity."  *Blue Cross*, 794 F.Supp. at 74.

Here, the risk of stigmatization, discrimination, and even violence against Susan Doe and her parents will only increase if the name of any member of the Doe Family were made public in this suit. Moreover, John Doe is easily identifiable such that, if his name is made public as part of the litigation, the identity of his daughter Susan, and her transgender status, would be readily determinable by the public.

Fifth, and finally, Defendants will not be prejudiced by the Doe Family's proceeding pseudonymously.  Indeed, Susan, Jane, and John do not seek to withhold their identities from Defendants or the Court, but only to proceed pseudonymously

and to prevent disclosure of their identities in public documents.   Allowing Susan, Jane, and John Doe to proceed under pseudonyms under these conditions will not prejudice Defendants; Defendants will know their true identities, will have full discovery rights as the case progresses, and will only be barred from using or disclosing their names to the public or outside the litigation.  *See Doe v. Porter*, 370 F.3d 558, 560-61 (6th Cir. 2004); *Foster*, 2019 WL 329548, at *2; *Doe v. United Services Life Ins. Co.*, 123 F.R.D. 437, 439 (S.D.N.Y. 1988).  "[I]t is unclear how [the Court's grant of the requested relief] would . . . hinder[] [Defendants'] preparation" of the case, as Defendants here would still be able "to obtain all the necessary information to address" the issues in this case without public disclosure of the names of Susan, Jane, and John Doe.  *Porter*, 370 F.3d at 561.

For these reasons, Susan Doe's privacy rights outweigh the presumption of openness in judicial proceedings.  As such, her parents Jane and John Doe should be permitted to proceed under pseudonyms.

 The Court should likewise allow Susan Doe to proceed under pseudonym to protect her identity and for the sake of consistency.  This would not prejudice Defendants nor the public since Susan Doe is already entitled to proceed anonymously under Fed. R. Civ. P. 5.2(a).

**WHEREFORE**, the Doe Family respectfully request that this Court grant their Motion to Proceed Under Pseudonym.

**PILLSBURY WINTHROP SHAW PITTMAN, LLP**

By: */s/ Jennifer Altman*
**Jennifer Altman** (Fl. Bar No. 881384)
**Shani Rivaux** (Fl. Bar No. 42095)
600 Brickell Avenue, Suite 3100
Miami, FL 33131
(786) 913-4900
jennifer.altman@pillsbury.com
shani.rivaux@pillsbury.com

**William C. Miller**\*
**Gary J. Shaw**\*
1200 17th Street N.W.
Washington, D.C. 20036
(202) 663-8000
william.c.miller@pillsburylaw.com
gary.shaw@pillsburylaw.com

**Joe Little**\*
500 Capitol Mall, Suite 1800
Sacramento, CA 95814
(916) 329-4700
joe.little@pillsburylaw.com

**NATIONAL HEALTH LAW PROGRAM**

By: */s/ Abigail Coursolle*
**Abigail Coursolle**\*
3701 Wilshire Boulevard, Suite 315
Los Angeles, CA 90010
(310) 736-1652
coursolle@healthlaw.org

**Catherine McKee**\*
1512 E. Franklin Street, Suite 110
Chapel Hill, NC 27541
(919) 968-6308
mckee@healthlaw.org

**LAMBDA LEGAL DEFENSE AND EDUCATION FUND, INC.**

By: */s/ Omar Gonzalez-Pagan*
**Omar Gonzalez-Pagan**\*
120 Wall Street, 19th Floor
New York, NY 10005
(212) 809-8585
ogonzalez-pagan@lambdalegal.org

**Carl S. Charles**\*
1 West Court Square, Suite 105
Decatur, GA 30030
(404) 897-1880
ccharles@lambdalegal.org

**SOUTHERN LEGAL COUNSEL, INC.**

By: */s/ Simone Chriss*
**Simone Chriss** (Fl. Bar No. 124062)
**Chelsea Dunn** (Fl. Bar No. 1013541)
1229 NW 12th Avenue
Gainesville, FL 32601
(352) 271-8890
Simone.Chriss@southernlegal.org
Chelsea.Dunn@southernlegal.org

**FLORIDA HEALTH JUSTICE PROJECT**

By: */s/ Katy DeBriere*
**Katy DeBriere** (Fl. Bar No. 58506)
3900 Richmond Street
Jacksonville, FL 32205
(352) 278-6059
debriere@floridahealthjustice.org

\* *Application for admission pro hac vice forthcoming.*

10

## CERTIFICATE OF WORD COUNT

According to Microsoft Word, the word-processing system used to prepare this Motion and Memorandum, there are 2,105 total words contained within the Motion and Memorandum.

*/s/ Jennifer Altman*
Jennifer Altman

## CERTIFICATE OF SATISFACTION OF
## ATTORNEY-CONFERENCE REQUIREMENT

Pursuant to Local Rule 7.1(B), counsel for the Plaintiffs conferred with counsel for the Defendants on September 11, 2022. Counsel for Defendants indicated that while the Defendants disagree with the characterization of the issues that will be litigated in this case, the Defendants do not oppose the relief sought.

## CERTIFICATE OF SERVICE

I hereby certify that, on September 12, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. Counsel for Defendants had indicated that Defendants would accept service of this motion via email. I certify that I served by email the foregoing on the following non-CM/ECF participant:

Simone Marstiller, Secretary
Agency for Health Care Administration
c/o Andrew T. Sheeran
Deputy General Counsel
2727 Mahan Dr.
Tallahassee, FL 32308
(888) 419-3456
Andrew.Sheeran@ahca.myflorida.com

/s/ Jennifer Altman
Jennifer Altman