IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

AUGUST DEKKER et al.,

      Plaintiffs,

v.                                    CASE NO. 4:22cv325-RH-MAF

SIMONE MARSTILLER et al.,

      Defendants.

_____/

## INITIAL SCHEDULING ORDER

      IT IS ORDERED:

      1. The deadline for the Federal Rule of Civil Procedure 26(f) attorney conference is October 24, 2022. At the conference, the attorneys and any unrepresented party must address the matters set out in Rules 16(b)(3)(A), 16(b)(3)(B), 16(c)(2), 26(f)(2), and 26(f)(3). To the extent both sides agree, discovery may begin without awaiting the attorney conference, and parties should agree if proposed discovery relates to the motion for a preliminary injunction. Otherwise discovery may begin after the attorney conference. The conference may be conducted remotely, and the discovery plan and proposed schedule should take account of the covid-19 pandemic.

2. The deadline to file the Rule 26(f) report is November 7, 2022. The report must address the matters set out in Rules 16(b)(3)(A), 26(f)(2), and 26(f)(3), and may address any other scheduling or case-management issue.

3. Unless a change is agreed to by all parties and set out in the Rule 26(f) report, or a change is ordered by the court, these are the deadlines for Rule 26 disclosures:

> (1) for 26(a)(1) disclosures, 14 days after the 26(f) attorney conference;
>
> (2) for 26(a)(2) disclosures, the deadlines set out in Rule 26(a)(2)(D);
>
> (3) for 26(a)(3) disclosures, the deadline set in an order for pretrial conference to be entered later or, if no such order is entered, the deadline set out in Rule 26(a)(3)(B).

4. Absent good cause set out in the 26(f) report, the discovery deadline will be April 24, 2023, and the trial will occur during the two-week period that begins on August 7, 2023. These dates will be moved *earlier* if all parties so request. The parties should not request a *delay* of these dates except for good cause. A conflict with the trial date is ordinarily good cause. That an attorney will be busy on other matters between now and then ordinarily is not good cause.

5. The parties must confer on whether to consent to have a magistrate judge preside over the entire case. The 26(f) report must confirm that the parties have

conferred on this issue but must not set out the parties' positions unless all parties consent to have a magistrate judge preside.

6. Discovery materials and Rule 26(a)(1) and (2) disclosures must be served but must not be filed except for the reasons listed in Local Rule 26.1(A).

SO ORDERED on September 22, 2022.

s/Robert L. Hinkle  
United States District Judge