THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
Tallahassee Division

AUGUST DEKKER, et al.,

    *Plaintiffs*,

v.

SIMONE MARSTILLER, et al.,

    *Defendants*.

Case No. 4:22-cv-00325-RH-MAF

**PLAINTIFFS' MOTION FOR AN ORDER EXCLUDING TESTIMONY AND/OR TO DISCLOSE THE IDENTITY OF DECLARANTS AND <u>INCORPORATED MEMORANDUM OF LAW</u>**

Pursuant to Federal Rules of Evidence 402, 403, and 701, Plaintiffs hereby move for an order excluding the declarations of Defendants' non-expert witnesses submitted in Response to Plaintiffs' Motion for Preliminary Injunction, or, as an alternative, an order requiring Defendants to provide the identities of its pseudonymous non-expert witnesses.

**I.    INTRODUCTION**

Plaintiffs filed their Motion for Preliminary Injunction (ECF 11) on September 12, 2022 (the "Motion") regarding Defendants' newly created rule, Fla. Admin. Code R. 59G-1.050(7), which deems gender-affirming care medically unnecessary for all individuals diagnosed with gender dysphoria regardless of the

advice of their treating medical professionals. In response, Defendants proffer numerous declarations of non-expert witnesses, each of whom either offer testimony as to their own anecdotal experience with gender-affirming care or their unqualified opinions regarding the efficacy of the same.  These declarations were proffered in support of Defendants' position that gender-affirming care is medically unnecessary and experimental. This irrelevant and medically unsupported testimony is inadmissible.

Defendants have also failed to provide the identities of two of the declarants, C.G. and Jeanne Crowley (attachments 13 and 22 to Defendants' Appendix, also filed ECF 53-22 and 53-31), despite having never filed a motion with this Court to proceed with pseudonymous declarants.  Plaintiffs have repeatedly requested the identities of the two declarants at issue and even agreed to keep their information confidential until Defendants could file and obtain a ruling on a motion to proceed pseudonymously but they continue to refuse to provide their actual identities.[1] The

---

[1] Following Plaintiffs' requests for the pseudonymous declarants' true identities, Defendants offered to provide such identities only after a protective order was in place. But Defendants put the cart before the horse. There is no protective order to agree to if there is no leave to proceed pseudonymously.  Defendants have not articulated before this Court or to Plaintiffs' counsel *why* these declarants should be allowed to proceed pseudonymously.  In any event, even if leave was granted, Plaintiffs' counsel would be entitled to know their identities and, as stated herein, Plaintiffs agreed to keep the pseudonymous declarants' identities confidential until Defendants could obtain a ruling on a motion to proceed pseudonymously.

failure to provide these two declarants' actual identities has and continues to prejudice Plaintiffs, as they cannot properly respond to their testimony or otherwise conduct their due diligence in preparing for the preliminary injunction hearing scheduled on October 12, 2022, less than 5 days from now.  Thus, as to these two declarants, C.G. and Jeanne Crowley, this Court should either exclude their testimony entirely or, at a minimum, require Defendants to disclose their identities.

Moreover, as to all the lay witness declarants, the Court should exclude their declarations based on prejudice and lack of relevance. (Attachments 13-22 of Defendants' Appendix, also filed as ECF 53-22 to 31). While this Court is vested with broad discretion in admission of non-expert witness testimony, the general rule is that opinion testimony of non-expert witnesses should be excluded. *Montag by Montag v. Honda Motor Co., Ltd.,* 75 F.3d 1414, 1420–21 (10th Cir. 1996). Moreover, lay witness testimony regarding specialized knowledge is readily excludable. *Democratic Party Washington State v. Reed*, No. C00-5419FDB, 2002 WL 32925223, at *15 (W.D. Wash. Mar. 27, 2002); *United States v. Articles of Food & Drug*, 444 F. Supp. 266, 272 (E.D. Wis. 1977).

## II.  STATEMENT OF FACTS

Defendants submitted declarations from a host of non-expert lay witnesses who are active opponents of gender-affirming care to support their Response in Opposition to the Motion for a Preliminary Injunction.  These witnesses consist of

both "de-transitioners"[2] and parents of persons who received some form of gender-affirming care—two of whom are parents who do not support their transgender adult children's transgender identification.[3] (Redacted Defendants' Appendix to Response in Opposition to Motion for Preliminary Injunction ("App.") at 871-935). All of them are from out-of-state, except for one (Julie Framingham). Of the declarants, two proceed under pseudonyms: C.G., a detransitioner, and Jeanne Crowley, a parent of someone who received gender-affirming care. C.G. and Mrs. Crowley are both adults.

While each of these declarants may have anecdotal personal experiences, none of their experiences are relevant to whether the Challenged Exclusion violates the Equal Protection Clause or the Affordable Care Act's nondiscrimination provision, nor do they aide the Court in determining whether Defendants adhered to appropriate processes in formulating the Challenged Exclusion[4] or whether the Challenged Rule is a mere pretext and has no rational relationship to the safety of the citizens of the state of Florida as alleged.

