IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

AUGUST DEKKER, et al.,

    Plaintiffs,

v.                                        Case No. 4:22-cv-00325-RH-MAF

SIMONE MARSTILLER, et al.,

    Defendants.
_____/

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR AN ORDER EXCLUDING TESTIMONY AND/OR TO DISCLOSE THE IDENTITY OF DECLARANTS AND INCORPORATED MEMORANDUM OF LAW**

Defendants respond in opposition to Plaintiffs' motion to exclude non-witness declarations. Plaintiffs also moved for an order requiring Defendants to disclose the identity of two declarants (C.G. and Jeanne Crowley) who submitted their declarations pseudonymously, but Defendants hereby withdraw those declarations, rendering that part of the motion moot.

## Background

With their response in opposition to Plaintiffs' motion for protective order, Defendants submitted declarations of lay witnesses who have detransitioned after receiving the types of gender dysphoria treatments that are the subject of the rule in question, as well as declarations of parents of individuals who have undergone such treatments. Attached to this response, for this Court's convenience, are those

declarations. Specifically, as to the detransitioners, Defendants elicited the factual testimony of the following witnesses (excluding "C.G"):

1. **Camille Kiefel** (App.878) describes her experience with "female to non-binary" "top surgery" paid for by Medicaid. She documents the complications she experienced as a result of such surgery, as well as her regret for not being able to breastfeed if she has children, as she now desires.

2. **Carol Freitas** (App.885) describes her experience with testosterone, despite having been given any information about potential side effects, and her subsequent decision not to transition.

3. **Chloe Cole** (App.892), who spoke at the Agency for Health Care Administration's rulemaking hearing on July 8, 2022, describes her experience with puberty blockers and testosterone beginning at age 13 (and resulting side-effects), her experience undergoing a double mastectomy at age 15 (and resulting complications), and her regrets, including potential infertility.

4. **Kathy Grace Duncan** (App.900) describes her experience with testosterone and a double mastectomy without undergoing mental health treatment, as well as her return to female identity.

5. **Sydney Wright** (App.905) describes how she was prescribed testosterone without any questions concerning her medical history or past or present physical conditions or symptoms, as well as the severe complications that resulted from such treatment.

6. **Zoe Hawes** (App.912) is a 23-year-old wife and expectant mother. She stated that she would not be an expectant mother, if Medicaid in her State funded surgical treatment for gender dysphoria. She describes her experience with testosterone beginning at the age of 16 and her improvement after deciding to forego such treatment at the age of 20.

As to the parents, Defendants elicited the factual testimony of the following witnesses (excluding Jeanne Crowley):

1. **Yaacov Sheinfeld** (App.919) describes his experience with a daughter who had a double mastectomy at the age of 19, as well as testosterone treatment. He describes his grief at losing his daughter to suicide, notwithstanding her transition after being diagnosed with gender dysphoria.

2. **Julie Framingham** (App.925), a Floridian, describes her son's gender dysphoria treatment and the consequence of him not being treated for borderline personality disorder.

## Argument

Because Defendants withdraw the two pseudonymous declarations, Plaintiffs' motion only concerns the declarations of detransitioners and parents. Plaintiffs seek to exclude these declarations under Rules 402, 403, and 701 of the Federal Rules of Evidence. None of these rules, however, require exclusion.

Rule 402 concerns the relevancy of evidence. Fed. R. Evid. 402. "Evidence is relevant if it has any tendency to make a fact more or less probable than it would be

3

without the evidence and the fact is of consequence in determining the action." Fed. R. Evid. 401 (cleaned up). Relevancy is a decidedly "low bar." *United States v. Chukwu*, 842 F. App'x 314, 319 (11th Cir. 2021) (referencing *United States v. Tinoco*, 304 F.3d 1088, 1120 (11th Cir. 2003)). The declarations easily exceed that bar.

Contrary to Plaintiffs' arguments, the declarations, as outlined above, consist of first-hand, factual accounts of the declarants' experience with the gender dysphoria treatments that are the subject of the rule at issue. They are not merely anecdotal, and such accounts have a direct bearing on key issues in this proceeding.

