IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

AUGUST DEKKER, et al.,

     Plaintiffs,

v.                                 Case No. 4:22-cv-00325-RH-MAF

SIMONE MARSTILLER, et al.,

     Defendants.

_____/

## **ANSWER**

Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendants, SIMONE MARSTILLER, in her official capacity as Secretary of the Florida Agency of Health Care Administration, and the FLORIDA AGENCY FOR HEALTH CARE ADMINISTRATION hereby answer the allegations of the Complaint filed by Plaintiffs, August Dekker, legally known as Kori Dekker, BRIT ROTHSTEIN, SUSAN DOE, a minor, by and through her parents and next friends, JANE DOE and JOHN DOE, and K.F., a minor by and through his parent and next friend, JADE LADUE. The numbered Paragraphs of this Answer correspond to the numbered Paragraphs of the Complaint. Defendants deny any and all allegations of the Complaint, whether express or implied, that are not specifically admitted, qualified, or denied by this Answer. The headings included in the Complaint are quoted for consistency and ease of reference only and any allegations in the headings are specifically denied.

## **INTRODUCTION**

1.      The first sentence of Paragraph 1 states Plaintiffs' legal position and therefore requires no response.  Defendants deny the second and third sentence of this Paragraph.

2.      Denied.

3.      Admitted that the Agency for Health Care Administration adopted Rule 59G-1.050(7).  The remaining allegations and conclusions, as well as the characterizations of Rule 59G-1.050(7), contained in Paragraph 3 are denied.

4.      Denied.

5.      Defendants admit the allegation in the first sentence of Paragraph 5, but deny the allegations in the second sentence.

6.      Denied.

7.      Denied.

8.      Denied.

9.      Denied.

10.      Denied.

11.      Denied.

12.      Paragraph 12 contains Plaintiffs' description of the relief requested in this lawsuit; therefore no response is required.

A.    <u>**Plaintiffs**</u>

*Plaintiff August Dekker*

13.    Defendants lack information or knowledge sufficient to formulate an opinion as to the truth of the allegations in Paragraph 13 and on that basis deny them.

*Plaintiff Brit Rothstein*

14.    Defendants lack information or knowledge sufficient to formulate an opinion as to the truth of the allegations in Paragraph 14 and on that basis deny them.

*Plaintiff Susan Doe*

15.    Defendants lack information or knowledge sufficient to formulate an opinion as to the truth of the allegations in Paragraph 15 and on that basis deny them.

*Plaintiff K.F.*

16.    Defendants lack information or knowledge sufficient to formulate an opinion as to the truth of the allegations in Paragraph 16 and on that basis deny them.

B.    <u>**Defendants**</u>

17.    Admitted.

18.    Admitted.

<u>**JURISDICTION AND VENUE**</u>

19.    Admitted.

20.    Defendants deny that Plaintiffs are entitled to declaratory or injunctive relief.

21.    Admitted.

3

22.    Admitted.

## **FACTUAL BACKGROUND**

23.    Denied.

24.    Denied.

25.    Admitted that some individuals experience incongruence between their sex and their perception of themselves; otherwise denied.

26.    Denied.

27.    Admitted.

28.    Denied.

29.    Defendants lack information or knowledge sufficient to formulate an opinion as to the truth of the allegations in Paragraph 29 and on that basis deny them.

30.    Denied.

31.    Denied.

32.    Denied.

33.    Denied.

34.    Admitted to the extent that gender dysphoria is a mental condition; otherwise denied.

35.    Defendants deny that the listed medical and mental health groups are "leading"; otherwise admitted.

36.    Denied.

37.    Denied.

38.     Denied.

39.     Denied.

40.     Admitted as to the position of WPATH and Endocrine Society.  Denied that the treatments referenced in Paragraph 40 are medically necessary.

41.     Denied.

42.     Denied.

43.     Admitted that some transgender individuals pursue legal transition.  The characterization of "many" is vague and therefore denied.

44.     Denied.

45.     Denied that hormone therapy and surgery are medically necessary treatments for gender dysphoria.

46.     Denied.

47.     The WPATH Standards of Care speak for themselves.  Defendants deny the allegation in the first sentence of this Paragraph that medical interventions are medically necessary and appropriate after transgender youth reach puberty. Defendants deny the allegations in the second sentence as a categorial description of how gender dysphoria is treated in every case.

48.     Defendants deny that puberty delaying medications minimizes and potentially prevents any heightened gender dysphoria associated with puberty.

