THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
Tallahassee Division

| | |
|---|---|
| AUGUST DEKKER, et al., <br><br> *Plaintiffs*, <br><br> v. <br><br> SIMONE MARSTILLER, et al., <br><br> *Defendants*. | Case No. 4:22-cv-00325-RH-MAF |

**JOINT REPORT PURSUANT TO FED. R. CIV. P. 26(f)**

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and this Court's Order (Dkt. No. 33), Plaintiffs AUGUST DEKKER; BRIT ROTHSTEIN; SUSAN DOE, a minor, by and through her parents and next friends, JANE DOE and JOHN DOE;2 and K.F., a minor, by and through his parent and next friend JADE LADUE (collectively, "Plaintiffs"), by and through the undersigned counsel, and Defendants SIMONE MARSTILLER, in her official capacity as Secretary of the Florida Agency for Health Care Administration, and the FLORIDA AGENCY FOR HEALTH CARE ADMINISTRATION ("AHCA") (collectively, "Defendants), by and through the undersigned counsel, respectfully submit this Joint Rule 26(f) Report.

1. **Rule 26(f) Conference**

The parties conferred by telephone and video conference under Fed. R. Civ. P. 26(f) on October 17, 2022, and by email thereafter. The parties agreed to this report on November 7, 2022. Omar Gonzalez-Pagan, Jennifer Altman, Simone Chriss, Katy DeBriere, and Catherine McKee participated in the conference on October 17 for Plaintiffs, and Mohammad O. Jazil, Gary V. Perko, and Michael Beato participated for Defendants.

2. **Summary of Proposed Deadlines**

| Deadline or Event | Plaintiffs' Proposal | Defendants' Proposal |
|---|---|---|
| Deadline to answer. | October 26, 2022 (*see* Dkt. No. 32 at ¶ 7) | |
| Deadline for providing mandatory initial disclosures. *See* Fed. R. Civ. P. 26(a)(1). | November 7, 2022 | |
| Deadline for moving to join a party, *see* Fed. R. Civ. P. 14, 19, and 20, or amend the pleadings, *see* Fed. R. Civ. P. 15(a). | November 28, 2022 | November 28, 2022 |
| Deadline for written discovery requests. | December 21, 2022 | March 3, 2023 |
| Deadline for completing fact discovery and filing any motion to compel discovery. *See* Fed. R. Civ. P. 37. | January 20, 2023 | March 31, 2023 |

| | | |
|---|---|---|
| Deadline for disclosing any affirmative expert reports. *See* Fed. R. Civ. P. 26(a)(2)(D)(i). | January 27, 2023 | April 7, 2023 |
| Deadline for disclosing any rebuttal expert reports. *See* Fed. R. Civ. P. 26(a)(2)(D)(ii). | February 10, 2023 | April 21, 2023 |
| Deadline for completing expert discovery. | March 1, 2023 | May 30, 2023 |
| Deadline for filing any dispositive or *Daubert* motion. *See* Fed. R. Civ. P. 56. | March 17, 2023 | June 12, 2023 |
| Deadline for responses to dispositive or *Daubert* motions. | March 31, 2023 | June 26, 2023 |
| Deadline for replies in support of dispositive or *Daubert* motions. | April 7, 2023 | July 10, 2023 |
| Deadline for pretrial disclosures (including exhibit and witness lists). | March 10, 2023 | July 17, 2023 |
| Objections to exhibit and witness lists. | March 24, 2023 | July 31, 2023 |
| Deadline for motions *in limine*. | April 3, 2023 | August 7, 2023 |
| Deadline for responses to motions *in limine*. | April 10, 2023 | August 21, 2023 |
| Deadline for filing the joint final pretrial statement/order. | April 17, 2023 | September 4, 2023 |
| Deadline for trial briefs. | April 17, 2023 | September 4, 2023 |

| Date of final pretrial conference. | TBD by the Court | |
|---|---|---|
| Trial term begins | April 24, 2023 | September 11, 2023 |
| Estimated length of trial | 10 days | 10 days |
| Jury/Non-Jury | Non-Jury | |
| Mediation | None proposed | |
| Consent to proceed before a magistrate judge | No | |

3. **Initial Disclosures**

The parties agree to exchange Rule 26(a)(1) information by November 7, 2022. The parties do not propose any changes in the timing, form, or requirement for disclosures under Rule 26(a)(1).

