# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

AUGUST DEKKER et al.,

    Plaintiffs,

v.                        CASE NO. 4:22cv325-RH-MAF

SIMONE MARSTILLER et al.,

    Defendants.

_____/

## SCHEDULING ORDER

This order is entered upon consideration of the parties' Federal Rule of Civil Procedure 26(f) report. The parties have requested a hearing before entry of a scheduling order. This order directs the clerk to set a hearing but tentatively sets the schedule based on the 26(f) report, and tentatively addresses issues raised in the 26(f) report, so that the hearing may proceed more efficiently.

A subject of the hearing will be any modifications the defendants request now to accommodate a defense attorney's March 20 trial in another case—or contingent modifications that may be built in for implementation if the March 20 trial is not resolved short of trial. Proposed modifications are more likely to be adopted if they do not include a delay of the trial.

The parties may raise at the hearing any other scheduling issues, including those tentatively addressed in the 26(f) report and in this paragraph. It is uncertain depositions will be authorized of medical organizations about their guidelines, but if depositions are authorized, limits will be set. It is likely one or more individuals (plaintiffs or minors on whose behalf the claims are brought) will be required to submit to appropriate examinations under Federal Rule of Civil Procedure 35, but no individual will be required to submit to an examination by a transgender denier or skeptic. The parties' proposed deposition limit—10 per side excluding experts and nonparties—seems no limit at all; this order instead incorporates the Rule 30 limit.

This order does not bifurcate discovery, but the parties can achieve the appropriate level of bifurcation simply by cooperatively scheduling discovery. They should block out times now so that scheduling conflicts down the road do not unnecessarily delay proceedings.

This order sets an aggressive schedule because the claims are of a kind that should be resolved as promptly as feasible.

IT IS ORDERED:

1. The clerk must set a scheduling hearing by telephone for the earliest available date.

2. The trial is set for Tuesday, May 9, 2023. A party with a conflict during that trial period must raise it at the scheduling hearing.

3. The deadline to serve written discovery requests is December 21, 2022.

4. The fact-discovery deadline is February 14, 2023.

5. The number and length of depositions are limited as provided in the Federal Rules of Civil Procedure. A party may move—with or without a supporting memorandum—to authorize an additional deposition or to bar or limit an excessive examination. A hearing on any such motion will be set without delay.

6. The deadline for Federal Rule of Civil Procedure 26(a)(2) disclosures is February 28, 2023. But if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C), the deadline is 21 days after the other party's disclosure.

7. The deadline for expert depositions is March 21, 2023.

8. The deadline for summary-judgment motions, other potentially dispositive motions, or *Daubert* motions is April 7, 2023.

9. The deadline is April 21, 2023, for an attorney conference to address pretrial matters, stipulate to as many facts and agree on as many issues as possible, and prepare the pretrial stipulation. The plaintiffs' attorney must initiate arrangements for the conference, but all attorneys are responsible for ensuring that the conference occurs and the requirements are met.

10. At or before the attorney conference, each party must make the disclosures required by Federal Rule of Civil Procedure 26(a)(3). As required by the rule, each party must separately identify witnesses and exhibits the party expects to offer and those the party may offer if the need arises, and each party must designate deposition testimony the party expects to offer. The deadline for objections under Rule 26(a)(3) is seven days later.

11. At or before the attorney conference, each party must provide an attorney for each other party an exact copy of every exhibit that will or may be offered in evidence, marked with a readily identifiable exhibit number. It is not sufficient that a document has been produced during discovery or is on an exhibit list; each exhibit must be provided with a readily identifiable exhibit number.

12. The parties must file a pretrial stipulation by April 28, 2023. The pretrial stipulation must include:

    (a) The basis of federal jurisdiction;

    (b) A brief general statement of each party's case;

    (c) Each party's witness list, separately identifying those the party expects to call and those the party may call if the need arises, and identifying those who will give expert testimony;

    (d) Each party's exhibit list, separately identifying those the party expects to offer and those the party may offer if the need arises;

(e) All stipulations of fact and agreements on issues;

(f) A concise statement of those factual issues that remain to be litigated;

(g) A concise statement of legal issues that remain for determination by the court;

(h) A concise statement of any disagreement on admissibility of evidence or application of the Federal Rule of Civil Procedure or Evidence;

(i) A list of all motions that remain pending;

(j) An estimate of the length of trial.

13. Witness and exhibit lists must include rebuttal witnesses and exhibits as well as those that may be offered in a party's case in chief. A witness or exhibit not timely and properly listed will be excluded unless (a) the late discovery or disclosure of the witness or exhibit did not result from lack of diligence, (b) the full substance and import of the evidence is disclosed to all other parties immediately upon discovery of the omission, and (c) the court determines that justice requires admission of the evidence. Evidence not timely and properly disclosed is almost always excluded.

14. Each party must prefile by April 28, 2023, a copy of every exhibit the party expects to offer. Each exhibit should be a separate attachment to a notice of filing, and the docket entry should include the exhibit number and a brief description of the exhibit.

15. Each party must file a trial brief by April 28, 2023. When a topic has been fully briefed previously, incorporation by reference, rather than repetition from the earlier brief, is encouraged.

16. By a separate notice, the clerk must set a pretrial conference for the first available date on or after May 2. Each party's lead attorney and each other attorney who will have a significant role in conducting the trial must attend. At least one attorney for each party must attend in person, and any attorney who expects to speak on pending issues must attend in person. Others may monitor the conference by telephone. A ruling may be entered or a hearing may be conducted on any motion that remains pending at the time of the conference.

17. The 26(f) report, ECF No. 66, will control the matters on which it indicates the parties have agreed, except when the 26(f) report conflicts with this order. On matters not addressed in this order or the 26(f) report, the Initial Scheduling Order remains in effect.

18. Deadlines will be determined based on this order (including the 26(f) report to the extent made applicable by this order), other applicable orders, and the governing rules. Docket entries made by the clerk of the court are for the clerk's internal use and are not controlling.

19. Any pretrial motion for which a specific deadline has not been set must be served sufficiently in advance of the pretrial conference to allow consideration of the motion at or prior to the pretrial conference.

20. The attorneys' attention is directed to the American College of Trial Lawyers' *Code of Pretrial and Trial Conduct*, which sets out standards of professionalism.

21. An order requiring mediation of a specific plaintiff's claim will be considered on motion.

SO ORDERED on November 15, 2022.

s/Robert L. Hinkle
United States District Judge
