THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
Tallahassee Division

AUGUST DEKKER, et al.,

    *Plaintiffs*,

v.

SIMONE MARSTILLER, et al.,

    *Defendants*.

Case No. 4:22-cv-00325-RH-MAF

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR EXTENSION OF TIME AND INCORPORATED MEMORANDUM OF LAW OR, ALTERNATIVELY, MOTION TO EXTEND FACT AND EXPERT DISCOVERY DEADLINES IN AMENDED CASE SCHEDULE**

Plaintiffs oppose Defendants' Motion for Extension of Time and Incorporated Memorandum of Law (the "Motion") [ECF 72], which seeks to extend their deadline to respond to Plaintiffs' discovery requests by two weeks. To the extent that this Court is inclined to grant the Motion for any extension of any length of time, Plaintiffs move the Court to include in its order a corresponding extension of the fact discovery and expert discovery deadlines, including deadlines for expert rebuttal and deposition. Without such a corresponding extension of discovery deadlines, Plaintiffs will be prejudiced by the relief sought in Defendants' Motion.

    In support of this Motion, Plaintiffs state as follows:

1. On November 17, 2022, counsel for Plaintiffs served their First Set of Interrogatories and First Set of Requests for Production (collectively, the "Discovery Requests") on Defendants. In accordance with Fed. R. Civ. P. 33(b)(2)(A), Defendants have thirty days to respond. Thirty days from November 17, 2022 is December 17, 2022, a Saturday, making Defendants' responses due Monday, December 19, 2022. [1]

2. Around or about 2:00pm EST on Tuesday, December 13, 2022, Counsel for Defendants, Mr. Michael Beato, called Plaintiffs' Counsel, Ms. Jennifer Altman, to ascertain if Plaintiffs would agree to a "reciprocal two-week extension of time for Defendants to respond to the Discovery Requests and allowing Plaintiffs to respond to Defendants' First Set of Request for Production, due to Defendants by Thursday, December 15, 2022 as well, making the parties' various responses due "January 2, 2023." Plaintiffs' Counsel assured Defendants they would respond to Mr. Beato's request by the following day, Wednesday, December 14, 2022.

3. Plaintiffs responded by email to Mr. Beato on Wednesday, December 14, 2022, at approximately 9:39am EST. (Ex. A.)

---

[1] In their Motion, Defendants stated that their responses are due on "Monday, December 22, 2022, Fed. R. Civ. P. 6," (Dkt. 72 at 1), but Plaintiffs assume this is a scriveners' error.

2

4. In that response, Plaintiffs explained that they would agree to not oppose the Defendants' request for extension of time under certain conditions.[2] (Ex. A.) These conditions were proposed due to the expedited scheduled imposed by this Court due to the importance of the issues raised in the case. Plaintiffs' proposal sought to streamline pending discovery issues and adjust the remaining deadlines to account for Defendants' request for more time.

5. At approximately 10:17am EST, Mr. Beato responded to Ms. Altman by email (Ex. B), that "we simply asked for a two-week discovery extension. It looks like we are just going to file a motion for an extension of time. If the Plaintiffs oppose, please let us know."

6. At approximately 12:29pm EST, Ms. Altman replied to Mr. Beato, "We generally do not want to oppose requests for extension and are loathe to do so now, but unless we can agree on the other scheduling considerations we have no choice. Given the schedule we all agreed to, it will make the rest of the deadlines too tight.

---

[2] Plaintiffs informed defendants that they would not oppose the request for extension of time if: 1) Defendants agree to draft a motion for an extension of each of the deadlines in the overall case schedule by two weeks to accommodate the delay; 2) Defendants agree to accept service for a number of subpoenas for documents and testimony of third party fact witnesses upon whose testimony Defendants relied in drafting the GAPMS memo upon which they premised the Challenged Exclusion at the heart of this case; and 3) Defendants agree to swiftly review Plaintiffs' forthcoming Motion and Draft of Stipulated Protective Order to govern discovery practice in this case so that the parties can immediately begin production of documents, some of which include protected health information.

We hope you reconsider accepting our proposal, but if not, please accurately reflect in the motion our position vis-à-vis modifying the other deadlines." (Ex. A.)

