IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

Case No.: 4:22-cv-00325-RH-MAF

| | |
|---|---|
| AUGUST DEKKER, et al., | |
| Plaintiffs, | |
| v. | STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER |
| SIMONE MARSTILLER et al., | |
| Defendants. | |

Plaintiffs August Dekker, Brit Rothstein, Susan Doe by and through her parents and next friends, John and Jane Doe, and K.F. by and through his parent and next friend, Jade Ladue; and Defendants Simone Marstiller in her official capacity and the Florida Agency for Health Care Administration (collectively "the parties") hereby enter into this Stipulated Protective Order to facilitate the exchange of documents and information. Unless modified pursuant to the terms contained herein, this Order shall remain in effect through the conclusion of this litigation.

The parties agree that this Order shall control the disclosure, dissemination, and use of confidential material produced in discovery. The parties acknowledge that this Order does not confer blanket protections on all disclosures or discovery

1

responses and that the protection it affords from public disclosures and use extends only to the limited information or items that are entitled to protected treatment pursuant to this Order.

1.      **Necessity of Protective Order:**  Discovery in this matter is likely to extend to, among other things, confidential medical information as well as information that is confidential pursuant to state and federal law, including but not limited to the Health Insurance Portability and Accountability Act, Chapter 119 of the Florida Statutes, and the Florida Information Protection Act ("FIPA").

2.      **Scope of Protective Order:**  As a means of avoiding dispute with respect to the parties' requests for information requiring protected treatment, the parties have agreed to produce information requiring protected treatment pursuant to the terms of this Order, which is meant to safeguard information protected under state and federal law.  This order shall govern the production, use, and disclosure of information produced by any party in *Dekker et al. v. Marstiller et al.,* (Case No. 4:22-cv-00325-RH-MAF).  This order applies, without limitation, to any private medical information ("PMI")  regardless of the source of the information.

3.      **Designation of Protected Material:**  Any party may designate such Discovery Material (defined below) and the information contained therein that the designating party reasonably and in good faith believes contains information requiring protected treatment—including, for example, sensitive personal

information not generally disclosed to the public or personal financial information—as Protected Material (defined below) subject to this Order by stamping "Confidential" on each page of the document or on each of page the portion(s) of the document for which protected treatment is designated; or highly sensitive information—including, for example, medical records and health information—as Protected Material subject to this Order by stamping "Attorneys Eyes Only" on each page of the document or on each of page the portion(s) of the document for which protected treatment is designated. Information designated as "Confidential" or "Attorneys Eyes Only" pursuant to this Paragraph 3 ("Protected Material") shall be treated as protected pursuant to this Order.

4. **Discovery Material:** The parties shall have the right to designate as Protected Material any part or the whole of any answers to discovery, answers in interrogatories, answers to requests for admission, deposition transcripts, responses to production requests, documents, expert reports, disclosures, exhibits, or deposition testimony, documents obtained by subpoena or other information (collectively, "Discovery Material") that the parties deem to be confidential. Any Discovery Material that the parties have designated as Protected Material shall constitute information under this Order requiring protected treatment, both in form and substance.

5. **Deposition Testimony:** Deposition testimony can be designated by the parties as Protected Material. Such designation will be made on the record, if possible, but the parties can designate portions of such testimony as Protected Material by providing written notice of such designation to the opposing party within thirty (30) days of the deposition to be designated as Protected Material. Until thirty (30) days after the deposition, all deposition testimony shall be treated by the parties as "Confidential."

6. **Native Documents:** Electronic documents produced in native format may be designated for protected treatment under this Order by designation on the physical media (e.g., disk, flash drive) containing such electronic documents; by naming the native file "Confidential" or "Attorneys Eyes Only," as applicable, along with its bates-number; or by stamping "Confidential" or "Attorneys Eyes Only," as applicable, on a slipsheet accompanying the native file if the file is served electronically.

