# SOUTHERN LEGAL COUNSEL
## BALANCING THE SCALES SINCE 1977

1229 N.W. 12th Avenue ◆ Gainesville, Florida 32601-4113 ◆ PHONE (352) 271-8890
FAX (352) 271-8347 ◆ slc@southernlegal.org ◆ www.southernlegal.org

**BOARD OF DIRECTORS**
Clifford C. Higby, Chair
Brianna Chesteen
Dr. Karina Descartin
Marta M. Estevez
William S. Graessle
E. Andrus Healy
Berta E. Hernández-Truyol
Dr. Harry Krop
Aeriel V. Lane
Marni Lennon
Barbara Bolton Litten
Keith Maynard
Seth R. Nelson
Gabriela M. Ruiz
Steven J. Sherman
Ken Thomas
Dr. Jethro Toomer
Barbara J. Walker
Nina Zollo

**ATTORNEYS**
Jodi Siegel, Executive Director
Simone Chriss
Chelsea Dunn
Daniel Marshall

January 9, 2023

**Via Email**

Mohammad Jazil, mjazil@holtzmanvogel.com
Gary Perko, gperko@holtzmanvogel.com
Michael Beato, mbeato@holtzmanvogel.com

    Re: *Dekker v. Marstiller*, Case No.
    Defendants' Responses to Plaintiffs First Requests for Production

Dear Counsel,

  To follow up from the meet and confers held on December 30, 2022, and January 5, 2023, we write to address issues and insufficiencies in Defendants' Responses to Plaintiffs Requests for Production, as updated by Defendants' Amended Requests for Production, served on January 6, 2023.

1) **Defendants have limit the time frame for Plaintiffs' Requests without any grounds for doing so beyond asserting "their" idea of the relevant timeline.**
   a. Relevant to Responses to Requests 3, 4, 5, 8, 9, 10, 11, 12, 13 14, 15, 17, 18, 19, 25-33, 35-39, 41, 42, 43, 46, 52, 54, 55
   b. Issues: The Exclusion being promulgated in 2022 does not bear relevance to our ability to receive responsive documents outside of that time frame. Plaintiffs cannot rely on Defendants' representations about what time frames are relevant to their

inquiry—Plaintiffs don't know when ACHA first started looking into this process and need information about the process before this iteration of it to inform prosecution of the Plaintiffs case. Further, documents demonstrating Medicaid's handling of claims for or policies and procedures regarding the relevant treatments prior to the promulgation of the rule are certainly relevant to this case. If search beyond 2022 for responsive documents nets nothing, that's one thing, but that's not what has happened here, Defendants are refusing to produce responsive documents beyond this year which is improper. Plaintiffs know such a search is not impossible because Defendants have agreed to do so for Requests 28-32, though Plaintiffs object to the limitation on those requests as well not going back to 2010.

c. For the following requests, we stand by our original timelines and request that Defendants search for and produce all documents since January 1, 2015.

   i. Request Nos. 11 & 12: The fact that the rule was promulgated in 2022 is not relevant to this request. Plaintiffs are entitled to documents demonstrating how Medicaid was handling claims for these services prior to the Challenged Exclusion and any communications with CMS for these services.

   ii. Request Nos. 18 & 19: Defendant's limitation is particularly problematic for these requests,.which seek documents, criteria, and communications from Managed Care Orgs about Medicaid coverage of Gender Dysphoria. Plaintiffs need to understand documents and communications being exchanged between AHCA and the MCOs about this type of care before the challenged exclusion went into effect.

   iii. Request No. 33: We do not agree to Defendant's limitation on the time frame and maintain our request for documents from 2015 to present. Communications that reflect how AHCA was handling coverage of treatment and services for gender dysphoria prior to the promulgation of the current rule are relevant and proportional to the needs of the case.

   iv. Requests Nos. 35-39: Defendants' responses do not make it clear whether there are any responsive documents. Defendants have raised objections based on privilege and an overly broad time period. To the extent that there are documents which are protected by privilege, please provide a privilege log

       (and see below). If there are no documents please state as much. We do not believe narrowing of the time frame is warranted for these requests.

