IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

AUGUST DEKKER et al.,

  Plaintiffs,

v.          CASE NO. 4:22cv325-RH-MAF

SIMONE MARSTILLER et al.,

  Defendants.

_____/

## ORDER COMPELLING DISCOVERY AND EXTENDING THE DISCOVERY DEADLINE

  This order compels the defendants to produce documents as announced on the record of the hearing on January 26, 2023. The analysis of the individual document requests is not repeated in this order.

  One issue resolved against the defendants at the hearing was their claim of work-product protection for communications with experts in the rulemaking process. The experts provided opinions ostensibly relied on as a basis for the rule that was later adopted and that the plaintiffs now challenge. *See* Fla. Admin. Code r. 59G-1.035(4)(f) (requiring the agency to consider "recommendations or assessments by clinical or technical experts on the subject or field" to determine

whether a health service is consistent with generally accepted medical standards). The defendants do not assert documents created solely in connection with that process are protected. But they say these documents were created not only for rulemaking purposes but also for use in litigation they knew would come after adoption of the rule.

The decision in *United States v. Davis*, 636 F.2d 1028 (5th Cir. 1981), is binding in the Eleventh Circuit. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc). *Davis* holds that work-product protection can apply to a document created when litigation was not imminent, if the "primary motivating purpose behind the creation of the document was to aid in possible future litigation." *Davis*, 636 F.2d at 1040. Even if this leaves room in an appropriate circumstance for protection of documents created for dual purposes—not just when the primary purpose was to aid in future litigation—the experts at issue here were an essential part of the mandated rulemaking process. Either the experts were retained to assist in an honest evaluative process—in which event their communications were not within work-product protection—or the rulemaking process was a sham and the real goal was to prevail in the anticipated litigation—a possibility the defendants could embrace to win the discovery battle only by acknowledging that the rulemaking process was fatally flawed, or nearly so. At the

hearing, the defendants denied that the rulemaking process was flawed or that the experts' opinions were not actually considered as part of that process.

The defendants asserted a significant number of other, plainly unfounded objections, and they stood on objections to some requests even after producing all the covered documents. Under Federal Rule of Civil Procedure 37(a)(5)(A), the party or attorney whose conduct necessitated a discovery motion "must" be ordered to pay the reasonable expenses incurred in making the motion, including attorney's fees, unless the moving party filed the motion before attempting in good faith to obtain the discovery without court action, or the opposing party's position was "substantially justified," or "other circumstances make an award of expenses unjust." Unless one of these conditions is met, an award of expenses is "mandatory." *Devaney v. Cont'l Am. Ins. Co.*, 989 F.2d 1154, 1162 (11th Cir. 1993) (citing *Merritt v. Int'l Bhd. of Boilermakers*, 649 F.2d 1013, 1019 (5th Cir. Unit A June 1981)). A position is "substantially justified" if it results from a "genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (citations, quotation marks, and brackets omitted); *Devaney*, 989 F.2d at 1163.

In many respects, the defendants' position was not substantially justified. An award might well be "mandatory," and I would make an award as a matter of discretion even if an award was not mandatory. To avoid unnecessary expense in

determining the amount of the fee award, this order sets an amount, subject to redetermination. The fee is well below a reasonable fee for the entire motion, because the defendants' position was not unjustified in all respects.

IT IS ORDERED:

1. The plaintiffs' motion to compel document production, ECF No. 81, is granted on all requests except 33, 52, 54, and 55. The motion is denied on requests 52, 54, and 55. The motion is denied without prejudice on request 33, but the parties must confer on that request, and the plaintiffs may renew the motion if an agreement is not reached.

2. The defendants must produce the documents described in production requests 3, 4, 5, 8, 10, 11, 13, 14, 15, 17, 25, 26, 41, 42, 43, 6, 7, 16, 19, 21, 24, 35, 36, 37, 38, 39, 40, and 47, except as otherwise set out in this order. Documents that have already been produced need not be produced again.

3. The defendants' claim of attorney-client privilege or work-product protection for communications with or documents prepared by or provided to experts prior to August 21, 2022 is overruled; the requested documents must be produced. The claim of work-product protection for communications between the defendants' attorneys and experts on or after August 21, 2022 is governed by Federal Rule of Civil Procedure 26(b)(4)(B) and (C).

4. The defendants must file by February 2, 2022 a revised privilege log showing documents for which the defendants claim privilege or work-product protection on other grounds. This order does not compel production of those documents. The parties must confer in good faith on the claim. If the plaintiffs assert documents have been improperly withheld, they may file an additional motion to compel.

5. As authorized by Federal Rule of Evidence 502(d), otherwise-valid claims of attorney-client privilege and work-product protection are not waived by disclosure in this litigation.

6. The deadline is January 30, 2023 for the production of communications with experts required by this order.

7. The deadline is February 2, 2023 for the remainder of the production required by paragraph 2 of this order.

8. The deadline was January 27, 2023 for a first meet-and-confer of information-technology personnel from the two sides regarding production request 33. The deadline is February 2, 2023 to complete a comprehensive meet-and-confer of the information-technology personnel on this subject. The two sides must confer in good faith in an effort to agree on a process for producing needed documents without undue burden.

9. The deadline for fact discovery is extended to February 14, 2023.

10.     The plaintiff must pay the defendant $2,000 as attorney's fees. If a party asserts that this is not a reasonable amount, the party may move within 14 days to redetermine the amount, and the matter will be reconsidered de novo. Attorney's fees may be assessed against the party who loses any such motion to redetermine. The fees assessed under or based on this order must be paid by February 17, 2023 (if no motion to redetermine is filed) or within 14 days after entry of an order on any motion to redetermine.

SO ORDERED on January 30, 2023, nunc pro tunc January 26, 2023.

s/Robert L. Hinkle
United States District Judge