THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
Tallahassee Division

AUGUST DEKKER, et al.,

    *Plaintiffs*,

v.

JASON WEIDA, et al.,

    *Defendants*.

Case No. 4:22-cv-00325-RH-MAF

**DECLARATION OF ATTORNEY JOE LITTLE
IN SUPPORT OF PLAINTIFFS' OPPOSITION TO
DR. MIRIAM GROSSMAN'S MOTION TO QUASH SUBPOENA**

I, Joe Little, pursuant to 28 U.S.C. § 1746, declare as follows:

1.    I am over the age of eighteen and make this declaration from my own personal knowledge.

2.    I am an attorney with Pillsbury Winthrop Shaw Pittman LLP in Sacramento, California, and I have been retained by Plaintiffs as co-counsel in the above-captioned matter.

3.    I was granted leave to appear in this case *pro hac vice* on September 15, 2022 (ECF No. 27).

4.    I make this Declaration in support of Plaintiffs' Opposition to Dr. Miriam Grossman's Motion to Quash Subpoena (ECF No. 93).

5.  In December 2022, I conducted public records searches which indicated that Dr. Grossman most recently resided in Los Angeles. The process server my firm employed was unsuccessful at serving Dr. Grossman at the Los Angeles address.

6.  Dr. Grossman explained to Plaintiffs' counsel on January 5th, 2023 that she now lived in New York and that her attorney would be in touch soon.

7.  Following communications with Dr. Grossman on January 5, 2023, Plaintiffs' counsel immediately caused the subpoena to be routed for service in New York.

8.  On January 26th, I identified authority suggesting the need to reissue the subpoena due to geographical limitations on the place for production. So, I issued a second subpoena the next day. Attached as **Exhibit A** is a true and correct copy of Plaintiffs' second subpoena dated January 27, 2023, served on Dr. Grossman in Monsey, New York and which is the operative subpoena in this matter.

9.  On Friday, February 3, 2023, the first mutually agreeable time for counsel to meet, I spoke on the phone with Dr. Grossman's counsel Daniel Nordby. Early in the call, I corrected Mr. Nordby's stated misconception that only one subpoena had been issued and served in this matter. Following my correction and Mr. Nordby's apparent acceptance of this correction, neither of us broached the issue again prior to Mr. Nordby's filing of the instant Motion. I expected that Mr. Nordby would inquire further with his client regarding the existence of a second subpoena, the service of

which moots both the jurisdictional and timing concerns raised in the Motion.

10. For the rest of this twelve-minute Friday afternoon call, Mr. Nordby and I discussed the remaining objections to the subpoena. I offered to relay the discussion to his co-counsel and to respond in writing by the coming Monday, clarifying that it was unlikely that I could achieve my co-counsel's consensus and formalize such consensus before Monday, though I would try. Mr. Nordby responded that this was acceptable. Strangely, the call ended with Mr. Nordby stating that he had been and was still contemplating filing a motion to quash in the unspecified near future solely to "preserve [Dr. Grossman's] rights." I appreciated the warning but did not anticipate that Mr. Nordby would file this Motion the morning of the very next business day, especially in light of my promise to narrow the requests by the next business day.

11. Dr. Grossman's counsel never communicated to me Dr. Grossman's position that there were two subpoenas but that they were identical.

12. Hours before this Opposition was filed in advance of tomorrow's hearing, I finally received the proof of service demonstrating that two nonidentical subpoenas were indeed served on Dr. Grossman. Attached as **Exhibit B** is a true and correct copy of the proof of service for Plaintiffs' subpoena dated January 27, 2023, served on Dr. Grossman in Monsey, New York.

13. This morning, I emailed Mr. Nordby the second subpoena, the proof of service, and the various concessions contained herein. I also requested that Mr. Nordby withdraw the Motion in light of my email's contents and attachments. I received no response prior to the filing of this Opposition. Attached as **Exhibit C** is a true and correct copy of an email from Attorney Joe Little to Attorney Daniel Nordby dated February 8, 2023.

14. Defendants' document collection efforts so far have yielded few documents featuring Dr. Grossman. However, not only was a motion to compel necessary for Plaintiffs to get relevant documents from Defendant AHCA, but the production of documents pursuant to agreed-upon search terms remains pending. Indeed, Defendants have represented that their document collection efforts have been subject to error, with Defendants citing corrupted documents, missing custodian records, and the like. Defendants continue to experience significant trouble exporting emails from their system.

15. The Rule 30(b)(6) deposition, which is ongoing as of the time of this filing, has already revealed that AHCA consulted extensively with Dr. Grossman as it undertook its GAPMS review and that AHCA undertook its GAPMS review in response to a direct request of the Governor and not in response to the FDOH's April 20, 2022 guidance.

16. Attached as **Exhibit D** is a true and correct copy of public information for a purchase order issued by Florida's Chief Financial Officer for services rendered by Dr. Grossman related to the GAPMS Process, which I accessed on February 7, 2023.

17. Attached as **Exhibit E** is a true and correct copy of an email from Dr. Grossman dated July 7, 2022 produced by Defendants in this litigation.

18. Attached as **Exhibit F** is a true and correct copy of an email from Dr. Grossman dated July 9, 2022 produced by Defendants in this litigation.

19. Attached as **Exhibit G** is a true and correct copy of an email from Dr. Grossman dated July 8, 2022 produced by Defendants in this litigation.

20. Attached as **Exhibit H** is a true and correct copy of an email from Jason Weida dated July 19, 2022 produced by Defendants in this litigation.

21. Attached as **Exhibit I** is a true and correct copy of Dr. Grossman's biography, which I pulled from the website **www.miriamgrossmanmd.com** on February 7, 2023.

22. Attached as **Exhibit J** is a true and correct copy of an *amicus curiae* brief filed by Dr. Grossman and others before the Eleventh Circuit Court of Appeals in *Adams v. School Board of St. Johns County, Florida*, No. 18-13592.

23. Attached as **Exhibit K** is a true and correct copy of the webpage titled *Gov. DeSantis appoints ADF Senior Counsel Denise Harle to Florida Faith-Based and Community-Based Advisory Council*, published on December 23, 2021,

https://tinyurl.com/kfcxudpr.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 8, 2023.

By: /s/ Joe Little
Joe Little (*pro hac vice*)
500 Capitol Mall, Suite 1800
Sacramento, CA  95814
(916) 329-4700
*joe.little@pillsburylaw.com*
