THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
Tallahassee Division

AUGUST DEKKER, et al.,

    *Plaintiffs*,

v.

JASON WEIDA, et al.,

    *Defendants*.

Case No. 4:22-cv-00325-RH-MAF

## PLAINTIFFS' NOTICE OF INTENT TO SERVE SUBPOENA

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

**PLEASE TAKE NOTICE** that, pursuant to Federal Rule of Civil Procedure 45, Plaintiffs August Dekker, Brit Rothstein, Susan Doe (by and through her parents and next friends Jane Doe and John Doe), and K.F. (by and through his parent and next friend Jade Ladue) intend to serve the attached subpoena to produce documents (Exhibit A) on Miriam Grossman, M.D. The place of production shall be Veritext Legal Solutions, 7 Times Square, 16th Floor, Suite 1604, New York, NY 10036.

\*   \*   \*

Respectfully submitted this 27th of January, 2023.

| | |
|---|---|
| **PILLSBURY WINTHROP SHAW PITTMAN, LLP** | **LAMBDA LEGAL DEFENSE AND EDUCATION FUND, INC.** |
| By: */s/ Jennifer Altman*<br>**Jennifer Altman** (Fl. Bar No. 881384)<br>**Shani Rivaux** (Fl. Bar No. 42095)<br>600 Brickell Avenue, Suite 3100<br>Miami, FL 33131<br>(786) 913-4900<br>jennifer.altman@pillsburylaw.com<br>shani.rivaux@pillsburylaw.com | By: */s/ Omar Gonzalez-Pagan*<br>**Omar Gonzalez-Pagan**\* 120 Wall Street, 19th Floor New York, NY 10005<br>(212) 809-8585<br>ogonzalez-pagan@lambdalegal.org |
| **William C. Miller**\*<br>**Gary J. Shaw**\*<br>1200 17th Street N.W.<br>Washington, D.C. 20036<br>(202) 663-8000<br>william.c.miller@pillsburylaw.com<br>gary.shaw@pillsburylaw.com | **Carl S. Charles**\*<br>1 West Court Square, Suite 105<br>Decatur, GA 30030<br>(404) 897-1880<br>ccharles@lambdalegal.org |
| **Joe Little**\*<br>500 Capitol Mall, Suite 1800<br>Sacramento, CA 95814<br>(916) 329-4700<br>joe.little@pillsburylaw.com | **SOUTHERN LEGAL COUNSEL, INC.**<br><br>**Simone Chriss** (Fl. Bar No. 124062)<br>**Chelsea Dunn** (Fl. Bar No. 1013541)<br>1229 NW 12th Avenue<br>Gainesville, FL 32601<br>(352) 271-8890<br>Simone.Chriss@southernlegal.org<br>Chelsea.Dunn@southernlegal.org |
| **NATIONAL HEALTH LAW PROGRAM** | **FLORIDA HEALTH JUSTICE PROJECT** |
| **Abigail Coursolle**\*<br>3701 Wilshire Boulevard, Suite 315<br>Los Angeles, CA 90010<br>(310) 736-1652<br>coursolle@healthlaw.org | **Katy DeBriere** (Fl. Bar No. 58506) 3900 Richmond Street<br>Jacksonville, FL 32205<br>(352) 278-6059<br>debriere@floridahealthjustice.org |
| **Catherine McKee**\*<br>1512 E. Franklin Street, Suite 110<br>Chapel Hill, NC 27514<br>(919) 968-6308<br>mckee@healthlaw.org | *\* Admitted pro hac vice.* |

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing was served by email on January 27, 2023, on all counsel of record:

Mohammad O. Jazil (FBN 72556)
Gary V. Perko (FBN 855898)
Michael Beato (FBN 1017715)
mjazil@holtzmanvogel.com
gperko@holtzmanvogel.com
mbeato@holtzmanvogel.com
HOLTZMAN VOGEL BARANTORCHINSKY & JOSEFIAK PLLC
119 S. Monroe St., Suite 500
Tallahassee, FL 32301

**COUNSEL FOR DEFENDANTS**

                                              */s/ Joe Little*
                                          **ATTORNEY FOR PLAINTIFFS**

# **EXHIBIT A**

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Florida

| | |
|---|---|
| AUGUST DEKKER, et al., *Plaintiff* | ) ) ) |
| v. | ) Civil Action No. 4:22-cv-00325-RH-MAF |
| JASON WEIDA, et al., *Defendant* | ) ) ) |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Mirian Grossman MD
32 S Monsey Road, Monsey, NY 10952
*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached

| Place: Veritext Legal Solutions, 7 Times Square, 16th Floor, Suite 1604, New York, NY 10036 | Date and Time: February 14, 2023 |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 1/27/2023

