IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

AUGUST DEKKER et al.,

      Plaintiffs,

v.                                       CASE NO. 4:22cv325-RH-MAF

JASON WEIDA et al.,

      Defendants.

_____/

**ORDER ON THE MOTION TO
QUASH THE GROSSMAN SUBPOENA**

This order resolves a series of disputes over whether nonparty Dr. Miriam Grossman must produce documents in response to the plaintiffs' subpoena. Dr. Grossman's motion to quash was heard in this court on February 9, 2023. At the hearing, each side withdrew some assertions but adhered to others. This order grants the motion to quash in part and denies it in part.

The original version of the subpoena called for document production in California. When the plaintiffs learned Dr. Grossman lived in New York, they served the subpoena there, but it still called for production in California. The plaintiffs prepared a revised version calling for production in New York and again

served Dr. Grossman. Dr. Grossman says the version that was served was identical to the original, calling for production in California. So a mistake was made on one side or the other—either the wrong version of the subpoena was served, or the proper version was served and Dr. Grossman did not notice the difference.

To her credit, Dr. Grossman agreed at the February 9 hearing to waive any defect in service of the subpoena. Also to her credit, she filed the motion to quash in this court, in effect waiving the venue privilege she possessed under Federal Rule of Civil Procedure 45. The plaintiffs asserted in their written response to the motion to quash that the motion should have been filed in New York, but at the February 9 hearing, to their credit, they waived any objection to proceeding in this court. Rule 45 makes the place of production the proper venue for a motion of this kind, but when both sides agree, a motion can be heard in the forum. Here, proceeding in this court will conserve attorney and judicial resources and will eliminate delay, an important consideration with trial approaching.

On the merits, the plaintiffs' response to the motion to quash narrowed their production requests. The plaintiffs narrowed the requests further during the February 9 hearing. The withdrawn requests are 4, 5, 6, 7, 9, 11, 13, 16, 18, 19, 21, 23, 24, and 25. The plaintiffs agreed at the hearing that request 12 adds nothing to request 10, thus in effect withdrawing request 12. The plaintiffs agreed to reduce the covered time period for some requests and to narrow some requests in other

respects, all as set out in the response to the motion to quash or on the record. This order does not recount the narrowing, which the order renders moot in large part.

Under Federal Rule of Civil Procedure 26(b)(1), the scope of discovery, unless further limited by court order, is this:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

The October 24, 2022 order identified the controlling question in this litigation as whether, based on current medical knowledge, the state's determination that the treatments at issue are experimental is reasonable. *See Rush v. Parham*, 625 F.2d 1150, 1156 (5th Cir. 1980). Later, in a successful challenge to Florida's determination that a different treatment for a different condition was experimental, the Eleventh Circuit held the district court's injunction too broad but quoted, apparently with approval, the district court's statement that the state's determination was "arbitrary, capricious, and unreasonable both in its *process* and in its conclusion." *Garrdio v. Dudek*, 731 F.3d 1152, 1157 (11th Cir. 2013) (quoting *K.G. ex rel. Garrido v. Dudek*, 864 F. Supp. 2d 1320, 1321-22 (S.D. Fla. 2012)) (emphasis added). The plaintiffs' assertion here that the state's rulemaking

process was flawed is at least substantial enough to allow the plaintiffs to conduct discovery on the issue.

Dr. Grossman was a paid expert participating in the process. She can properly be required to produce some of the requested records.

This order denies the motion to quash as to documents that (a) deal with Dr. Grossman's participation in the Florida rulemaking process at issue, including how she was selected to participate in the process, or (b) constitute or reflect Dr. Grossman's communications with state employees or other experts on issues related to (i) Dr. Grossman's employment related to that process, (ii) the proposed rule, or (iii) the process leading to the rule's enactment, including the public hearing, but (c) not including communications between Dr. Grossman, on the one hand, and any attorney or employee of an attorney for the State of Florida or a state agency or official, on the other hand, that occurred on or after August 21, 2022. This order refers to the documents described in this paragraph as "related to the Florida process." The burden or expense of producing these documents will not outweigh the likely benefit.

For the most part, this order grants the motion to quash as to documents *not* related to the Florida process. The plaintiffs do not need such documents to confirm Dr. Grossman's position on transgender issues in general.

Under Federal Rule of Civil Procedure 37(a)(5)(A) and (B), the court "must" order the party that loses a discovery motion or the party's attorney or both to pay the opposing party's reasonable expenses, including attorney's fees, with three exceptions. First, a moving party cannot recover expenses if the party filed the motion before attempting in good faith to obtain the discovery without court action. Second, an award is improper if the losing party's position was "substantially justified." And third, an award is improper if "other circumstances make an award of expenses unjust." Unless one of these conditions is met, an award of expenses is "mandatory." *Devaney v. Cont'l Am. Ins. Co.*, 989 F.2d 1154, 1162 (11th Cir. 1993) (citing *Merritt v. Int'l Bhd. of Boilermakers*, 649 F.2d 1013, 1019 (5th Cir. Unit A June 1981)). A position is "substantially justified" if it results from a "genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (citations, quotation marks, and brackets omitted); *Devaney*, 989 F.2d at 1163.

Here, at least some parts of each side's position were substantially justified. Dr. Grossman filed the motion without an adequate meet-and-confer, but she agreed to proceed here and to waive the remaining claim of defective service, substantially expediting the process and lowering its cost. The plaintiffs, too, agreed to proceed in this court, and they withdrew some of their requests. On the

merits, each side won some and lost some. On balance, an award of expenses would be unjust. This order does not award fees.

IT IS ORDERED:

1. Dr. Grossman's motion to quash, ECF No. 93, is granted in part and denied in part.

2. By February 24, 2023, Dr. Grossman must produce to the plaintiffs all documents within her possession or control described in like-numbered paragraphs of the plaintiffs' request, ECF No. 102-2 at 15–19, as follows:

> (1) A requested list if already in existence—construed as a list showing all testimony for at least five years ending January 31, 2023.
>
> (2) All requested documents related to the Florida process.
>
> (3) All requested documents related to the Florida process.
>
> (8) All requested documents related to the Florida process.
>
> (10) All requested documents related to the Florida process.
>
> (14) All requested documents related to the Florida process.
>
> (15) All requested documents related to the Florida process.
>
> (17) All requested documents whether or not related to the Florida process.
>
> (20) All requested document whether or not related to the Florida process.

(22) All requested documents whether or not related to the Florida process.

3. The motion to quash is granted in all other respects. Dr. Grossman need not produce any other documents unless the plaintiffs continue to assert the documents should be produced and either (a) Dr. Grossman agrees to produce them or (b) after a meaningful meet-and-confer, the plaintiffs move to reconsider this order in relevant respects and the motion is granted.

4. The plaintiffs may agree to extend the deadline for the required document production without a court order and should consider in good faith any request Dr. Grossman makes for an extension. Dr. Grossman should not ask for an extension longer than necessary.

SO ORDERED on February 9, 2023.

s/Robert L. Hinkle
United States District Judge