# Exhibit C

**SOUTHERN LEGAL COUNSEL**
BALANCING THE SCALES SINCE 1977

1229 N.W. 12th Avenue ◆ Gainesville, Florida 32601-4113 ◆ PHONE (352) 271-8890
FAX (352) 271-8347 ◆ slc@southernlegal.org ◆ www.southernlegal.org

**BOARD OF DIRECTORS**
Seth R. Nelson, Chair
Brianna Chesteen
Dr. Karina Descartin
Marta M. Estevez
William S. Graessle
E. Andrus Healy
Berta E. Hernández-Truyol
Clifford C. Higby
Dr. Harry Krop
Aeriel V. Lane
Marni Lennon
Barbara Bolton Litten
Keith Maynard
Gabriela M. Ruiz
Steven J. Sherman
Ken Thomas
Dr. Jethro Toomer
Barbara J. Walker
Nina Zollo

**ATTORNEYS**
Jodi Siegel, Executive Director
Simone Chriss
Chelsea Dunn
Daniel Marshall

February 16, 2023

**Via Email**
Mohammad Jazil, mjazil@holtzmanvogel.com
Gary Perko, gperko@holtzmanvogel.com
Michael Beato, mbeato@holtzmanvogel.com

Re: Privilege Assertions by Defendants
*Dekker v. Weida*, Case No. 4:22-cv-00325-RH-MAF (N.D. Fla.)

Dear Counsel,

This letter addresses Plaintiff's disagreement with Defendants' assertions of privilege in their Amended Privilege Log served February 2, 2023. Attached with this letter is a re-organized version of the Privilege log in PDF form. Plaintiffs had difficulty matching email correspondence with its attachments in the version served by Defendants, so Plaintiffs resorted the columns to match parent and attachment. The rows identified in this letter reference the attachment.

Plaintiffs believe that, despite the Court's order on the Motion to Compel (ECF 86), Defendants still take an overly broad approach to privilege. Specifically, Plaintiffs take issue with the following:

(1) Claims of Work Product Privilege that pre-date the implementation of Rule 59G-1.050(7) (**Rows 3-13; 22-23; 30-31; 98-107; 112-125, 171**)

Work Product Privilege only applies when if the "primary motivating purpose behind the creation of the document was to aid in possible future litigation." ECF 86 (citing *United States v. Davis*, 636 F.2d 1028 (5th Cir. 1981). Defendant's assertion of this privilege to protect AHCA's analysis of the HHS Notice and Guidance on Gender Affirming Care (Rows 22-23), drafts of the remarks/scripts for the rule hearing (Rows 98-107[1], 112-125), discussions amongst high level employees about the rule revisions (Rows 30-31), and the Adoption Packet for 59G-1.050 (Row 171) is, in our view, misplaced. If, indeed, these communications related to the GAPMS and rule promulgation process and their attachments are work product, it would suggest that the Agency engaged in a sham rulemaking process rather than an honest evaluative process. For similar reasons, we do not believe that the Medicare and Medicaid Decision Memo for Gender Dysphoria circulated amongst attorneys at the General Counsel office months before the Agency decided to undertake the GAPMS would be protected by Work Product privilege as documents whose "primary motivating purpose" was to "aid in possible future litigation."

(2) Documents claiming Attorney Client Privilege without a confidential communication by a client to an attorney (**Rows 30-31, 249-250**)

Defendants claim Attorney Client Privilege to protect communications made between then Assistant Deputy Secretary for Medicaid Weida and AHCA Program Administrator Cole Giering related to the rule revisions (Rows 30-31). Attorney-client privilege applies to confidential communications made between a client and their lawyer for the purposes of securing legal advice. It is unclear how a communication between two high-level employees, with no attorney included, regarding the rule process would qualify as such. AHCA similarly claim Attorney Client Privilege related to communications amongst General Counsel's Office attorneys in response to "Senator Book's AHCA Rule Letter" (Rows 249-250). Defendants do not justify how these communications were related to the giving or receiving of legal advice.

(3) Emails between AHCA General Counsel's Office and EOG General Counsel's Office (**Rows 40-43, 46-47, 52-53, 58-59**)

Defendants claim both Attorney-Client Privilege and Work Product Privilege as to communications between AHCA General Counsel and the General Counsel for the Executive Office of the Governor (Rows 40-43, 46-47, 52-53, 58-59). It is unclear how these emails and their attachments, all of which pre-date the rule promulgation, would be work product. Plaintiffs also do not understand how Defendants can assert that these communications are protected by Attorney-Client privilege, when there is no indication that they were related to the provision of legal advice to a client.

(4) Documents between General Counsel at DOH (**Rows 127-141, 204, 207-210**)

---

[1] Note that Plaintiffs have explicitly excluded communications from litigation counsel.

      Similarly, Defendants claim both Attorney-Client Privilege and Work Product Privilege as to communications between AHCA General Counsel staff attorneys about a "DOH Petition" (Rows 127-141, 204, 207-210). We fail to comprehend how AHCA General Counsel staff emails, comments, and notes related to a DOH petition could be communications made for the purposes of seeking legal advice to its client—AHCA—or in furtherance of any litigation to which AHCA would be a party. Accordingly, we do not believe these communications are protected.

      (5) Emails regarding a public event invitation from ADF (**211, 251-257**)

      Lastly, Defendants claim both Attorney-Client Privilege and Work Product Privilege as to communications about a public invitation to speak at an ADF event (211, 251-257). There is clearly no Work Product Privilege at issue here – these communications cannot be claimed to be in furtherance of any litigation. And Defendants also fail to explain how these emails were for the purposes of giving or seeking legal advice.

      We look forward to discussing these at our conference scheduled for February 17, 2023, at 1pm, and appreciate defense counsel's continued efforts to work cooperatively through the discovery process.

      Sincerely,

      */s/ Chelsea Dunn*
      Chelsea Dunn
      Counsel for Plaintiffs