# Exhibit A

# Omar Gonzalez-Pagan

| | |
|---|---|
| **From:** | Mohammad O. Jazil <mjazil@holtzmanvogel.com> |
| **Sent:** | Sunday, March 5, 2023 2:04 PM |
| **To:** | Omar Gonzalez-Pagan |
| **Cc:** | Michael Beato; John Cycon; Gary V. Perko; Zack Bennington; Chelsea Dunn; Little, Joe; Simone Chriss; Katy DeBriere; Carl Charles; Abigail Coursolle; Catherine McKee; Altman, Jennifer; Rivaux, Shani; Miller, William C.; Shaw, Gary J. |
| **Subject:** | RE: Dekker v. Weida: Follow Up on Two Documents |

Counsel—

We conferred with our clients within the past hour concerning the motion to compel. If you withdraw the motion to compel, we propose providing you the following by 5pm tomorrow:

1. A copy of the 17-page response-to-comment document;
2. The final rulemaking script;
3. Draft rulemaking scripts with any legal advice redacted; and
4. Cover emails for the draft and final scripts with any legal advice redacted.

Please let me know if this works for you.

Many thanks,
Mo

---

**From:** Omar Gonzalez-Pagan <ogonzalez-pagan@lambdalegal.org>
**Sent:** Thursday, March 2, 2023 5:03 PM
**To:** Mohammad O. Jazil <mjazil@holtzmanvogel.com>
**Cc:** Michael Beato <mbeato@HoltzmanVogel.com>; John Cycon <jcycon@HoltzmanVogel.com>; Gary V. Perko <gperko@HoltzmanVogel.com>; Zack Bennington <zbennington@HoltzmanVogel.com>; Chelsea Dunn <Chelsea.dunn@southernlegal.org>; Little, Joe <joe.little@pillsburylaw.com>; Simone Chriss <simone.chriss@southernlegal.org>; Katy DeBriere <debriere@floridahealthjustice.org>; Carl Charles <CCharles@lambdalegal.org>; Abigail Coursolle <coursolle@healthlaw.org>; Catherine McKee <mckee@healthlaw.org>; Altman, Jennifer <jennifer.altman@pillsburylaw.com>; Rivaux, Shani <shani.rivaux@pillsburylaw.com>; Miller, William C. <william.c.miller@pillsburylaw.com>; Shaw, Gary J. <gary.shaw@pillsburylaw.com>
**Subject:** RE: Dekker v. Weida: Follow Up on Two Documents

Mo,

Following up on this.  We cannot wait til Monday.  But will note your request for us to do so within the motion.

Omar

Omar Gonzalez-Pagan
[Pronouns](): He/Him/His
Lambda Legal
Email: [ogonzalez-pagan@lambdalegal.org](mailto:ogonzalez-pagan@lambdalegal.org)  |  Mobile: (617) 686-3464

**Lambda Legal: Making the case for equality**

1

**From:** Mohammad O. Jazil <mjazil@holtzmanvogel.com>
**Sent:** Thursday, March 2, 2023 12:05 PM
**To:** Omar Gonzalez-Pagan <ogonzalez-pagan@lambdalegal.org>
**Cc:** Michael Beato <mbeato@HoltzmanVogel.com>; John Cycon <jcycon@HoltzmanVogel.com>; Gary V. Perko <gperko@HoltzmanVogel.com>; Zack Bennington <zbennington@HoltzmanVogel.com>; Chelsea Dunn <Chelsea.dunn@southernlegal.org>; Little, Joe <joe.little@pillsburylaw.com>; Simone Chriss <simone.chriss@southernlegal.org>; Katy DeBriere <debriere@floridahealthjustice.org>; Carl Charles <CCharles@lambdalegal.org>; Abigail Coursolle <coursolle@healthlaw.org>; Catherine McKee <mckee@healthlaw.org>; Altman, Jennifer <jennifer.altman@pillsburylaw.com>; Rivaux, Shani <shani.rivaux@pillsburylaw.com>; Miller, William C. <william.c.miller@pillsburylaw.com>; Shaw, Gary J. <gary.shaw@pillsburylaw.com>
**Subject:** Re: Dekker v. Weida: Follow Up on Two Documents

Understood Omar.

If you could wait to file until Monday, we would appreciate that.

Andrew Sheeran will be back in the office then and I'd like to discuss this issue with him in greater detail.