---

[2] Defendants submitted the following declarations from detransitioners regarding their experiences and concerns with gender-affirming care: "C.G." (App. at 871); Camille Kiefel (*id.* at 878); Carol Freitas (*id.* at 885); Chloe Cole (*id.* at 892); Kathy Grace Duncan (*id.* at 900); Sydney Wright (*id.* at 905); and Zoe Hawes (*id.* at 912).

[3] Defendants offer the declarations from family members of gender-affirming care patients: Yaacov Sheinfeld (*id.* at 919); Julie Framingham (*id.* at 925); and Jeanne Crowley (*id.* at 931).

### III. ARGUMENT

Plaintiffs request that this Court exclude the inflammatory, irrelevant, and unqualified declarations of Defendants' non-expert witnesses. Such exclusion is appropriate here, as these declarations' probative value is "substantially outweighed by a danger of … unfair prejudice, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. This prejudice is exacerbated by Defendants' refusal to even identify two of their non-expert witnesses, preventing Plaintiffs from properly opposing their testimony. The testimony merely introduces anecdotal beliefs and conjecture into the record from those who, based on the submissions, are not Florida residents or Florida Medicaid recipients. (*See* ECF 53-22 to ECF 53-31). They are likewise not parties to this action and cannot attest to the harm that Plaintiffs here will suffer if the Challenged Exclusion is not enjoined. Further, Defendants' experts have provided their opinions regarding the realities of gender-affirming care rendering these lay witnesses' views, which are not admissible under Rule 701, cumulative and unnecessary to reach the merits of the Motion.

    **a. Defendants' Non-Expert Declarations Are Wholly Anecdotal and Subject to Exclusion.**

"If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is: (a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue;

5

and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701.

Here, Defendants proffer declarations from detransitioners and parents of patients who have received gender-affirming care. The crux of these declarations is that gender-affirming care is harmful and experimental. While this Court is vested with broad discretion in admission of non-expert witness testimony, the general rule is that opinion testimony of non-expert witnesses should be excluded. *Montag by Montag v. Honda Motor Co., Ltd.*, 75 F.3d 1414, 1420–21 (10th Cir. 1996).

Beyond that, non-expert testimony is especially inappropriate when the witnesses are not "simply testifying to ordinary matters within the realm of common experience, such as the appearance of persons or things …." *Democratic Party Washington State v. Reed*, No. C00-5419FDB, 2002 WL 32925223, at *15 (W.D. Wash. Mar. 27, 2002). Instead, "these witnesses are giving their opinions, based on their purported experience and specialized knowledge, about the ultimate issues in the case." *Id.* In fact,

> [t]he danger here is that rather than the factual underpinnings consisting of empirical data, the witnesses' conclusions are supported by their experience (an amorphous matter in most cases), isolated anecdotal evidence, or belief. This kind of evidence going to critical aspects of this case does not make for proper opinion testimony—lay or expert—and it must be excluded.

*Id*; *see also United States v. Articles of Food & Drug*, 444 F. Supp. 266, 272 (E.D.

6

Wis. 1977) ("Anecdotal and testimonial evidence as to cures or effects of treatments on cancer victims as described by lay persons … is not probative or substantial evidence of the safety and efficacy of cancer treatments.").

All but one of the non-expert witnesses are from out-of-state. They have no knowledge of how gender-affirming care has been provided or covered for transgender Medicaid beneficiaries like Plaintiffs. They have absolutely no stake on the outcome of this case, and their testimony has no bearing on the issues. If anything, these declarants' out-of-state provenance illustrates the activist, ideological nature of their testimony. This case is not the forum for such ideological grandstanding, however.

Plaintiffs recognize that (unfortunately) the issue at hand lends itself to polarizing views and sometimes caustic opposition, but Defendants' non-expert declarations flood this Court with testimony of no relevance and of the lowest reliability. This is particularly true, where, as here, the issue presented is a legal matter for this Court that should not be muddied by the declarants unqualified opinions (as opposed to the opinions of those with expertise in rendering gender-affirming care).

### b. Defendants' Pseudonymous Declarations Should Be Separately Stricken for Their Own Reasons.

Defendants' non-expert declarants C.G. and Jeanne Crowley proceed under pseudonyms. Though this procedure is commonplace among minors and their

plaintiff-guardians for privacy reasons, neither declaration here offers any good reason for pseudonymity. Although the parties engaged in a protracted meet and confer, during which Plaintiffs offered to maintain the declarants' identities in confidence until this Court could address the issue, Defendants have refused to provide that information. This refusal has prevented Plaintiffs from properly responding to at least the testimony contained in these two declarations. Defendants have still not filed an appropriate motion to keep their identities hidden and have likewise failed to withdraw the declarations.