Specifically, the detransitioners' testimony tends to show that transgender identity is not immutable and, therefore, cannot be the subject of an equal protection claim. *See, e.g.*, *Segovia v. United States*, 880 F.3d 384, 390 (7th Cir. 2018) (holding that the Equal Protection Clause does not protect individuals based on their current geographic location, because the "current condition is not immutable"); *Pemberthy v. Beyer*, 19 F.3d 857, 871 (3d Cir. 1994) (Alito, J.) (holding that the Equal Protection Clause does not generally protect individuals based on their linguistic ability, because "linguistic ability is not immutable").

Additionally, the testimony of both the detransitioners and parents support one of the key conclusions underlying the rule at issue—that the treatments for gender dysphoria are not effective.

Relevancy does not require all of the declarants to live in Florida. Individuals who suffer from gender dysphoria, who identify as transgender, and who receive

4

Plaintiffs' preferred treatments for gender dysphoria, live nationwide. Just because they may live in California, Oklahoma, or New Jersey does not mean that their experiences or treatments are unique or differ from those living in Florida. Thus, the declarations are clearly relevant.

Rule 403 allows a district court to exclude relevant evidence "if its probative value is substantially outweighed by a danger of" "unfair prejudice," "undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. That rule is "an extraordinary remedy which should be used only sparingly." *Chukwu*, 842 F. App'x at 319 (cleaned up). The evidence must be viewed "in a light most favorable to its admission, maximizing its probative value and minimizing its undue prejudicial impact." *United States v. Shabazz*, 887 F.3d 1204, 1216 (11th Cir. 2018) (cleaned up). "The balance under" Rule 403 "should be struck in favor of admissibility." *United States v. Norton*, 867 F.2d 1354, 1361 (11th Cir. 1989).

Like Rule 401, Rule 403 is also met here. The declarations cause no prejudice at all to Plaintiffs. Just as the four individual Plaintiffs share their experiences with gender dysphoria, transgenderism, and treatments for gender dysphoria, so do the declarations of the detransitioners and parents. In fact, the individual Plaintiffs' declarations sweep more broadly: they discuss the experiences of transgender individuals throughout the State of Florida and how the rule affects them. *See, e.g.*, Doc.11-6 ¶ 29; Doc.11-7 ¶¶ 18, 21-22; Doc.11-8 ¶ 31.

Finally, Rule 701 is similarly met. It allows a lay witness to offer opinions that are (1) "rationally based on the witness's perception," (2) "helpful to clearly understanding the witness's testimony or to determining a fact in issue," and (3) "not based on scientific, technical, or other specialized knowledge." Fed. R. Evid. 701.

These criteria are satisfied here. The detransitioners and parents are speaking about their own experiences with gender dysphoria, transgenderism, and treatments for gender dysphoria—all relevant information in this case. Their testimony is helpful because it shows that gender dysphoria and transgender status is not immutable, and it shows that Plaintiffs' preferred treatments are not effective. And their testimony is not based on scientific or technical knowledge.

Thus, Rules 402, 403, and 701 do not require exclusion.

## Conclusion

Defendants withdraw the two pseudonymous declarations. Even so, the remainder of Plaintiffs' motion should be denied.

Respectfully submitted,

Dated: October 10, 2022

/s/ Mohammad O. Jazil
Mohammad O. Jazil (FBN 72556)
Gary V. Perko (FBN 855898)
Michael Beato (FBN 1017715)
mjazil@holtzmanvogel.com
gperko@holtzmanvogel.com
mbeato@holtzmanvogel.com
HOLTZMAN VOGEL BARAN
TORCHINSKY & JOSEFIAK PLLC
119 S. Monroe St., Suite 500
Tallahassee, FL 32301

6

(850) 270-5938
*Counsel for Secretary Marstiller and the*
*Agency for Health Care Administration*

## **LOCAL RULE CERTIFICATIONS**

The undersigned certifies that this memorandum contains 1,196 words, excluding the case style and certifications.

/s/ Mohammad O. Jazil
Mohammad O. Jazil

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 10, 2022, I electronically filed the foregoing with the Clerk of Court by using CM/ECF, which automatically serves all counsel of record for the parties who have appeared.

/s/ Mohammad O. Jazil
Mohammad O. Jazil