49.     Defendants deny the allegations of this Paragraph to the extent they are contrary to the Agency for Healthcare Administration's ("AHCA's") Generally

Accepted Professional Medical Standards Determination for Gender Dysphoria ("GAPMS Determination").

50.  Denied.

51.  Admitted that surgery might be sought by transgender people after puberty; otherwise denied.

52.  Denied.

53.  Denied.

54.  Denied.

55.  Denied.

56.  Defendants lack information or knowledge sufficient to formulate an opinion as to the truth of the allegations in Paragraph 56 and on that basis deny them.

57.  Denied.

**B.    The Medicaid Act and Florida's Medicaid Program**

      **i.    <u>Medicaid Coverage</u>**

58.  The statutory provisions cited in Paragraph 58 speak for themselves, and all allegations inconsistent with their terms are denied.  Otherwise denied.

59.  The statutory provision cited in Paragraph 59 speaks for itself, and all allegations inconsistent with its terms are denied.  Otherwise denied.

60.  The statutory provisions cited in Paragraph 60 speak for themselves, and all allegations inconsistent with their terms are denied.  Otherwise denied.

61.     The statutory provision and regulations cited in Paragraph 61 speak for themselves, and all allegations inconsistent with their terms are denied.   Otherwise denied.

62.     The statutory provision cited in Paragraph 62 speaks for itself, and all allegations inconsistent with its terms are denied.   Otherwise denied.

63.     The statutory provision cited in Paragraph 63 speaks for itself, and all allegations inconsistent with its terms are denied.   Otherwise denied.

64.     The statutory provisions cited in Paragraph 64 speak for themselves, and all allegations inconsistent with their terms are denied.   Otherwise denied.

65.     The statutory provision cited in Paragraph 65 speak for itself, and all allegations inconsistent with its terms are denied.   Otherwise denied.

### ii.     The Medicaid EPSDT Requirements

66.     The statutory provisions cited in Paragraph 66 speak for themselves, and all allegations inconsistent with their terms are denied.   Otherwise denied.

67.     . The statutory provisions cited in Paragraph 67 speak for themselves, and all allegations inconsistent with their terms are denied.   Otherwise denied.

68.     The federal regulatory guidance cited in Paragraph 68 speak for itself, and all allegations inconsistent with its terms are denied.   Otherwise denied.

69.     The statutory provisions cited in Paragraph 69 speak for themselves, and all allegations inconsistent with their terms are denied.   Otherwise denied.

70.     The statutory provisions cited in Paragraph 70 speak for themselves, and all allegations inconsistent with their terms are denied.  Otherwise denied.

71.     The statutory provisions cited in Paragraph 71 speak for themselves, and all allegations inconsistent with their terms are denied.  Otherwise denied.

72.     The statutory provisions cited in Paragraph 72 speak for themselves, and all allegations inconsistent with their terms are denied.  Otherwise denied.

73.     The statutory provision cited in Paragraph 73 speaks for itself, and all allegations inconsistent with its terms are denied.  Otherwise denied.

74.     The regulation cited in Paragraph 74 speaks for itself, and all allegations inconsistent with its terms are denied.  Otherwise denied.

### iii.     The Medicaid Comparability Requirements

75.     The statutory provision cited in Paragraph 75 speaks for itself, and all allegations inconsistent with its terms are denied.  Otherwise denied.

76.     The regulation cited in Paragraph 76 speaks for itself, and all allegations inconsistent with its terms are denied.  Otherwise denied.

77.     The regulation cited in Paragraph 77 speaks for itself, and all allegations inconsistent with its terms are denied.  Otherwise denied.

### iv.     Florida's Medicaid Program

78.     The statutory provision and regulations cited in Paragraph 78 speak for themselves, and all allegations inconsistent with their terms are denied.  Otherwise denied.

8

79.    The statutory provision cited in Paragraph 79 speaks for itself, and all allegations inconsistent with its terms are denied.  Otherwise denied.

80.    The federal register provisions cited in Paragraph 80 speak for themselves, and all allegations inconsistent with their terms are denied.  Otherwise denied.

81.    The regulations cited in Paragraph 81 speak for themselves, and all allegations inconsistent with their terms are denied.  Otherwise denied.

82.    The regulations cited in Paragraph 82 speak for themselves, and all allegations inconsistent with their terms are denied.  Otherwise denied.