4. **Discovery Plan**

   a. **Subject Matter**

The parties propose the following discovery plan. Discovery will be needed on the following subjects:

Plaintiffs intend to take discovery to address factual matters related to Plaintiffs' claims against Defendants as alleged in the Complaint and the factual matters related to any defenses raised by Defendants. This includes but is not limited to: the origins, justifications, and governmental interests for Defendants' adoption

of the Challenged Exclusion (Florida Administrative Code 59G-1.050(7)), which categorically prohibits Medicaid coverage of services for the treatment of gender dysphoria, and the application of that categorical exclusion to transgender Medicaid beneficiaries; the process, including any related policies and practices, by which Defendants adopted the Challenged Exclusion; Defendants' policies and practices pertaining to the determination of whether a particular service or treatment is clinically unproven or experimental; Defendants' policies and practices pertaining to coverage of services for the treatment of gender dysphoria and other conditions; Defendants' policies and practices pertaining to the coverage of services or treatments with similar evidentiary support to the evidentiary basis for the treatment of gender dysphoria; and any documents or communications relating to the allegations in the Complaint.

Defendants intend to take discovery regarding Plaintiffs' medical records and treatments; the current condition of Plaintiffs' physical and mental health, *see* Fed. R. Civ. P. 35; and the qualifications of Plaintiffs' treating medical professionals, as well as the professionals' diagnoses and treatment recommendations for Plaintiffs' gender dysphoria.

Moreover, during the preliminary injunction hearing, this Court stated that Defendants' expert, Dr. Laidlaw, expressed views outside of the mainstream medical community. To address this characterization, Defendants intend to conduct

discovery of third-party medical trade organizations, such as the organizations that Plaintiffs referenced during the cross examination of Dr. Laidlaw and the organizations that sought leave to file an amicus brief in this case. Such discovery will take some time to complete.

Plaintiffs' position is that much of the discovery proposed by Defendants is irrelevant to the case or to any defense asserted by Defendants, is unduly burdensome, and is disproportionate to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1). Indeed, much of Defendants' proposed discovery articulated above seems to be harassing in its nature. There is no need to conduct independent medical examinations of transgender Plaintiffs as "the current condition of Plaintiffs' physical and mental health" has no bearing on the legality of the Challenged Exclusion or whether gender-affirming medical care more generally is experimental, as Defendants allege. Moreover, Defendants' must affirmatively move for such an examination and demonstrate that there is "good cause" for it. Fed. R. Civ. P. 35(a)(2)(A). As the Supreme Court held in *Schlagenhauf v. Holder*, 379 U.S. 104 (1964), Rule 35 imposes a higher standard on movants than "mere relevance." *Id.* at 118. Nor is discovery of third-party medical trade organizations necessary. Such discovery seems to be intended to harass and chill the medical organizations that have criticized Defendants' adoption of the Challenged Exclusion and is wholly disproportionate to the needs of the case.

### b. Electronically Stored Information

Disclosure or discovery of electronically stored information ("ESI") should be handled as follows:

The parties shall preserve electronically stored information ("ESI") consistent with Fed. R. Civ. P. 26, 34, and 37. Pursuant to Fed. R. Civ. P. 34, absent a request for a specific method of production, ESI shall be produced, on a rolling basis, in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

The parties further agree to discuss and seek agreement on protocols with respect to the identification, review, and production of electronically stored information ESI. The parties have agreed to negotiate in good faith on the following issues:

- The need to produce various forms of ESI;
- Limitations on the production of ESI, such as, for example, on the basis of search terms to be agreed upon by the parties;
- Scheduled timing for updating the production of ESI during the course of litigation;
- The format of document production; and

- Defining the scope of production of ESI that is "not reasonably accessible because of undue burden or cost," and procedures to compel production of such information.

### c. Discovery Deadlines and Proposed Trial Date

The parties are presently unable to agree on a proposed trial date; this disagreement impacts certain of the proposed deadlines below and in the summary chart above.

As the Court has already stated, "[i]t's better for everybody to get the issue resolved sooner and especially for the four plaintiffs." (PI Hrg. Tr. 117:25-118:2.) Plaintiff agrees with the Court that the trial in this case "probably ought to be sooner than" the August 7, 2023 set forth in the Initial Scheduling Order (Dkt. No. 33). (PI Hrg. Tr. 116:19.)

Plaintiff proposes a trial date of April 24, 2023, which is just over six months after the Court's ruling on Plaintiffs' request for a preliminary injunction. At present, the Challenged Exclusion is in effect, causing harm to the health and wellbeing of transgender Medicaid beneficiaries in Florida by depriving them of access to medically necessary care.

Defendants have proposed to have trial on September 11, 2023. This is to accommodate discovery and counsel for Defendants' trial dates during spring and summer 2023. Those trial dates and cases are as follows:

8

- *Norwegian Hull Club v. North Star Fishing Company LLC*, 5:21-cv-00181 (N.D. Fla.) (complex insurance case): trial from March 20, 2023 to March 31, 2023.