7. At 12:45pm EST, Mr. Beato responded "Understood, Jennifer. I will attach this email chain to the motion, including this email, which will provide the court with an accurate account of what we discussed." (Ex. A.)

8. At 4:21pm EST, Defendants filed their Motion but failed to attach as "Attachment A" the email communications between counsel, which Plaintiffs assume was inadvertent.

9. Plaintiffs oppose Defendants' Motion for an additional two weeks to respond to the Discovery Requests because this delay prejudices Plaintiffs' expedient prosecution of this case. This Court's scheduling order provides that fact discovery must be completed by February 7, 2023, and if Plaintiffs are deprived of the opportunity to review Defendants' responses to their Discovery Requests until January 3, 2023, they will be impeded in their ability to depose relevant witnesses and/or address any deficiencies that might require subsequent meet and confers and/or potential motions to compel before this Court. In sum, allowing Defendants this additional time will materially disadvantage Plaintiffs unless the fact and expert discovery deadlines in the case schedule are also extended by a corresponding amount of time, or two weeks, in the Court's discretion.

4

10. In response to the questions posed in the Court's Order advancing the deadline of this response (ECF 73), Plaintiffs respectfully request that this Court deny Defendants' Motion, or, if the Court grants any extension of time for Defendants' response, then in the alternative, the Plaintiffs request that the extension to apply to the general discovery deadline; specifically, the Plaintiffs request for a corresponding extension of the fact discovery and expert discovery deadlines for all parties.

## MEMORANDUM

Contrary to Defendants' representations (ECF 72 at 3), their request for a two-week extension of the deadline to respond to the Discovery Requests *does* prejudice Plaintiffs and precisely interferes with "completing discovery, submitting or responding to a motion, or trial." Local R. 6.1. Plaintiffs sought to avoid such prejudice by offering a compromise that would ensure that neither party would be harmed by the requested two-week extension. Now, by their Motion, Defendants seek additional time, a benefit to them that materially disadvantages Plaintiffs' ability to meet the other agreed upon scheduling deadlines.

The parties were assigned an expedited case schedule as reflected in this Court's Scheduling Order (ECF 67) and Amendment to Scheduling Order (ECF 71)). Fact discovery closes on February 7, 2022. If this Court grants the Motion, Plaintiffs would have only have five weeks to review a substantial amount of

material from a large bureaucratic state agency, and then address any deficiencies, and decide upon and complete any depositions. This would undeniably reduce an expedited fact discovery period to one that is unfair and prejudicial. The proposed delay is significantly detrimental because it curtails Plaintiffs' ability to thoroughly litigate this case, including their ability to: 1) account for deficiencies in responses and production; 2) schedule and execute meet and confers; 3) engage in potential motions practice before this Court; 4) schedule and take as many as twenty depositions between the parties; 5) and depose necessary 30(b)(6) witnesses the Defendants designate to testify on the forthcoming topics. Losing these two weeks, without simultaneously extending by two weeks the deadlines for fact and expert discovery (including the deadline for expert rebuttal and deposition) prejudices Plaintiffs in precisely the way that Local Rule 6.1 is intended to preclude.

    Defendants have not shown sufficiently good cause for such an extension of time. Defendants first reason supporting their Motion is that "discovery has been more difficult than anticipated" and cite the "holiday season" and other normal Agency business as a justification (ECF 72, at 2). The fact that an attorney is busy with other work demands does not constitute good cause for extending a discovery deadline. *K.J.C. by and through Pettaway v. City of Montgomery*, 2019 WL 4941105, at *5 (M.D. Ala. October 7, 2019) ("The Court recognizes that Haynes, like most attorneys, is busy. But so is everyone else. That is why scheduling orders

6

and deadlines are so important. The scheduling order was clear, and the Court will hold K.J.C. to its terms."); *This, LLC v. Jaccard Corp.*, 2016 WL 11582700, at *2 (D. Conn. November 30, 2016) ("Neither the press of other business nor the demands of complicated motion practice constitute good cause."); *United States v. Marder*, 2016 WL 2897407, at *7 (S.D. Fla. May 18, 2016) ("[F]oreseeable scheduling conflicts … cannot justify the extension of the deadlines."); *Darrah v. Virgin Islands ex rel. Juan F. Luis Hosp.*, 2011 WL 6181352, at *6 (D.V.I. December 13, 2011) ("Plaintiff's assertion that his counsel's busy work schedule prevents compliance with the discovery deadline does not satisfy the good cause requirement under Rule 16(b)."); *U.S. v. U.S. Fidelity and Guaranty Co.*, 2005 WL 1528374, at *2 (N.D. Ind. June 24, 2005) ("A counsel's busy trial schedule has been determined to fall short of establishing good cause.") For this same reason, Defendants' assertion that they should be given an extension to "devote time to other cases," (ECF 72, at 2), falls short of establishing good cause to grant their Motion.