7. **Limitation on Use:** Information designated for protected treatment under this Order, as well as copies, summaries, notes, memoranda, and computer databases relating thereto, shall be used strictly in accordance with the terms in this Order and solely for the purpose of prosecution or defense of this action. At no time shall such information be disclosed to or used by any person, corporation, or entity except as permitted by this Order. The parties, their attorneys, and anyone else acting

on their behalf shall take such precautions with Protected Material as are necessary to strictly maintain its confidentiality and comply with the terms of this Order.

8. **Limited Disclosure of "Confidential" Protected Material:** Except with the prior written consent of the individual or entity designating a document or portions of a document as "Confidential," or pursuant to an Order after notice, any document, transcript, or pleading given "Confidential" treatment under this Order, and any information contained in, or derived from, any such materials (including, but not limited to, all deposition testimony that refers to, reflects, or otherwise discusses any information designated "Confidential" hereunder) may not be disclosed other than in accordance with this Order and may not be disclosed to any person other than: (a) the Court and its officers, employees, and any stenographic reporters of such courts; (b) parties to this litigation; (c) counsel for the parties, whether retained outside counsel or in-house counsel, and employees of counsel assigned to assist such counsel in the preparation of this litigation; (d) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation; (e) fact witnesses testifying at a deposition; (f) present or former employees of the producing party in connection with their depositions in this action (provided that no former employees shall be shown confidential documents prepared after the date of his or her departure); and (g) experts

specifically retained as consultants or expert witnesses in connection with this litigation.

    9.    **Acknowledgement by Third-Parties:** Information designated as "Confidential" shall not be made available to any person designated in Subparagraph 8(e)-(g) unless such person has first read this Order, agreed to be bound by its terms, and signed the declaration of compliance attached hereto as Exhibit A.

    10.    **Limited Disclosure of "Attorneys Eyes Only" Protected Material:** Except with the prior written consent of the individual or entity designating a document or portions of a document as "Attorneys Eyes Only," or pursuant to an Order after notice, any document, transcript, or pleading given "Attorneys Eyes Only" treatment under this Order, and any information contained in, or derived from, any such materials (including, but not limited to, all deposition testimony that refers to, reflects, or otherwise discusses any information designated "Attorneys Eyes Only" hereunder) may not be disclosed other than in accordance with this Order and may not be disclosed to any person other than: (a) the Court and its officers, employees, and any stenographic reporters of such courts; (b) counsel for the parties, whether retained outside counsel or in-house counsel, and employees of counsel assigned to assist such counsel in the preparation of this litigation; (c) experts specifically retained as consultants or expert witnesses in connection with this litigation, including any such expert witnesses testifying at a deposition in this

matter; and (d) the individual plaintiff to whom the protected material relates, at any deposition of such plaintiff.

11.     **Filed Documents:**  Before filing any Discovery Material that has been designated "Confidential" or "Attorneys Eyes Only" with the Court, or any pleadings, motions, or other papers that disclose any such information, and before moving any Discovery Material into evidence at any trial or evidentiary hearing in this matter, counsel shall confer with counsel for the party that produced the information so designated about how it should be filed.  If the party that produced the information so designated desires that the materials be filed under seal, then the filing party shall either file the materials in accordance with Local Civil Rule 5.5, N.D. Fla., with notice served upon the producing party, or pursue the dispute resolution procedures in Paragraph 12 below.

12.     **Objection to Designation:**  In the event that any party disagrees with any designation made under this Order, the parties shall first try in good faith to resolve the disagreement informally.  If the dispute cannot be resolved, the party objecting to the designation may seek appropriate relief from this Court.  In seeking intervention by the Court, the party asserting the designation as "Confidential" or "Attorneys Eyes Only" shall bear the burden of demonstrating that the information is entitled to protection under this Order or other applicable law.  During the pendency of any challenge to the designation of a document or information, the

designated document or information shall continue to be treated as "Confidential" or "Attorneys Eyes Only," as applicable, subject to the provisions of this Order.