    v. Request No. 46: Plaintiffs are entitled to all documents in the possession of AHCA related to their own Medicaid coverage. We do not agree to Defendants time limitation.

    vi. Request No. 54 & 55: Defendant's objection and narrowing of the time frame for this request is entirely frivolous. Plaintiffs are entitled to any non-privileged documents Defendants are relying upon in support of their admissions or denials of any of the allegations contained in the complaint, or their responses to any interrogatory or request for admission, regardless of date.

d. Plaintiffs believe that the time frame for their requests is relevant and proportional to the needs of the case. However, in the interests of moving forward with discovery, we will agree to the following narrowed timelines, without waiving the right to follow up on our original request if it is determined after reviewing documents produced that there is a relevant line of inquiry that falls outside of these narrowed timelines.

    i. Request Nos. 3-5: Defendants state that they will produce all non-privileged responsive documents, and then state that the time period of these documents is January 1, 2022 to September 7, 2022. Please clarify whether this means that the only documents that exist are within this time frame, or whether Defendants are only producing documents within this time frame.

    ii. Request Nos. 8, 10, 13, 14, 15, 17: we agree to narrow the timeline to January 1, 2021 to present. While it may be that there are no documents to produce from 2021, Defendants can indicate as much in their response rather than unilaterally limiting the time frame.

    iii. Request Nos. 25 & 26: we agree to narrow the timeline to January 1, 2020 to present. While it may be that there are no documents to produce from 2020 or 2021, Defendants can indicate as much in their response rather than unilaterally limiting the time frame.

    iv. Request Nos. 27 – 32: we agree to limit the time frame to begin on January 1, 2012.

      v. Request Nos. 41-43, 52: we agree to narrow the timeline to begin on January 1, 2021. While it may be that there are no documents to produce from 2020 or 2021, Defendants can indicate as much in their response rather than unilaterally limiting the time frame.

2) **Attorney Client Privilege and Work Product Objections are Improper**

    a. Rule 502 defines (1) "attorney-client privilege" as the protection that applicable law provides for confidential attorney-client communications; and (2) "work-product protection" as the protection that applicable law provides for tangible material (or its intangible equivalent) prepared in anticipation of litigation or for trial. Defendants assert attorney-client privilege for many requests related to individuals with whom, to Plaintiffs' knowledge, there is no an attorney-client relationship. They also cite work product protection in response to requests that seek a much broader set of documents than just documents reflecting the mental impressions or litigation strategy and that cover material that was not created in anticipation of trial, but rather was created in the interest of promulgating the exclusion. Plaintiffs are entitled to documents related to the rule promulgation but will wait until receiving Defendants' privilege log before addressing specific objections.

3) **Offering Non-Responsive, Publicly Available Information Rather than Relevant, Responsive Coverage Policies and Guidelines** (Requests 6, 7, 9, 16, 20, 21, 24, 27)

    a. Request Nos. 6, 7, 16, and 40 : Defendants have also referred to the GAPMS memo in response to requests about all data and reports presented, relied upon, reviewed, and considered by Defendants in connection with the development and promulgation of the GAPMS Memo.

        i. Defendants' response suggests that nothing was considered beyond what is included in or attached to the GAPMS memo, so Plaintiffs expect that Defendants will agree to a stipulation that they did not review any other data, reports, or evidence except what is included in the GAPMS memo.

    b. Request Nos. 20, 21, & 24: In response to a request for all guidance on the medically necessary standard and its application to gender dysphoria (Requests 20 and 21), Defendants have pointed to their publicly available [definition]() only. Defendants point to this same document in response to our request for AHCA's criteria for covering relevant treatments prior to the Challenged Exclusion.

4

        i. This response is entirely deficient. There are two sets of documents that Plaintiffs seek by these requests: (1) policies and guidelines setting forth criteria for coverage of the listed treatments and services developed by AHCA and disseminated to the MCOs or to other third parties; and (2) policies and guidines setting forth criteria for coverage of the listed treatments and services developed by the MCOs and used to justify coverage decisions in, for example, Medicaid Fair Hearings or Plan Appeal Resolutions. We are aware of at least two such policies, copies of which have been sent to AHCA general counsel as exemplars.