*CLERK OF COURT*

OR

_____          /s/ Jennifer Altman
*Signature of Clerk or Deputy Clerk*           *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* AUGUST DEKKER, et al. , who issues or requests this subpoena, are:

Jennifer Altman, 600 Brickell Ave., Suite 3100, Miami, FL 33131, jennifer.altman@pillsburylaw.com, (786) 913-4831

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 4:22-cv-00325-RH-MAF

**PROOF OF SERVICE**
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Case 4:22-cv-00325-RH-MAF   Document 102-2   Filed 02/08/23   Page 7 of 19

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**Confidential Attachment to Subpoena**

**AUGUST DEKKER, et al. v. JASON WEIDA, et al.**

**N.D. Fla. Civil Action No. 4:22-cv-00325-RH-MAF**

You are commanded to produce at the time, date and place set forth in the accompanying subpoena, the following documents, electronically stored information (ESI), or objects, and to permit inspection or copying of the material.

**DEFINITIONS**

1.  "Anti-transgender ideas" means any view which expresses the idea that being transgender is wrong, or that transgender people are suspect, immoral, or not deserving of rights or protections. It also means any view advocating for the curtailing of any medical treatment of gender dysphoria by private or public medical organizations.

2.  "Communication" has the full scope and meaning of the term appearing in the Federal Rules of Civil Procedure and any applicable local rules and also means: any written, oral, or electronic exchange or transmission of information by any means, including face-to-face conversation, in-person meeting, mail, telephone, electronic mail, facsimile, instant message, social media, and the Internet.

3.  "Document" has the full scope and meaning of the term appearing in the Federal Rules of Civil Procedure and any applicable local rules and also means: the complete original or a true, correct, and complete copy and any non-identical

copies of any written, recorded, or graphic material, no matter how produced, recorded, stored, or reproduced, including any writing, letter, envelope, telegram, electronic mail, attachment to electronic mail, facsimile, message, instant message, voicemail, meeting minute, memorandum, statement, book, publication, record, survey, map, study, report, handwritten note, drawing, working paper, chart, tabulation, graph, tape, data sheet, data processing card, printout, microfilm, microfiche, photograph, index, scientific notebook, appointment book, diary, diary entry, calendar, desk pad, telephone message slip, and any other data compilation in Your possession, custody, or control. The term "Document" includes, without limitation, Communications. A draft, version, or non-identical copy is a separate Document within the meaning of this term.

4. "GAPMS Memo" refers to June 2022 publication titled "Florida Medicaid: Generally Accepted Professional Medical Standards Determination on the Treatment of Gender Dysphoria" by the Florida Agency for Health Care Administration.

5. "Gender Dysphoria" refers to the clinically significant distress or impairment related to the incongruence between one's experienced/expressed gender and their assigned sex at birth, including their primary and/or secondary sex characteristics. For purposes of these Requests, "Gender Dysphoria" shall include: (a) the diagnoses for "Gender dysphoria in adolescents and adults" and "Gender

dysphoria in children," as defined within *Diagnostic and Statistical Manual of Mental Disorders, Fifth Edition* (DSM-5) and the *Diagnostic and Statistical Manual of Mental Disorders, Fifth Edition, Text Revision* (DSM-5-TR); (b) the diagnosis for "gender identity disorder," including any subcategories such as "Gender Identity Disorder in Adolescents and Adults," "Gender Identity Disorder in Children," and "Gender Identity Disorder Not Otherwise Specified," as defined within the *Diagnostic and Statistical Manual of Mental Disorders, Fourth Edition* (DSM-IV) and the *Diagnostic and Statistical Manual of Mental Disorders, Fourth Edition, Text Revision* (DSM-IV-TR); (c) the diagnosis for "gender identity disorder," including any subcategories such as "Gender Identity Disorder in Children," "Transsexualism," and "Gender Identity Disorder of Adolescence or Adulthood, Nontranssexual Type," and Gender Identity Disorder not Otherwise Specified," as defined within the *Diagnostic and Statistical Manual of Mental Disorders, Third Edition, Revision* (DSM-III-TR); (d) the diagnosis for "gender identity disorder," including any subcategories such as "Gender Identity Disorder in Children," "Transsexualism," and "Atypical Gender Identity Disorder," as defined within the *Diagnostic and Statistical Manual of Mental Disorders, Third Edition* (DSM-III); and (e) the diagnoses for "gender incongruence of adolescence and adulthood" and "gender incongruence of childhood," as defined within the *International Classification of Diseases, Eleventh Revision* (ICD-11); and the diagnoses for

"transsexualism" and "gender identity disorder," including any subcategories, as defined within the *International Classification of Diseases, Tenth Revision* (ICD-10) and *International Classification of Diseases, Ninth Revision* (ICD-9).