> On Mar 2, 2023, at 12:01 PM, Omar Gonzalez-Pagan <ogonzalez-pagan@lambdalegal.org> wrote:
>
> Michael,
>
> Thank you for the email.  As I let Mo know yesterday, and as you lay out below, I think we are unfortunately going to have to take this up to the court expeditiously.  We will be filing a motion to compel, noting Defendants' position that "Since the Parties disagree, we believe that it would make sense for us to submit the document for in camera review in order to get additional guidance."  And intend on attaching your email below setting forth your position more fully.
>
> Thanks,
>
> Omar
>
> Omar Gonzalez-Pagan
> Pronouns: He/Him/His
> Lambda Legal
> Email: ogonzalez-pagan@lambdalegal.org  |  Mobile: (617) 686-3464
>
> **Lambda Legal: Making the case for equality**
>
>> **From:** Michael Beato <mbeato@HoltzmanVogel.com>
>> **Sent:** Tuesday, February 28, 2023 7:19 PM
>> **To:** Omar Gonzalez-Pagan <ogonzalez-pagan@lambdalegal.org>; Chelsea Dunn <chelsea.dunn@southernlegal.org>; Little, Joe <joe.little@pillsburylaw.com>; Simone Chriss <simone.chriss@southernlegal.org>
>> **Cc:** John Cycon <jcycon@HoltzmanVogel.com>; Mohammad O. Jazil <mjazil@holtzmanvogel.com>; Gary V. Perko <gperko@HoltzmanVogel.com>; Zack Bennington <zbennington@HoltzmanVogel.com>
>> **Subject:** Dekker v. Weida: Follow Up on Two Documents
>>
>> Counsel,

Following your February 27, 2023 email, and our meet and confer this morning, we agreed to provide you with our written position regarding two matters: (1) a 17-page document that was sent from AHCA to its experts; and (2) the communications and draft transcripts of the July 8, 2022 hearing.

With respect to the 17-page document, we first note that the document was included on our privilege log. (AHCA Priv. Log Row 143). The document was created around July 19, 2022. It summarizes AHCA's responses to comments received during the rulemaking process. While the federal Administrative Procedure Act requires federal agencies to respond to public comments during the rulemaking process, *see* 5 U.S.C. § 553(c) ("*After consideration of the relevant matter presented*, the agency shall incorporate in the rules adopted a concise general statement of their basis and purpose." (emphasis added)); *see also Perez v. Mortg. Bankers Ass'n*, 575 U.S. 92, 97 (2015) ("An agency must consider and respond to significant comments received during the period for public comment."), we note that the Florida Administrative Procedure Act does not require this for state agencies, *see* ch. 120, Fla. Stat.

We further note that the document was created *after* the July 8, 2022 hearing, where several members of the public, including opposing counsel, threatened to sue AHCA if it promulgated the at-issue rule. *See, e.g.*, Defendants' Response in Opposition to Preliminary Injunction Motion Appendix 285-86 (Transcript of the July 8 Hearing) ("And this litigation that the state will certainly find itself embroiled in is wasting valuable state resources that could be better utilized enhancing the lives of Floridians rather than attacking them." (Simone Chriss)); App. 317 (stating that the challenged rule violates the Affordable Care Act and U.S. Constitution (Carl Charles)).

We can represent to you the that 17-page document was created at the direction of counsel, under the threat of litigation. AHCA believed that a written, internal response to the public comments would assist in future litigation.

While we understand that Judge Hinkle stated that, for work-product purposes, litigation was imminent at the end of August 2022, we believe that these additional facts weigh in favor of not produce this document. Since the Parties disagree, we believe that it would make sense for us to submit the document for *in camera* review in order to get additional guidance. We welcome your thoughts though. We will also be discussing this issue further with our client to see whether the need to protect similar documents in future rulemakings outweighs the benefits of producing it here.

With respect to the communications and July 8 script drafts, as we have stated during our meet and confers, AHCA staff, including attorneys, provided comments and edits on the July 8 hearing script. It is difficult to redact or separate edits and comments, many of which were provided by attorneys. While our privilege log states that these communications and drafts are protected by the work-product privilege, we can amend our privilege log and state that these are attorney-client protected documents. We believe that these documents are protected by the attorney-client privilege because AHCA attorneys provided edits and comments on the July 8 draft script. Again, we note that in March 2022, the Biden Department of Justice threatened to sue states that address gender-affirming-care issues. We are happy to discuss this further at your convenience.

**Michael Beato**
**Office: (850) 354-5645**
mbeato@HoltzmanVogel.com // www.HoltzmanVogel.com

PRIVILEGED AND CONFIDENTIAL
This communication and any accompanying documents are confidential and privileged.  They are intended for the sole use of the addressee.  If you receive this transmission in error, you are advised that any disclosure, copying, distribution, or the taking of any action in reliance upon this communication is strictly prohibited.  Moreover, any such disclosure shall not compromise or waive the attorney-client, accountant-client, or other privileges as to this communication or otherwise.  If you have received this communication in error, please contact me at the above email address.  Thank you.

DISCLAIMER
Any accounting, business or tax advice contained in this communication, including attachments and enclosures, is not intended as a thorough, in-depth analysis of specific issues, nor a substitute for a formal opinion, nor is it sufficient to avoid tax-related penalties.  If desired, Holtzman Vogel, PLLC would be pleased to perform the requisite research and provide you with a detailed written analysis.  Such an engagement may be the subject of a separate engagement letter that would define the scope and limits of the desired consultation services.

4