"A *party* may proceed anonymously in a civil suit in federal court by showing that she has a substantial privacy right which outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Plaintiff B. v. Francis*, 631 F.3d 1310, 1315-16 (11th Cir. 2011) (cleaned up) (emphasis added). C.G. is an adult whose identity is not protected by Fed. R. Civ. P. 5.2 and who does not articulate why his identity should be kept confidential. Similarly, Ms. Crowley is an adult who fails articulate why her identity should be kept confidential beyond her desire to protect her and her family's privacy, and her declaration is entirely vague, failing to provide sufficient information for Plaintiffs to determine whether her child is an adult or a minor. Specifically, Mrs. Crowley declares that she authorized gender-affirming care for her "pre-teen" child, but Mrs. Crowley fails to allege when such care was provided or what age her child is now.

Mrs. Crowley is not entitled to a presumption that she speaks on behalf of or regarding a minor without specifically alleging as much. Indeed, it may be that her child has an entirely different view of the care that they received. Plaintiffs are thus prevented from further analyzing the testimony because of Defendants' refusal to provide their identities.

Neither C.G. nor Mrs. Crowley are parties forced to litigate their rights. Both adults submitted their declarations voluntarily to pursue their cause against gender-affirming care. It cannot be the law that one voluntarily can testify under penalty of perjury, binding other parties to the consequences of that testimony, without providing any basis from which one may scrutinize the declarant. Moreso, when these declarants come from out-of-state to testify against the rights of others.

## IV. CONCLUSION

For the reasons stated above, Plaintiffs respectfully request that this Court exclude each of Defendants' non-expert declarations, or, in the alternative, exclude those declarations by pseudonymous declarants. At a minimum, Plaintiffs request that this Court compel Defendants to identify the two declarants who have not been identified.

Respectfully submitted this 7th day of October 2022.

**PILLSBURY WINTHROP SHAW PITTMAN, LLP**

By: */s/ Jennifer Altman*
**Jennifer Altman** (Fl. Bar No. 881384)
**Shani Rivaux** (Fl. Bar No. 42095)
600 Brickell Avenue, Suite 3100
Miami, FL 33131
(786) 913-4900
jennifer.altman@pillsbury.com
shani.rivaux@pillsbury.com

**William C. Miller***
**Gary J. Shaw***
1200 17th Street N.W.
Washington, D.C. 20036
(202) 663-8000
william.c.miller@pillsburylaw.com
gary.shaw@pillsburylaw.com

**Joe Little***
500 Capitol Mall, Suite 1800
Sacramento, CA 95814
(916) 329-4700
joe.little@pillsburylaw.com

**NATIONAL HEALTH LAW PROGRAM**

By: */s/ Abigail Coursolle*
**Abigail Coursolle***
3701 Wilshire Boulevard, Suite 315
Los Angeles, CA 90010
(310) 736-1652
coursolle@healthlaw.org

**Catherine McKee***
1512 E. Franklin Street, Suite 110
Chapel Hill, NC 27541
(919) 968-6308
mckee@healthlaw.org

**LAMBDA LEGAL DEFENSE AND EDUCATION FUND, INC.**

By: */s/ Omar Gonzalez-Pagan*
**Omar Gonzalez-Pagan***
120 Wall Street, 19th Floor
New York, NY 10005
(212) 809-8585
ogonzalez-pagan@lambdalegal.org

**Carl S. Charles***
1 West Court Square, Suite 105
Decatur, GA 30030
(404) 897-1880
ccharles@lambdalegal.org

**SOUTHERN LEGAL COUNSEL, INC.**

By: */s/ Simone Chriss*
**Simone Chriss** (Fl. Bar No. 124062)
**Chelsea Dunn** (Fl. Bar No. 1013541)
1229 NW 12th Avenue
Gainesville, FL 32601
(352) 271-8890
Simone.Chriss@southernlegal.org
Chelsea.Dunn@southernlegal.org

**FLORIDA HEALTH JUSTICE PROJECT**

By: */s/ Katy DeBriere*
**Katy DeBriere** (Fl. Bar No. 58506)
3900 Richmond Street
Jacksonville, FL 32205
(352) 278-6059
debriere@floridahealthjustice.org

* *Admitted pro hac vice.*

## CERTIFICATE OF WORD COUNT

According to Microsoft Word, the word-processing system used to prepare this Motion and Memorandum, there are 1,955 total words contained within the Motion and Incorporated Memorandum of Law.

*/s/ Jennifer Altman*
Jennifer Altman

## CERTIFICATE OF SATISFACTION OF
## ATTORNEY-CONFERENCE REQUIREMENT

Pursuant to Local Rule 7.1(B), counsel for the Plaintiffs conferred with counsel for the Defendants on October 4, 5, and 6, 2022. Counsel for Defendants indicated that Defendants oppose the relief sought.

## CERTIFICATE OF SERVICE

I hereby certify that, on October 7, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.

*/s/ Jennifer Altman*
Jennifer Altman