83.    The regulation cited in Paragraph 83 speaks for itself, and all allegations inconsistent with its terms are denied.  Otherwise denied.

84.    Admitted that Rule 59G-1.050, F.A.C. as amended became effective August 21, 2022.  Otherwise, denied.

85.    Admitted that Rule 59G-1.050, F.A.C. as amended became effective August 21, 2022. Otherwise, denied.

**C.    Defendants adopt the Challenged Exclusion and Target Transgender Medicaid Beneficiaries for Discrimination. (DENIED)**

86.    Denied that the Florida Department of Health ("FDOH") guidelines are "misleading and factually inaccurate"; otherwise admitted.

87.    Admitted that the FDOH guidelines are non-binding; otherwise denied.

88.    Admitted.

89.     Defendants lack information or knowledge sufficient to formulate an opinion as to the truth of the allegations in Paragraph 89 and on that basis deny them.

90.     The referenced letter to the editor speaks for itself. Defendants deny the substance of the quoted statements.

91.     The referenced letter to the editor speaks for itself. Defendants deny that "[t]hese national and international guidelines are the result of careful deliberation and examination of the evidence by experts, including pediatricians, endocrinologists, psychologists and psychiatrists."

92.     Admitted.

93.     Denied.

94.     Denied.

95.     Admitted that AHCA published the GAPMS Determination on June 2, 2022. Denied that AHCA published a "political" webpage with "misleading 'fact-checking' of HHS's guidance" or any "false assertions."

96.     Denied that the GAPMS Determination included "wrong[]" conclusions; otherwise admitted.

97.     Denied that scare quotes should be used for the term "'assessments.'" Otherwise, admitted.

98.     Denied.

99.     Admitted that the GAPMS Determination included an expert report by Dr. Quentin Van Meter; otherwise argumentative and denied.

100.    Admitted that the GAPMS Determination included an expert report by Dr. James Cantor.  The referenced judicial decision speaks for itself.

101.    Admitted that the GAPMS Determination included an assessment by Dr. Romina Brignardello-Peterson.   Admitted that Dr. Brigardello has no experience treating gender dysphoria. Defendants lack information or knowledge sufficient to formulate an opinion as to the truth of the remaining allegations in Paragraph 101 and on that basis deny them.

102.    Admitted that the GAPMS Determination included an assessment by Dr. Patrick Lappert. The referenced judicial decision speaks for itself.

103.    Admitted.

104.    Denied that the Proposed Rule "goes beyond" FDOH Guidance, which does not deal with Medicaid coverage; otherwise admitted that the rule denies Medicaid coverage for certain treatments for gender dysphoria.

105.    Denied that "thousands" of comments were submitted by individuals, organizations, and medical professionals in opposition to the rule.  Comments were submitted by a total of approximately 1,300 individuals, organizations and medical professionals both in support and in opposition to the Proposed Rule.

106.    Admitted.

107.    Admitted that the hearing was set for 3:00 p.m., on Friday, July 8, 2022, and that it featured a panel of experts; otherwise denied.

108.    Denied.

11

109.   Defendants lack information or knowledge sufficient to formulate an opinion as to the truth of the allegations in Paragraph 109 and on that basis deny them.

110.   Defendants lack information or knowledge sufficient to formulate an opinion as to the truth of the allegations in Paragraph 110 and on that basis deny them.

111.   Defendants deny that any participants at the public hearing were "flown in from out of state" or "bussed" in by AHCA or that AHCA "allowed" stickers to be passed out. Defendants lack information or knowledge sufficient to formulate an opinion as to the truth of the allegations in Paragraph 111 and on that basis deny them.

112.   Denied that "thousands" of written comments were submitted in opposition to the rule.  Comments were submitted by a total of approximately 1,300 individuals and organizations both in support and in opposition to the Proposed Rule. Denied that the nature of the proceedings was biased. Admitted that written comments were submitted and that individuals testified at the public hearing both in support and in opposition to the proposed rule; otherwise denied.

113.   Admitted that comments were submitted by a group of professors from Yale Law School, the Yale School of Medication, University of Texas Southwestern, and the University of Alabama at Birmingham.  Denied that those comments refuted conclusions behind the GAPMS Determination or that any such conclusions are unscientific.

114.   The referenced comments speak for themselves.  Defendants deny the conclusions of the comments as summarized in Paragraph 114.