- *FOLKS – Friends of the Lower Keys, LLC v. City of Marathon*, 4:22-cv-10002 (S.D. Fla.) (Clean Water Act and Endangered Species Act case): trial from July 31, 2023 to August 11, 2023.

- *Black Voters Matter Capacity Building Institute, Inc. v. Byrd*, 2022-CA-000666 (Fla. 2d Jud. Cir.) (congressional redistricting case): trial from August 21, 2023 to August 31, 2023.

Assuming a trial date of April 24, 2023, Plaintiffs propose that the last date to complete fact discovery is January 20, 2023, and the last date to complete expert discovery is March 1, 2023.

Assuming a trial date of September 11, 2023, Defendants propose that the last date to complete fact discovery is March 31, 2023, and the last date to complete expert discovery is May 30, 2023.

### d. Interrogatories

The parties agree that each side is entitled to 25 written interrogatories, consistent with Fed. R. Civ. P. 33. The responding party must serve its answers and any objections within 30 days after being served with the interrogatories, consistent with Fed. R. Civ. P. 33.

e. **Requests for Admission**

The parties agree that, consistent with Fed. R. Civ. P. 36, which provides no limits on the number of requests for admissions, responses and objections to any request for admission are due within 30 days after being served.

f. **Depositions**

The parties agree that each side is entitled to 10 depositions, exclusive of any expert witnesses disclosed under Fed. R. Civ. P. 26(a)(2) and non-party depositions under Fed. R. Civ. P. 45. The parties agree to meet and confer about any proposed modifications to these numbers if necessary. The parties agree to the time limits on the length of depositions in hours set forth in Fed. R. Civ. P. 30(d).

The parties further shall have a duty to confer with each other in an attempt to resolve scheduling conflicts prior to scheduling depositions.

g. **Experts**

The parties agree expert discovery is necessary in this case and that such discovery should be bifurcated from fact discovery.

Assuming a trial date of April 24, 2023, Plaintiffs propose that disclosures and reports required by Rule 26(a)(2)(B) and disclosures required by Rule 26(a)(2)(C) are due as follows:

　　i.　　Affirmative expert reports are due by January 27, 2023.

　　ii.　　Rebuttal expert reports are due by February 10, 2023.

Assuming a trial date of September 11, 2023, Defendants propose that disclosures and reports required by Rule 26(a)(2)(B) and disclosures required by Rule 26(a)(2)(C) are due as follows:

    i. Affirmative expert reports are due by April 7, 2023.

    ii. Rebuttal expert reports are due by April 21, 2023.

### h. Service of Discovery

The Parties consent to email service of discovery requests and responses.

## 5. Other Items Discussed at the Joint Meeting

The parties discussed certain other matters during their joint meeting about which they wish to advise the court:

### a. Deadline to Answer:

The parties agreed to keep Defendants' deadline to answer as October 26, 2022, as set forth in the Court's September 19, 2022 Scheduling Order. *See* Dkt. No. 32. Indeed, Defendants filed their answer on October 26, 2022. Doc. 65.

### b. Deadline to Amend Pleadings and Join Parties:

The parties agreed to a deadline to amend the pleadings and join parties as November 28, 2022.

### c. Dispositive and *Daubert* Motions:

The parties agree that dispositive and *Daubert* motions may be appropriate.

Assuming a trial date of April 24, 2023, Plaintiffs propose the following deadlines:

    i. Dispositive and *Daubert* motions are due March 17, 2023;

    ii. Responses to dispositive and *Daubert* motions are due March 31, 2023; and

    iii. Replies in support of dispositive and *Daubert* motions are due April 7, 2023.

Assuming a trial date of September 11, 2023, Defendants propose the following deadlines:

    i. Dispositive and *Daubert* motions are due June 12, 2023;

    ii. Responses to dispositive and *Daubert* motions are due June 26, 2023; and

    iii. Replies in support of dispositive and *Daubert* motions are due July 10, 2023.

    **d. Pretrial Disclosures:**

Assuming a trial date of April 24, 2023, Plaintiffs propose that pretrial disclosures, including exhibit lists, witness lists, and deposition designations, under Rule 26(a)(3)(A) be filed by March 10, 2023 and that any objections to under Rule 26(a)(3)(A) be filed by March 24, 2023.

Assuming a trial date of September 11, 2023, Defendants propose that pretrial disclosures, including exhibit lists, witness lists, and deposition designations, under Rule 26(a)(3)(A) be filed by July 17, 2023 and that any objections to under Rule 26(a)(3)(A) be filed by July 31, 2023.

### e. Trial Length:

The parties presently believe that a bench trial of this matter will take 10 days.