Plaintiffs initially conditioned their agreement to Defendants proposed reciprocal extension[3] on accepting service of subpoenas and an agreement to expedite review of a forthcoming stipulated protective order to keep discovery moving consistent with the expedited schedule. Defendants declined to consider

---

[3] Defendants proposed a reciprocal extension that Plaintiffs did not need. Plaintiffs timely served their responses to Defendants' discovery requests on December 15, 2022.

these conditions, and so at a minimum, Plaintiffs asked Defendants to reconsider agreeing to an extension of case scheduling deadlines. Defendants instead filed their Motion which Plaintiffs were forced to oppose given the prejudice to Plaintiffs. Therefore, Plaintiffs respectfully request that this Court deny Defendants' Motion or, in the alternative, grant a two-week extension to the fact and expert discovery deadlines, including deadlines for expert rebuttal and deposition, in this Court's Case Scheduling Orders (ECF 67 and 71).

## CONCLUSION

For the reasons stated above, Plaintiffs respectfully request that this Court deny Defendants' Motion and Incorporated Memorandum for An Extension of Time.

Respectfully submitted this 16th day of December 2022.

| | |
|---|---|
| **PILLSBURY WINTHROP SHAW PITTMAN, LLP** | **LAMBDA LEGAL DEFENSE AND EDUCATION FUND, INC.** |

**PILLSBURY WINTHROP SHAW PITTMAN, LLP**

By: */s/ Jennifer Altman*
**Jennifer Altman** (Fl. Bar No. 881384)
**Shani Rivaux**\*\* (Fl. Bar No. 42095)
600 Brickell Avenue, Suite 3100
Miami, FL 33131
(786) 913-4900
jennifer.altman@pillsbury.com
shani.rivaux@pillsbury.com

**William C. Miller**\*
**Gary J. Shaw**\*
1200 17th Street N.W.
Washington, D.C. 20036
(202) 663-8000
william.c.miller@pillsburylaw.com

**Joe Little**\*
500 Capitol Mall, Suite 1800
Sacramento, CA 95814
(916) 329-4700
joe.little@pillsburylaw.com

**NATIONAL HEALTH LAW PROGRAM**

**Abigail Coursolle**\*
3701 Wilshire Boulevard, Suite 315
Los Angeles, CA 90010
(310) 736-1652
coursolle@healthlaw.org

**Catherine McKee**\*
1512 E. Franklin Street, Suite 110
Chapel Hill, NC 27541
(919) 968-6308
mckee@healthlaw.org

**LAMBDA LEGAL DEFENSE AND EDUCATION FUND, INC.**

**Omar Gonzalez-Pagan**\*
120 Wall Street, 19th Floor
New York, NY 10005
(212) 809-8585
ogonzalez-pagan@lambdalegal.org

**Carl S. Charles**\*
1 West Court Square, Suite 105
Decatur, GA 30030
(404) 897-1880
ccharles@lambdalegal.org

**SOUTHERN LEGAL COUNSEL, INC.**

**Simone Chriss** (Fl. Bar No. 124062)
**Chelsea Dunn** (Fl. Bar No. 1013541)
1229 NW 12th Avenue
Gainesville, FL 32601
(352) 271-8890
Simone.Chriss@southernlegal.org
Chelsea.Dunn@southernlegal.org

**FLORIDA HEALTH JUSTICE PROJECT**

**Katy DeBriere** (Fl. Bar No. 58506)
3900 Richmond Street
Jacksonville, FL 32205
(352) 278-6059
debriere@floridahealthjustice.org

\* *Admitted pro hac vice.*

9

## CERTIFICATE OF SERVICE

I hereby certify that, on December 16, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.

                              */s/ Jennifer Altman*
                              Jennifer Altman