13. **Effect of Designation:** The designation of Protected Material pursuant to the Protective Order shall not be construed as a waiver of any objection or a concession by any party that such Protected Material is relevant or material to any use.  Nor shall a failure to object to the designation of any such Protected Material be construed as a concession by the receiving parties that such Protected Material is, in fact, confidential or otherwise entitled to protection under the terms of this Protective Order.  All parties maintain their respective rights to object to the production of requested documents on the grounds that they are not discoverable, including, but not limited to, objections based on any applicable privilege, undue burden, overbreadth, relevance, proportionality to the needs of the case, and protection under state or federal law, including decisional law.

14. **Late Designation:** The producing party's inadvertent production of any Discovery Material without designation as Protected Material, or failure to designate deposition testimony, shall not be deemed a waiver of the producing party's claim of confidentiality as to that material and shall not preclude a party at a later time from subsequently designating or objecting to the designation of such information or documents.  If the producing party wishes to afford protected treatment to any material after production, the producing party shall notify the

receiving party that the material is designated as "Confidential" or "Attorneys Eyes Only," as applicable. However, the parties understand and acknowledge that a party's failure to designate Discovery Material as protected under this Order relieves the other parties of any obligation of confidentiality until such a designation is made. All documents containing any such subsequently designated information will be thereafter treated in accordance with this Order. If the receiving party disagrees with the designation, the receiving party may follow the dispute resolution procedures in Paragraph 12 above.

15. **Privileged Material:** Consistent with Federal Rule of Evidence 502(d), the production of privileged or work-product protected documents or information is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

16. **Subpoena of Protected Material:** If a person in possession of Protected Material under this Order who is not the producing party with respect to that material receives a subpoena or other request that would require production or other disclosure of Protected Material, that person shall immediately give written notice to counsel for the producing party and identify the Protected Material sought and the date and time that production or other disclosure is required. In no event should production or disclosure be made without written approval by counsel for the

producing party or by further order of the Court or another court of competent jurisdiction

17. **Application to Court Proceedings:**  The parties cannot use or disclose any Protected Material in any court proceeding that is open to persons not authorized to have access to such Protected Material under the terms of this Order.  This provision does not limit the right of any of the Parties to file any Protected Material under seal as described above or submit any Protected Material in camera to the Court.

18. **No Limitation on Designating Party:**  Nothing herein shall be construed as limiting a party's use of its own Protected Material and such use shall not constitute a waiver of the terms of this Order or the status of such information as Protected Material.  Either party may remove the "Confidential" or "Attorneys Eyes Only" designation from any information it has previously so designated.

19. **Inadvertent Disclosure of Protected Material:** Should any Protected Material be disclosed, through inadvertence or otherwise, to any person and/or entity not entitled to access or review, then the disclosing party must:  (a) promptly inform the person or entity to whom inadvertent disclosure was made of all provisions of this Order and request in writing that such person or entity return the Protected Material to the disclosing party; and (b) promptly notify all counsel of record in this matter of the inadvertent disclosure.  Inadvertent disclosure of any Protected

Material, regardless of whether said Protected Material was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of the confidentiality of the Protected Material in accordance with the terms of this Protective Order, either as to specific Protected Material disclosed, or as to any other information relating thereto or relating to the same or related subject matter.

20. **Enforcement:** All persons to whom Protected Material is disclosed shall be subject to the jurisdiction of the Court, for the purpose of enforcing the terms of this Protective Order. The confidentiality obligations of this Order shall survive any settlement, judgment, or other disposition or conclusion of this action, and all appeals therefrom. This Court shall retain continuing jurisdiction to enforce the terms of this Order. This Protective Order shall continue in full force and effect and shall be binding upon the parties and all parties to whom Protected Material has been disclosed, both during and after the pendency of this case unless or until the designating party agrees in writing or the Court orders the disclosure of the Protected Material.

21. **Return of Protected Material:** Within sixty (60) days after the final resolution of this matter, including any settlement or appellate proceeding, the parties agree to return to opposing counsel, or destroy the original and any copies of any Protected Material produced. The attorneys for parties shall be entitled to retain all litigation documents, including exhibits and their own memoranda, containing

Protected Material. Such litigation documents and memoranda shall be used only for the purpose of preserving files from this action and shall not, without the written permission of the designating party or an order of the Court, be disclosed to anyone other than those to whom such information was actually disclosed, in accordance with this Protective Order. The ultimate disposition of Protected Material on the completion of litigation shall be subject to a final order of the Court.