4) **Search Terms**
   a. Request 33: Defendants refuse to do a general search for communications with our list of terms. (Request 33). They will only produce communications with the term "gender dysphoria." Defendants may not unilaterally determine the scope of discovery particularly when Plaintiffs have provided narrowly tailored list of search terms relevant to the issues at hand in this case.
   b. Based on our discussion on 1/5/23, General Counsel for AHCA was to provide additional information about the results of the search for "transgender" that was so massive that it could not be processed. General Counsel for AHCA was to also provide information about the results of the remaining search terms (gender reassignment," "sexual reassignment," gender-affirming," "gender affirming," "gender transition," "medical transition," "social transition," transsexual," or "sex change).
   c. The information promised has not been provided, however. Instead, Defendants have amended their response to indicate that searching two of plaintiffs search terms, "gender-affirming" and "gender affirming," also lead to "an excessive number of results."
   d. Plaintiffs provide the following list of potential custodians to expedite production of the requested communications, without waiving the right to follow up on our original request if it is determined after reviewing documents produced that there are other relevant custodians. Plaintiffs also request that a meeting be scheduled with each parties' respective IT representatives to determine if there is a way to make the production of emails production more manageable.

i. Custodians:
    1. Matthew Brackett
    2. Nai Chen
    3. Ann Dalton
    4. Cody Farrill
    5. Cole Giering
    6. Shena Grantham
    7. Kim Kellum
    8. Simone Marstiller
    9. Devona Pickle
    10. Andrew Sheeran
    11. Josefina Tamayo
    12. Tom Wallace
    13. Jason Weida
    14. Jeffrey English
    15. Christopher Cogle
    16. Richard Shoop
    17. John Matson
    18. Jesse Botcher

5) **Defendants refuse to produce AHCA's directories and organizational charts. (Request 34**).
    a. The current organizational chart was promised at the January 5th meet & confer. Now, Defendants equivocate about whether or not it will be produced. We expect that the current organizational chart will be produced on January 13, 2023.

6) **General Insufficiencies in Other Responses**
    a. Request Number 2: Documents evidencing the total number of Florida Medicaid recipients who have diagnoses of Gender Dysphoria
        i. Response "Defendants do not have a document that states the total number of Florida Medicaid recipients who have been diagnosed with gender dysphoria."
            1. Plaintiffs asked for "documents" plural, not singular. We seek any documents indicating a Medicaid beneficiary has a diagnosis of gender

      dysphoria, which would include any summaries or reports showing coverage for a service or treatment being offered to treat a diagnosis of gender dysphoria. Plaintiffs seek any such documents, in addition to those described in Defendants' amended response.

  b. Request No. 46: Defendant asserts that Plaintiffs were provided their Medicaid files during the preliminary injunction hearing. Plaintiffs do not believe they were given complete copies of each Plaintiffs' Medicaid file and would ask Defendants to ensure that this is the case, and if so, to please indicate in their Response that there are no additional documents to provide.

**7) Defendants refuse to produce docs relied on by their experts. (Request 47).**

  a. Plaintiffs are asking for the documents, not Defendants' counsel communications with their clients about those documents. These are not protected by attorney client privilege. The fact that an expert has disclosed or listed the documents used in their report does not relieve Defendants from having to produce those documents.

**8) Defendants refuse to produce documents related to interrogatory requests**

  a. In Interrogatory Requests No. 6 & 8, Plaintiffs asked Defendants to identify all meetings related to the Challenged Exclusion, as well as all documents and materials relating to those meetings. Defendants have only agreed to identify the dates and attendees of such meetings through calendar invites, and not the documents. And Request No. 55 would require any documents used to prepare interrogatories to be produced. So this creates a deficiency in the response to Request No. 55. Knowing that a meeting happened doesn't satisfy this request. Defendants must produce the documents, materials, or notes related to these meetings. If Defendants intend to rely on their objection that this search would be "broad and burdensome," they must provide more details as to why it is broad and burdensome, rather than broad generalizations.

If Defendants do not amend their responses to address these insufficiencies by Thursday, January 11, 2023, Plaintiffs will have no choice but to seek court intervention.

                                          Respectfully,

                                          /s/ *Chelsea Dunn*
                                          Counsel for the Plaintiffs