6. The term "person" means any natural person, partnership, association, corporation, joint venture, trust, community group, government or subdivision of any government (including any instrumentality, bureau, department, office, or agency of any government), not-for-profit enterprise, or other business entity, and all present and former officers, directors, agents, administrators, managers, representatives, contractors, consultants, employees, or other persons acting or purporting to act on behalf of such person.

7. The terms "related to," "relating to," "referring," or "concerning" mean discussing, describing, reflecting, involving, including, containing, analyzing, studying, reporting, referring, showing, supporting, embodying, identifying, commenting, evidencing, constituting, setting forth, considering, recommending, concerning, pertaining, or in any way logically or factually connected with the matter discussed, in whole or in part.

8. "You" and "Your" means you individually, as well as your present or former attorneys, agents, employees, officers, representatives, successors, predecessors, assigns, beneficiaries, executors, administrators, successors, partners,

heirs, affiliates, and legal representatives, and any other person who is in possession, or who has obtained, information on your behalf.

## INSTRUCTIONS

1. All responses to these Requests should be directed to: Jennifer Altman, Pillsbury Winthrop Shaw Pittman LLP, 600 Brickell Avenue, Suite 3100, Miami, FL 33131, Email: jennifer.altman@pillsburylaw.com, cc: soraya.garcia@pillsburylaw.com.

2. Unless otherwise specified, the time period covered by these Requests is January 1, 2015 to the present. If it is necessary to refer to periods of time prior to January 1, 2015 to respond to a Request, please do so.

3. Documents relevant and responsive to the Requests shall be gathered from all professional as well as personal files, computers and electronic devices, including personal and professional email, instant messaging, and cloud-based storage accounts.

4. All Documents are to be produced in electronic form pursuant to a protocol that may be agreed to among the parties.

5. If there is an objection to any Request, the grounds for objecting to the Request shall be set forth with specificity, including the reasons, and must state whether any responsive materials are being withheld on the basis of that objection.

6. If there is an objection to any part of a Request, You shall specify each part of the Request to which there is an objection; set forth with specificity the grounds for objecting to each such part of the Request, including the reasons; state whether any responsive materials are being withheld on the basis of that objection; and otherwise respond to all parts of the Request to which there are no objections.

7. If You maintain that any document was previously but is now no longer in existence, in Your possession, or subject to Your control, state whether it: (i) is missing or lost; (ii) has been destroyed; (iii) has been transferred, voluntarily or involuntarily to others; or (iv) has been otherwise disposed of. In each instance, set forth the contents of the document and the location of any copies of the document, and describe the circumstances surrounding its disposition, stating the date of its disposition, any authorization therefor, the person(s) responsible for such disposition, and the policy, rule, order or other authority by which such disposition was made.

8. If You cannot answer a Request in whole or in part, answer to the extent possible, specifying: (i) the reason(s) for Your inability to answer the Request or part thereof; (ii) whatever information or knowledge is in Your possession Concerning the unanswered portion; (iii) Your efforts to secure the unknown information; and (iv) the name, business address, residential address, and occupation of any Person consulted by You in an effort to answer the Request.

9. If, in response to any Request, there are any Documents which are not produced because of a claim of privilege or "work product," describe each such Document by providing the following information: (a) its approximate date; (b) a general description of its subject matter; (c) author, recipient, participant, present custodian, or other Person with knowledge of the information; (d) the basis for asserting privilege; and (e) sufficient additional information to allow Plaintiffs and the Next Friends to assess the objection, and otherwise comply with the Request to the extent to which it is not subject to the objection.

10. For purposes of interpreting or construing the scope of these Requests, all terms shall be given their most expansive and inclusive interpretation. This includes, without limitation, the following:

   a. Construing "and" as well as "or" in the disjunctive or conjunctive, as necessary to make the Request more inclusive;

   b. Construing the singular form of the word to include the plural, and the plural form to include the singular;

   c. Construing the masculine to include the feminine, and vice versa;

   d. Construing the term "including" to mean "including but not limited to" and construing the term "all" to mean "any and all," and vice versa;

   e. Construing the term "each" to include "every," and construing "every" to include "each";

  f. Construing the use of a verb in any tense as the use of the verb in all other tenses; and

  g. Construing and interpreting all spelling, syntax, grammar, abbreviations, idioms, and proper nouns to give proper meaning and consistency to their context.