115.    Admitted that the group of professors submitted a report entitled "A Critical Review of the June 2022 Florida Medicaid Report on the Medical Treatment of Gender Dysphoria."  The document speaks for itself, but Defendants deny that the GAPMS Determination is misleading.

116.    The comments of the American Academy of Pediatrics speak for themselves.  Defendants deny the substance of the comments and any allegation that the GAPMS Determination was issued for "discriminatory reasons."

117.    The comments of the Endocrine Society speak for themselves. Defendants deny the substance of the comments.

118.    Any interviews with researchers speak for themselves.  Defendants deny that Defendants misinterpreted or misrepresented any studies to justify the GAPMS Determination.

119.    Admitted that the Proposed Rule was filed for final adoption on August 1, 2022.  Defendants deny the remaining allegations of this Paragraph.

120.    Admitted.

121.    Admitted.

122.    Denied.

123.    Denied that there is an established scientific and medical consensus that the four specified services are frequently medically necessary, safe, and effective for treating gender dysphoria. Defendants deny all other allegations in this Paragraph.

124.    Denied.

13

125.   Denied.

126.   Admitted that some of these events occurred although they are mischaracterized; denied that any were related to the GAPMS Determination.

127.   Denied.

**D.    The Plaintiffs**

*Plaintiff August Dekker*

128.   Defendants lack information or knowledge sufficient to formulate an opinion as to the truth of the allegations in this Paragraph and on that basis deny them.

129.   Defendants lack information or knowledge sufficient to formulate an opinion as to the truth of the allegations in this Paragraph and on that basis deny them.

130.   Defendants lack information or knowledge sufficient to formulate an opinion as to the truth of the allegations in this Paragraph and on that basis deny them.

131.   Defendants lack information or knowledge sufficient to formulate an opinion as to the truth of the allegations in this Paragraph and on that basis deny them.

132.   Defendants lack information or knowledge sufficient to formulate an opinion as to the truth of the allegations in this Paragraph and on that basis deny them.

133.   Defendants lack information or knowledge sufficient to formulate an opinion as to the truth of the allegations in this Paragraph and on that basis deny them.

134.   Defendants lack information or knowledge sufficient to formulate an opinion as to the truth of the allegations in this Paragraph and on that basis deny them.

135.    Defendants lack information or knowledge sufficient to formulate an opinion as to the truth of the allegations in this Paragraph and on that basis deny them.

136.    Defendants lack information or knowledge sufficient to formulate an opinion as to the truth of the allegations in this Paragraph and on that basis deny them.

137.    Defendants lack information or knowledge sufficient to formulate an opinion as to the truth of the allegations in this Paragraph and on that basis deny them.

138.    Defendants lack information or knowledge sufficient to formulate an opinion as to the truth of the allegations in this Paragraph and on that basis deny them.

139.    Defendants lack information or knowledge sufficient to formulate an opinion as to the truth of the allegations in this Paragraph and on that basis deny them.

140.    Defendants lack information or knowledge sufficient to formulate an opinion as to the truth of the allegations in this Paragraph and on that basis deny them.

141.    Defendants lack information or knowledge sufficient to formulate an opinion as to the truth of the allegations in this Paragraph and on that basis deny them.

142.    Defendants lack information or knowledge sufficient to formulate an opinion as to the truth of the allegations in this Paragraph and on that basis deny them.

143.    Defendants lack information or knowledge sufficient to formulate an opinion as to the truth of the allegations in this Paragraph and on that basis deny them.

144.    Defendants lack information or knowledge sufficient to formulate an opinion as to the truth of the allegations in this Paragraph and on that basis deny them.

145.    Defendants lack information or knowledge sufficient to formulate an opinion as to the truth of the allegations in this Paragraph and on that basis deny them.

146.    Defendants lack information or knowledge sufficient to formulate an opinion as to the truth of the allegations in this Paragraph and on that basis deny them.

147.    Defendants lack information or knowledge sufficient to formulate an opinion as to the truth of the allegations in this Paragraph and on that basis deny them.

148.    Defendants lack information or knowledge sufficient to formulate an opinion as to the truth of the allegations in this Paragraph and on that basis deny them.

149.    Defendants lack information or knowledge sufficient to formulate an opinion as to the truth of the allegations in this Paragraph and on that basis deny them.

150.    Denied.

*Plaintiff Brit Rothstein*

151.    Defendants lack information or knowledge sufficient to formulate an opinion as to the truth of the allegations in this Paragraph and on that basis deny them.