### f. Motions:

The Parties' position is that the response times for motions, except as otherwise specified herein, should be that set forth in Local Rule 7.1(E)

### g. Privileged Information:

In accordance with Rule 26(f)(3)(D), the Parties have discussed certain issues related to claims of privilege. The Parties agree that an inadvertent production of privileged or trial-preparation materials (absent a clear written statement of intent to waive such privilege or protection) shall not be deemed a waiver or forfeiture of such privilege or protection provided that the Party making the production or disclosure promptly identifies any such document(s) mistakenly produced after discovery of the inadvertent production. The Parties further agree that, upon request, any such mistakenly produced documents shall be returned. In the event of a dispute over the production of any privileged materials develops, a log shall be made specifically identifying all said information. In the event that the use or further disclosure of any

privileged materials develops during this action, the receiving Party must sequester all copies of said information and may not use or disseminate the information contained therein until such time as the dispute over the claim of privilege is resolved by the Court.

### h. Confidential Information:

The Court has already ordered that: "Documents with confidential medical information may be filed under seal without further order. But if a legal memorandum is so filed, a properly redacted copy must be filed in the public docket." *See* Dkt. No. 32 at ¶ 9.  The Parties have further discussed certain issues relating to the disclosure of documents and information which may be confidential and/or protected from disclosure by law.  The Parties agree that pursuant to Rule 26(f), and before the disclosure of any confidential information, they will file a mutually agreeable protective order specifying that the information and documents to be produced shall not be generally disclosed, and shall only be used in the course of this litigation.  The Parties reserve the right to move for a Protective Order with regard to the production of any confidential information in the event that the Parties are not able to agree on a consent protective order.

\*   \*   \*

Given the dispute regarding the trial date and the other disputes already noted herein, the parties request a prompt meeting with the Court before a Scheduling

Order is entered to discuss the resolution of deadlines on which the parties cannot agree.

Respectfully submitted this 7th of November 2022.

*For Plaintiffs:*

**PILLSBURY WINTHROP SHAW PITTMAN, LLP**

By: */s/ Jennifer Altman*
**Jennifer Altman** (Fl. Bar No. 881384)
**Shani Rivaux** (Fl. Bar No. 42095)
600 Brickell Avenue, Suite 3100
Miami, FL 33131
(786) 913-4900
jennifer.altman@pillsbury.com
shani.rivaux@pillsbury.com

**William C. Miller*
Gary J. Shaw***
1200 17th Street N.W.
Washington, D.C. 20036
(202) 663-8000
william.c.miller@pillsburylaw.com
gary.shaw@pillsburylaw.com

**Joe Little***
500 Capitol Mall, Suite 1800
Sacramento, CA 95814
(916) 329-4700
joe.little@pillsburylaw.com

**NATIONAL HEALTH LAW PROGRAM**

**Abigail Coursolle***
3701 Wilshire Boulevard, Suite 315
Los Angeles, CA 90010
(310) 736-1652
coursolle@healthlaw.org

**Catherine McKee***
1512 E. Franklin Street, Suite 110
Chapel Hill, NC 27514
(919) 968-6308
mckee@healthlaw.org

**LAMBDA LEGAL DEFENSE AND EDUCATION FUND, INC.**

By: */s/ Omar Gonzalez-Pagan*
**Omar Gonzalez-Pagan***
120 Wall Street, 19th Floor
New York, NY 10005
(212) 809-8585
ogonzalez-pagan@lambdalegal.org

**Carl S. Charles***
1 West Court Square, Suite 105
Decatur, GA 30030
(404) 897-1880
ccharles@lambdalegal.org

**SOUTHERN LEGAL COUNSEL, INC.**

**Simone Chriss** (Fl. Bar No. 124062)
**Chelsea Dunn** (Fl. Bar No. 1013541)
1229 NW 12th Avenue
Gainesville, FL 32601
(352) 271-8890
Simone.Chriss@southernlegal.org
Chelsea.Dunn@southernlegal.org

**FLORIDA HEALTH JUSTICE PROJECT**

**Katy DeBriere** (Fl. Bar No. 58506)
3900 Richmond Street
Jacksonville, FL 32205
(352) 278-6059
debriere@floridahealthjustice.org

* *Admitted pro hac vice.*

*For Defendants:*

**HOLTZMAN VOGEL BARAN TORCHINSKY & JOSEFIAK PLLC**

By: */s/ Mohammad O. Jazil*
**Mohammad O. Jazil** (FBN 72556)
119 S. Monroe St., Suite 500
Tallahassee, FL 32301
(850) 270-5938
mjazil@holtzmanvogel.com

**Gary V. Perko** (FBN 855898)
119 S. Monroe St., Suite 500
Tallahassee, FL 32301
(850) 270-5938
gperko@holtzmanvogel.com

**Michael Beato** (FBN 1017715)
119 S. Monroe St., Suite 500
Tallahassee, FL 32301
(850) 270-5938
mbeato@holtzmanvogel.com