22.    **Modification:** Any party may at any time and for any reason seek modification of this Order. This Order can be modified only by written agreement of the parties or by Order of this Court. Each party reserves the right to object to any party's motion or request to modify this Order.

    **IT IS SO ORDERED**.

Date: _____

                        _____
                        United States District Judge/Magistrate Judge

AGREED TO BY:

**PILLSBURY WINTHROP SHAW PITTMAN, LLP**

**Jennifer Altman** (Fl. Bar No. 881384)
**Shani Rivaux** (Fl. Bar No. 42095)
600 Brickell Avenue, Suite 3100
Miami, FL 33131
(786) 913-4900
jennifer.altman@pillsbury.com
shani.rivaux@pillsbury.com

**William C. Miller***
**Gary J. Shaw***
1200 17th Street N.W.
Washington, D.C. 20036
(202) 663-8000
william.c.miller@pillsburylaw.com

**Joe Little***
500 Capitol Mall, Suite 1800
Sacramento, CA 95814
(916) 329-4700
joe.little@pillsburylaw.com

**NATIONAL HEALTH LAW PROGRAM**

**Abigail Coursolle***
3701 Wilshire Boulevard, Suite 315
Los Angeles, CA 90010
(310) 736-1652
coursolle@healthlaw.org

**Catherine McKee***
1512 E. Franklin Street, Suite 110
Chapel Hill, NC 27541
(919) 968-6308
mckee@healthlaw.org

**LAMBDA LEGAL DEFENSE AND EDUCATION FUND, INC.**

**Omar Gonzalez-Pagan***
120 Wall Street, 19th Floor
New York, NY 10005
(212) 809-8585
ogonzalez-pagan@lambdalegal.org

**Carl S. Charles***
1 West Court Square, Suite 105
Decatur, GA 30030
(404) 897-1880
ccharles@lambdalegal.org

**SOUTHERN LEGAL COUNSEL, INC.**

**Simone Chriss** (Fl. Bar No. 124062)
**Chelsea Dunn** (Fl. Bar No. 1013541)
1229 NW 12th Avenue
Gainesville, FL 32601
(352) 271-8890
Simone.Chriss@southernlegal.org
Chelsea.Dunn@southernlegal.org

**FLORIDA HEALTH JUSTICE PROJECT**

**Katy DeBriere** (Fl. Bar No. 58506)
3900 Richmond Street
Jacksonville, FL 32205
(352) 278-6059
debriere@floridahealthjustice.org

* *Admitted pro hac vice.*
*Counsel for Plaintiffs*

**HOLTZMAN VOGEL BARAN
TORCHINSKY & JOSEFIAK PLLC**

Mohammad O. Jazil (FBN 72556)
Gary V. Perko (FBN 855898)
Michael Beato (FBN 1017715)
mjazil@holtzmanvogel.com
gperko@holtzmanvogel.com
mbeato@holtzmanvogel.com
119 S. Monroe St., Suite 500
Tallahassee, FL 32301
(850) 270-5938

*Counsel for Defendants*

# **EXHIBIT A**

The undersigned has read and understands the terms of the Stipulated Protective Order effective in this case, August Dekker *et al. v.* Simone Marstiller*, et al.,* Civil Action No. 4:22-cv-00325-RH-MAF, which is currently pending in the United States District Court for the Northern District of Florida, Tallahassee Division.

The undersigned agrees (i) to abide by the terms of the Stipulated Protective Order; (ii) not to use or divulge, under penalty of law, any documents, materials or other information covered by the Stipulated Protective Order, including confidential information, except as permitted by the terms of the Stipulated Protective Order; and (iii) to submit to the jurisdiction of the United States District Court for the Northern District of Florida, Tallahassee Division, for resolution of any issues arising under the Stipulated Protective Order.

Signed: _____

Printed: _____

Dated: _____