## REQUESTS FOR PRODUCTION

 1. A list of all matters in which, during the previous 5 years, You have testified as an expert including, without limitation, at an administrative hearing, court hearing, trial, or deposition.

 2. All transcripts for any testimony You have given, whether at a deposition, hearing, trial, or any other proceeding identified in response to Request No. 1 above that relate to transgender issues, gender identity, or Gender Dysphoria.

 3. All expert reports or declarations You have submitted in any matter relating to transgender issues, gender identity, or Gender Dysphoria.

 4. All Documents You reviewed in preparation of any expert reports or declarations You have submitted in any matter relating to transgender issues, gender identity, or Gender Dysphoria.

 5. All Documents You reviewed in preparation for any hearing or proceeding relating to transgender issues, gender identity, or Gender Dysphoria.

6. All Documents You relied upon in preparation for any hearing or proceeding relating to transgender issues, gender identity, or Gender Dysphoria.

7. All Documents You relied upon in preparation of any expert reports or declarations You have submitted in any matter relating to transgender issues, gender identity, or Gender Dysphoria.

8. All Communications between You and any other person who has provided a declaration in the above-referenced matter.

9. All Communications between You and any other person who has provided a declaration or affidavit in any other action relating to transgender issues, gender identity, or Gender Dysphoria.

10. Any papers, opinions or other writings that You authored or co-authored relating to transgender issues, gender identity, or Gender Dysphoria.

11. All Documents sufficient to identify your affiliation with any of the following organizations: Alliance Defending Freedom; American College of Pediatricians; Catholic Medical Association; Christian Medical & Dental Associations; Ethics and Public Policy Center; GENSPECT; Heritage Foundation; Liberty Counsel; Moral Revolution; Person and Identity Project; Real Impact; and Society for Evidence-based Gender Medicine.

12. All Your publications relating to transgender people, gender identity, or Gender Dysphoria.

13. All Your social media posts, including those on Twitter, Facebook, Instagram, LinkedIn, and YouTube, relating to transgender issues, gender identity, or Gender Dysphoria. This includes, without limitation, any social media posts You have made under the Twitter account @Miriam_Grossman.

14. All presentations, speeches, or other speaking engagements You have given relating to transgender issues, gender identity, or Gender Dysphoria.

15. All notes, outlines, presentation slides, or documents related to the presentations, speeches, or other speaking engagements relating to transgender issues, gender identity, or Gender Dysphoria identified in response to Request No. 14 above.

16. Identify all honoraria, payments, or other compensation You have received in relation to any testimony, presentation, or speaking engagement relating to transgender issue, gender identity, or Gender Dysphoria by any individual or entity

17. All Documents and Communications You have submitted to the Florida Agency for Health Care Administration, relating to transgender issues, gender identity or Gender Dysphoria, including without limitation the report Effects of Gender Affirming Therapies in People with Gender Dysphoria: Evaluation of the Best Available Evidence.

18. All Documents You reviewed in the preparation of any of Documents submitted to the Florida Agency for Health Care Administration relating to transgender issues, gender identity or Gender Dysphoria or the GAPMS Memo.

19. All Documents You relied upon in the preparation of any of Documents submitted to the Florida Agency for Health Care Administration relating to transgender issues, gender identity, Gender Dysphoria or the GAPMS Memo.

20. All Communications You have had with any person at the Florida Agency for Health Care Administration relating to transgender issues, gender identity or Gender Dysphoria or the GAPMS Memo.

21. All Communications You have had with any person at the Florida Department of Health, including but not limited to Surgeon General Joseph A. Ladapo, relating to transgender issues, gender identity or Gender Dysphoria or the GAPMS Memo.

22. All Communications You have had with any person at the Office of Governor Ron DeSantis, relating to transgender issues, gender identity or Gender Dysphoria or the GAPMS Memo.

23. All Documents evidencing organizations, associations, and political action committees to which You have contributed money or services and that promote anti-transgender ideas.

24. All Documents evidencing Your participation in any protest, rally, or other gathering promoting anti-transgender ideas.

25. All Communications You have had with any person at any of the following organizations relating to transgender issues, gender identity, Gender Dysphoria or the GAPMS Memo: Alliance Defending Freedom; American College of Pediatricians; Catholic Medical Association; Christian Medical & Dental Associations; Ethics and Public Policy Center; GENSPECT; Heritage Foundation; Liberty Counsel; Moral Revolution; Person and Identity Project; Real Impact; and Society for Evidence-based Gender Medicine.