152.    Defendants lack information or knowledge sufficient to formulate an opinion as to the truth of the allegations in this Paragraph and on that basis deny them.

153.    Defendants lack information or knowledge sufficient to formulate an opinion as to the truth of the allegations in this Paragraph and on that basis deny them.

154.    Defendants lack information or knowledge sufficient to formulate an opinion as to the truth of the allegations in this Paragraph and on that basis deny them.

155.   Defendants lack information or knowledge sufficient to formulate an opinion as to the truth of the allegations in this Paragraph and on that basis deny them.

156.   Defendants lack information or knowledge sufficient to formulate an opinion as to the truth of the allegations in this Paragraph and on that basis deny them.

157.   Defendants lack information or knowledge sufficient to formulate an opinion as to the truth of the allegations in this Paragraph and on that basis deny them.

158.   Defendants lack information or knowledge sufficient to formulate an opinion as to the truth of the allegations in this Paragraph and on that basis deny them.

159.   Defendants lack information or knowledge sufficient to formulate an opinion as to the truth of the allegations in this Paragraph and on that basis deny them.

160.   Defendants lack information or knowledge sufficient to formulate an opinion as to the truth of the allegations in this Paragraph and on that basis deny them.

161.   Defendants lack information or knowledge sufficient to formulate an opinion as to the truth of the allegations in this Paragraph and on that basis deny them.

162.   Defendants lack information or knowledge sufficient to formulate an opinion as to the truth of the allegations in this Paragraph and on that basis deny them.

163.   Defendants lack information or knowledge sufficient to formulate an opinion as to the truth of the allegations in this Paragraph and on that basis deny them.

164.   Defendants lack information or knowledge sufficient to formulate an opinion as to the truth of the allegations in this Paragraph and on that basis deny them.

165.   Defendants lack information or knowledge sufficient to formulate an opinion as to the truth of the allegations in this Paragraph and on that basis deny them.

166.   Defendants lack information or knowledge sufficient to formulate an opinion as to the truth of the allegations in this Paragraph and on that basis deny them.

167.   Defendants lack information or knowledge sufficient to formulate an opinion as to the truth of the allegations in this Paragraph and on that basis deny them.

168.   Defendants lack information or knowledge sufficient to formulate an opinion as to the truth of the allegations in this Paragraph and on that basis deny them.

169.   Defendants lack information or knowledge sufficient to formulate an opinion as to the truth of the allegations in this Paragraph and on that basis deny them.

170.   Defendants lack information or knowledge sufficient to formulate an opinion as to the truth of the allegations in this Paragraph and on that basis deny them.

171.   Defendants lack information or knowledge sufficient to formulate an opinion as to the truth of the allegations in this Paragraph and on that basis deny them.

172.   Defendants lack information or knowledge sufficient to formulate an opinion as to the truth of the allegations in this Paragraph and on that basis deny them.

173.   Defendants lack information or knowledge sufficient to formulate an opinion as to the truth of the allegations in this Paragraph and on that basis deny them.

174.   Defendants lack information or knowledge sufficient to formulate an opinion as to the truth of the allegations in this Paragraph and on that basis deny them.

175.   Defendants lack information or knowledge sufficient to formulate an opinion as to the truth of the allegations in this Paragraph and on that basis deny them.

176.   Defendants lack information or knowledge sufficient to formulate an opinion as to the truth of the allegations in this Paragraph and on that basis deny them.

177.   Defendants lack information or knowledge sufficient to formulate an opinion as to the truth of the allegations in this Paragraph and on that basis deny them.

*Plaintiff Susan Doe*

178.   Defendants lack information or knowledge sufficient to formulate an opinion as to the truth of the allegations in this Paragraph and on that basis deny them.

179.   Defendants lack information or knowledge sufficient to formulate an opinion as to the truth of the allegations in this Paragraph and on that basis deny them.

180.   Defendants lack information or knowledge sufficient to formulate an opinion as to the truth of the allegations in this Paragraph and on that basis deny them.

181.   Defendants lack information or knowledge sufficient to formulate an opinion as to the truth of the allegations in this Paragraph and on that basis deny them.

182.   Defendants lack information or knowledge sufficient to formulate an opinion as to the truth of the allegations in this Paragraph and on that basis deny them.

183.   Defendants lack information or knowledge sufficient to formulate an opinion as to the truth of the allegations in this Paragraph and on that basis deny them.

184.   Defendants lack information or knowledge sufficient to formulate an opinion as to the truth of the allegations in this Paragraph and on that basis deny them.

185.   Defendants lack information or knowledge sufficient to formulate an opinion as to the truth of the allegations in this Paragraph and on that basis deny them.

186.   Defendants lack information or knowledge sufficient to formulate an opinion as to the truth of the allegations in this Paragraph and on that basis deny them.

187.   Defendants lack information or knowledge sufficient to formulate an opinion as to the truth of the allegations in this Paragraph and on that basis deny them.

188.   Defendants lack information or knowledge sufficient to formulate an opinion as to the truth of the allegations in this Paragraph and on that basis deny them.

189.   Defendants lack information or knowledge sufficient to formulate an opinion as to the truth of the allegations in this Paragraph and on that basis deny them.

190.   Defendants lack information or knowledge sufficient to formulate an opinion as to the truth of the allegations in this Paragraph and on that basis deny them.

191.   Defendants lack information or knowledge sufficient to formulate an opinion as to the truth of the allegations in this Paragraph and on that basis deny them.

192.   Defendants lack information or knowledge sufficient to formulate an opinion as to the truth of the allegations in this Paragraph and on that basis deny them.

193.   Defendants lack information or knowledge sufficient to formulate an opinion as to the truth of the allegations in this Paragraph and on that basis deny them.

194.   Defendants lack information or knowledge sufficient to formulate an opinion as to the truth of the allegations in this Paragraph and on that basis deny them.

195.   Defendants lack information or knowledge sufficient to formulate an opinion as to the truth of the allegations in this Paragraph and on that basis deny them.

196.   Defendants lack information or knowledge sufficient to formulate an opinion as to the truth of the allegations in this Paragraph and on that basis deny them.

197.   Defendants lack information or knowledge sufficient to formulate an opinion as to the truth of the allegations in this Paragraph and on that basis deny them.

198.   Defendants lack information or knowledge sufficient to formulate an opinion as to the truth of the allegations in this Paragraph and on that basis deny them.

199.   Defendants lack information or knowledge sufficient to formulate an opinion as to the truth of the allegations in this Paragraph and on that basis deny them.

200.   Defendants lack information or knowledge sufficient to formulate an opinion as to the truth of the allegations in this Paragraph and on that basis deny them.

201.   Defendants lack information or knowledge sufficient to formulate an opinion as to the truth of the allegations in this Paragraph and on that basis deny them.

202.   Defendants lack information or knowledge sufficient to formulate an opinion as to the truth of the allegations in this Paragraph and on that basis deny them.

203.   Defendants lack information or knowledge sufficient to formulate an opinion as to the truth of the allegations in this Paragraph and on that basis deny them.

204.   Defendants lack information or knowledge sufficient to formulate an opinion as to the truth of the allegations in this Paragraph and on that basis deny them.

205.   Defendants lack information or knowledge sufficient to formulate an opinion as to the truth of the allegations in this Paragraph and on that basis deny them.

206.   Defendants lack information or knowledge sufficient to formulate an opinion as to the truth of the allegations in this Paragraph and on that basis deny them.

207.   Defendants lack information or knowledge sufficient to formulate an opinion as to the truth of the allegations in this Paragraph and on that basis deny them.

208.   Defendants lack information or knowledge sufficient to formulate an opinion as to the truth of the allegations in this Paragraph and on that basis deny them.

209.   Defendants lack information or knowledge sufficient to formulate an opinion as to the truth of the allegations in this Paragraph and on that basis deny them.

210.   Defendants lack information or knowledge sufficient to formulate an opinion as to the truth of the allegations in this Paragraph and on that basis deny them.

211.   Defendants lack information or knowledge sufficient to formulate an opinion as to the truth of the allegations in this Paragraph and on that basis deny them.

212.   Defendants lack information or knowledge sufficient to formulate an opinion as to the truth of the allegations in this Paragraph and on that basis deny them.

213.   Defendants lack information or knowledge sufficient to formulate an opinion as to the truth of the allegations in this Paragraph and on that basis deny them.

214.   Defendants lack information or knowledge sufficient to formulate an opinion as to the truth of the allegations in this Paragraph and on that basis deny them.

215.   Defendants lack information or knowledge sufficient to formulate an opinion as to the truth of the allegations in this Paragraph and on that basis deny them.

*Plaintiff K.F.*

216.   Defendants lack information or knowledge sufficient to formulate an opinion as to the truth of the allegations in this Paragraph and on that basis deny them.

217.   Defendants lack information or knowledge sufficient to formulate an opinion as to the truth of the allegations in this Paragraph and on that basis deny them.

218.   Defendants lack information or knowledge sufficient to formulate an opinion as to the truth of the allegations in this Paragraph and on that basis deny them.

219.   Defendants lack information or knowledge sufficient to formulate an opinion as to the truth of the allegations in this Paragraph and on that basis deny them.

220.   Defendants lack information or knowledge sufficient to formulate an opinion as to the truth of the allegations in this Paragraph and on that basis deny them.

221.   Defendants lack information or knowledge sufficient to formulate an opinion as to the truth of the allegations in this Paragraph and on that basis deny them.

222.   Defendants lack information or knowledge sufficient to formulate an opinion as to the truth of the allegations in this Paragraph and on that basis deny them.

223.   Defendants lack information or knowledge sufficient to formulate an opinion as to the truth of the allegations in this Paragraph and on that basis deny them.

224.   Defendants lack information or knowledge sufficient to formulate an opinion as to the truth of the allegations in this Paragraph and on that basis deny them.

225.   Defendants lack information or knowledge sufficient to formulate an opinion as to the truth of the allegations in this Paragraph and on that basis deny them.

226.   Defendants lack information or knowledge sufficient to formulate an opinion as to the truth of the allegations in this Paragraph and on that basis deny them.

227.   Defendants lack information or knowledge sufficient to formulate an opinion as to the truth of the allegations in this Paragraph and on that basis deny them.

228.   Defendants lack information or knowledge sufficient to formulate an opinion as to the truth of the allegations in this Paragraph and on that basis deny them.

229.   Defendants lack information or knowledge sufficient to formulate an opinion as to the truth of the allegations in this Paragraph and on that basis deny them.

230.   Defendants lack information or knowledge sufficient to formulate an opinion as to the truth of the allegations in this Paragraph and on that basis deny them.

231.   Defendants lack information or knowledge sufficient to formulate an opinion as to the truth of the allegations in this Paragraph and on that basis deny them.

232.   Defendants lack information or knowledge sufficient to formulate an opinion as to the truth of the allegations in this Paragraph and on that basis deny them.

233.   Defendants lack information or knowledge sufficient to formulate an opinion as to the truth of the allegations in this Paragraph and on that basis deny them.

234.   Defendants lack information or knowledge sufficient to formulate an opinion as to the truth of the allegations in this Paragraph and on that basis deny them.

235.   Defendants lack information or knowledge sufficient to formulate an opinion as to the truth of the allegations in this Paragraph and on that basis deny them.

236.   Defendants lack information or knowledge sufficient to formulate an opinion as to the truth of the allegations in this Paragraph and on that basis deny them.

237.   Defendants lack information or knowledge sufficient to formulate an opinion as to the truth of the allegations in this Paragraph and on that basis deny them.

238.   Defendants lack information or knowledge sufficient to formulate an opinion as to the truth of the allegations in this Paragraph and on that basis deny them.

239.   Defendants lack information or knowledge sufficient to formulate an opinion as to the truth of the allegations in this Paragraph and on that basis deny them.

240.   Defendants lack information or knowledge sufficient to formulate an opinion as to the truth of the allegations in this Paragraph and on that basis deny them.

241.   Defendants lack information or knowledge sufficient to formulate an opinion as to the truth of the allegations in this Paragraph and on that basis deny them.

242.   Defendants lack information or knowledge sufficient to formulate an opinion as to the truth of the allegations in this Paragraph and on that basis deny them.

243.   Defendants lack information or knowledge sufficient to formulate an opinion as to the truth of the allegations in this Paragraph and on that basis deny them.

244.   Defendants lack information or knowledge sufficient to formulate an opinion as to the truth of the allegations in this Paragraph and on that basis deny them.

245.   Defendants lack information or knowledge sufficient to formulate an opinion as to the truth of the allegations in this Paragraph and on that basis deny them.

246.   Defendants lack information or knowledge sufficient to formulate an opinion as to the truth of the allegations in this Paragraph and on that basis deny them.

247.   Defendants lack information or knowledge sufficient to formulate an opinion as to the truth of the allegations in this Paragraph and on that basis deny them.

248.   Defendants lack information or knowledge sufficient to formulate an opinion as to the truth of the allegations in this Paragraph and on that basis deny them.

249.   Defendants lack information or knowledge sufficient to formulate an opinion as to the truth of the allegations in this Paragraph and on that basis deny them.

250.   Defendants lack information or knowledge sufficient to formulate an opinion as to the truth of the allegations in this Paragraph and on that basis deny them.

## <u>CLAIMS FOR RELIEF</u>

### COUNT I
### Deprivation of Equal Protection in Violation
### of the Fourteenth Amendment of the U.S. Constitution

### (All Plaintiffs Against Defendant Simone Marstiller)

251.   Defendants incorporate by reference their responses to Paragraphs 1-250 of the Complaint.

252.   Admitted.

253.   This Paragraph characterizes Plaintiffs' claims and therefore requires no response.  However, Defendants deny that Plaintiffs are entitled to any relief sought.

26

254.    Denied.

255.    This Paragraph states a legal conclusion and therefore requires no response. If a response is required, Defendants deny the allegation in this Paragraph.

256.    This paragraph states a legal conclusion and therefore requires no response. If a response is required, Defendants deny the allegation in this Paragraph.

257.    Denied.

258.    The first sentence of this Paragraph states a legal conclusion and therefore requires no response. If a response is required, Defendants deny the allegation in this Paragraph. This paragraph states a legal conclusion and therefore requires no response. If a response is required, Defendants deny the allegation in this Paragraph. All other allegations in this Paragraph are denied.

259.    Denied.

260.    Denied.

261.    Denied.

262.    Denied.

263.    Denied.

264.    Denied.

265.    Denied.

## COUNT II
### Discrimination on the Basis of Sex in Violation of Section 1557
### of the Patient Protection and Affordable Care Act, 42 U.S.C. § 18116

### (All Plaintiffs Against AHCA)

266.    Defendants incorporate by reference their responses to Paragraphs 1-250 of the Complaint.

267.    The referenced statute speaks for itself.

268.    This paragraph states a legal conclusion and therefore requires no response. If a response is required, Defendants deny the allegations in this Paragraph.

269.    The statutory provisions cited in Paragraph 269 speak for themselves, and all allegations inconsistent with their terms are denied.

270.    This paragraph states a legal conclusion and therefore requires no response. If a response is required, Defendants deny the allegations in this Paragraph.

271.    This paragraph states a legal conclusion and therefore requires no response. If a response is required, Defendants deny the allegations in this Paragraph.

272.    Denied.

273.    Denied.

274.    Denied.

**COUNT III**
**Violation of the Medicaid Act's EPSDT Requirements,**
**42 U.S.C. §§ 1396a(a)(10)(A), 1396a(a)(43)(C), 1396d(a)(4)(B), and 1396d(r)(5)**

**(Plaintiffs Brit Rothstein, Susan Doe, and K.F. Against Defendant Marstiller)**

275.    Defendants incorporate by reference their responses to Paragraphs 1-250 of the Complaint.

276.    The referenced statutory provisions speak for themselves.

277.    Denied.

**COUNT IV**
**Violation of the Medicaid Act's Comparability Requirements,**
**42 U.S.C. § 1396a(a)(10)(i)**

**(All Plaintiffs Against Defendant Marstiller)**

278.    Defendants incorporate by reference their responses to Paragraphs 1-250 of the Complaint.

279.    The referenced statutory provision speaks for itself.

280.    Denied.

**<u>PRAYER FOR RELIEF</u>**

Defendants deny that Plaintiffs are entitled to any of the requested relief.

Respectfully submitted by:

*/s/ Mohammad O. Jazil*
Mohammad O. Jazil (FBN: 72556)
Gary V. Perko (FBN: 855898)
Michael Beato (FBN: 1017715)
HOLTZMAN VOGEL BARAN

TORCHINSKY & JOSEFIAK PLLC
119 S. Monroe St. Suite 500
Tallahassee, FL 32301
mjazil@holtzmanvogel.com
gperko@holtzmanvogel.com
mbeato@holtzmanvogel.com
Phone No.: (850) 274-1690
Fax No.: (540) 341-8809

Dated: October 26, 2022          *Counsel for Defendants Secretary Marstiller and Florida Agency for Healthcare Administration*

## CERTIFICATE OF SERVICE

I hereby certify that on October 26, 2022, I electronically filed the foregoing with the Clerk of Court by using CM/ECF, which automatically serves all counsel of record for the parties who have appeared.

*/s/ Mohammad O. Jazil*
Mohammad O. Jazil