| | |
|---|---|
| **From:** | Mohammad O. Jazil |
| **To:** | Omar Gonzalez-Pagan; Little, Joe; Gary V. Perko; Michael Beato; John Cycon |
| **Cc:** | Altman, Jennifer; Rivaux, Shani; Miller, William C.; Shaw, Gary J.; Garcia, Soraya M.; Carl Charles; Chelsea Dunn; Simone Chriss; Katy DeBriere; Abigail Coursolle; Catherine McKee |
| **Subject:** | RE: Plaintiffs" Notice of Deposition of Jason Weida |
| **Date:** | Tuesday, March 14, 2023 11:01:44 AM |
| **Attachments:** | image001.png |
| | image002.png |

Omar—

Many thanks to you for sharing the material and talking through the issues with me. My clients have decided to file a motion for protective order. I'll have that motion on file before the end of the day tomorrow. Perhaps we can revisit the question of Secretary Weida's availability after the Court decides the issue.

-Mo

**From:** Omar Gonzalez-Pagan <ogonzalez-pagan@lambdalegal.org>
**Sent:** Monday, March 13, 2023 7:44 PM
**To:** Mohammad O. Jazil <mjazil@holtzmanvogel.com>; Little, Joe <joe.little@pillsburylaw.com>; Gary V. Perko <gperko@HoltzmanVogel.com>; Michael Beato <mbeato@HoltzmanVogel.com>; John Cycon <jcycon@HoltzmanVogel.com>
**Cc:** Altman, Jennifer <jennifer.altman@pillsburylaw.com>; Rivaux, Shani <shani.rivaux@pillsburylaw.com>; Miller, William C. <william.c.miller@pillsburylaw.com>; Shaw, Gary J. <gary.shaw@pillsburylaw.com>; Garcia, Soraya M. <soraya.garcia@pillsburylaw.com>; Carl Charles <CCharles@lambdalegal.org>; Chelsea Dunn <chelsea.dunn@southernlegal.org>; Simone Chriss <simone.chriss@southernlegal.org>; Katy DeBriere <debriere@floridahealthjustice.org>; Abigail Coursolle <coursolle@healthlaw.org>; Catherine McKee <mckee@healthlaw.org>
**Subject:** RE: Plaintiffs' Notice of Deposition of Jason Weida

Mo,

Thank you for the meet and confer this morning.  I hope the below and the discussion are sufficient to illustrate how the apex doctrine is inapplicable here.  As per our discussion, we are willing to limit the time for the deposition, to do the deposition remotely, and to stipulate the timeframe for the deposition (i.e. before Mr. Weida became AHCA Secretary).  I understand you need to consult with your client as to your next steps.  That said, and in order to keep the ball rolling, given that last Thursday and Friday did not work for Mr. Weida, we were hoping you could provide us his availability so we may reschedule last Friday's deposition.  Can you please let us which days Mr. Weida is available?

Thank you,

Omar

Omar Gonzalez-Pagan

Pronouns: He/Him/His
Lambda Legal
Email: ogonzalez-pagan@lambdalegal.org  |  Mobile: (617) 686-3464

**Lambda Legal: Making the case for equality**

---

**From:** Omar Gonzalez-Pagan
**Sent:** Monday, March 13, 2023 9:47 AM
**To:** Mohammad O. Jazil <mjazil@holtzmanvogel.com>; Little, Joe <joe.little@pillsburylaw.com>; Gary V. Perko <gperko@HoltzmanVogel.com>; Michael Beato <mbeato@HoltzmanVogel.com>; John Cycon <jcycon@HoltzmanVogel.com>
**Cc:** Altman, Jennifer <jennifer.altman@pillsburylaw.com>; Rivaux, Shani <shani.rivaux@pillsburylaw.com>; Miller, William C. <william.c.miller@pillsburylaw.com>; Shaw, Gary J. <gary.shaw@pillsburylaw.com>; Garcia, Soraya M. <soraya.garcia@pillsburylaw.com>; Carl Charles <CCharles@lambdalegal.org>; Chelsea Dunn <chelsea.dunn@southernlegal.org>; Simone Chriss <simone.chriss@southernlegal.org>; Katy DeBriere <debriere@floridahealthjustice.org>; Abigail Coursolle <coursolle@healthlaw.org>; Catherine McKee <mckee@healthlaw.org>
**Subject:** RE: Plaintiffs' Notice of Deposition of Jason Weida

Mo,
Following up on our conversation. As you are aware, emails show that Mr. Weida was the person who worked directly with the external consultants hired by AHCA to justify the Challenged Exclusion. For example, in many instances Mr. Weida was the *only* person to communicate with the defendants' consultants, including providing input on the draft of the reports. *See, e.g.*, DEF_000291486 (providing feedback to Dr. Cantor); DEF_000291186 (communicating with Dr. Van Meter). All of this occurred *prior to Mr. Weida becoming AHCA Secretary*.
Defendants have suggested that they may seek a protective order, under the apex doctrine. To be sure, the apex doctrine applies to agency heads whose deposition testimony is sought *in their capacities as agency heads*. However, the testimony sought from Mr. Weida concerns his involvement with the Challenged Exclusion prior to becoming of AHCA Secretary. I am unaware of any case applying the apex doctrine in such context. To the contrary, "the doctrine may be invoked only when the deponent has been noticed for deposition because of his corporate position." Simon v. Bridewell, 950 S.W.2d 439, 442 (Tex. App. 1997). In other words, the apex doctrine, which exists in part to prevent "unwarranted inquiries into [the] decision-making process" of an agency head, City of Fort Lauderdale v. Scott, 2012 WL 760743, at *2 (S.D. Fla. Mar. 7, 2012), does not apply.
All that said, even if the apex doctrine were to apply, there is no reason why Mr. Weida's deposition should not proceed. In such inapplicable scenario, "[t]he question, then, is whether the likelihood that [the sheriff] has personal knowledge of pertinent facts is sufficiently remote to constitute good cause to proscribe his deposition with a protective order or by other means available." Greater Birmingham Ministries v. Merrill, 321 F.R.D. 406, 409 (N.D. Ala. 2017) (citing Gray v. Kohl, 2008 WL 1803643, at *1 (S.D. Fla. Apr. 21, 2008)). Here, however, Mr. Weida has **unique, first-hand knowledge** of certain facts relevant to Defendants' adoption of the Challenged Exclusion. Mr. Weida was the person who worked directly with the agency's consultants, and it seems the primary and at times only agency contact with them. That alone is sufficient for the deposition to proceed and for the apex doctrine to not apply.

What is more, Plaintiffs have sought discovery by other means including written discovery and the deposition of the agency's 30(b)(6) witness, and that has failed to provide the necessary information. For example, Mr. Brackett, as the agency's 30(b)(6) witness, testified that the decision to contract with the consultants to prepare their reports was made solely by Mr. Weida and that the determination that the consultants had the appropriate backgrounds to write the reports was made by Mr. Weida and General Counsel Tamayo. *See* 30(b)(6) Dep. (Vol. 1) Tr. 129:1-14.  And Mr. Brackett, as the agency's 30(b)(6) witness, was unable to provide detailed answers about how AHCA selected its consultants.  *See*, *e.g.*, 30(b)(6) Dep. (Vol. 2) Tr. 112; Agency Responses to Plaintiffs' Questions: March 1, 2023 ("Agency staff engaged in verbal communications with individuals that were referred by Dr. Michelle Cretella and do not recall the names of those individuals that were consulted.").  Moreover, the decision not to send an entire plan transmittal regarding the Challenged Exclusion was made exclusively by Mr. Weida, and Mr. Brackett provided no further explanationas to the why except to say it "was pretty self-explanatory" even though the transmittal had been drafted. *See* 30(b)(6) Dep. (Vol. 1) Tr. 214:25-215:9, 219:8-11.

Thanks,
Omar
Omar Gonzalez-Pagan
[Pronouns](): He/Him/His
Lambda Legal
Email: ogonzalez-pagan@lambdalegal.org  |  Mobile: (617) 686-3464

**Lambda Legal: Making the case for equality**

---

**From:** Mohammad O. Jazil <mjazil@holtzmanvogel.com>
**Sent:** Friday, March 10, 2023 6:50 PM
**To:** Omar Gonzalez-Pagan <ogonzalez-pagan@lambdalegal.org>; Little, Joe <joe.little@pillsburylaw.com>; Gary V. Perko <gperko@HoltzmanVogel.com>; Michael Beato <mbeato@HoltzmanVogel.com>; John Cycon <jcycon@HoltzmanVogel.com>
**Cc:** Altman, Jennifer <jennifer.altman@pillsburylaw.com>; Rivaux, Shani <shani.rivaux@pillsburylaw.com>; Miller, William C. <william.c.miller@pillsburylaw.com>; Shaw, Gary J. <gary.shaw@pillsburylaw.com>; Garcia, Soraya M. <soraya.garcia@pillsburylaw.com>; Carl Charles <CCharles@lambdalegal.org>; Chelsea Dunn <chelsea.dunn@southernlegal.org>; Simone Chriss <simone.chriss@southernlegal.org>; Katy DeBriere <debriere@floridahealthjustice.org>; Abigail Coursolle <coursolle@healthlaw.org>; Catherine McKee <mckee@healthlaw.org>
**Subject:** Re: Plaintiffs' Notice of Deposition of Jason Weida

Great. I'll give you a call at 10am Monday. Please do send that apex doctrine case (or cases) we discussed. Safe travels back from Seattle.

Get Outlook for iOS

---

**From:** Omar Gonzalez-Pagan <ogonzalez-pagan@lambdalegal.org>
**Sent:** Friday, March 10, 2023 6:46:17 PM
**To:** Mohammad O. Jazil <mjazil@holtzmanvogel.com>; Little, Joe <joe.little@pillsburylaw.com>; Gary V. Perko <gperko@HoltzmanVogel.com>; Michael Beato <mbeato@HoltzmanVogel.com>; John

Cycon <jcycon@HoltzmanVogel.com>
**Cc:** Altman, Jennifer <jennifer.altman@pillsburylaw.com>; Rivaux, Shani <shani.rivaux@pillsburylaw.com>; Miller, William C. <william.c.miller@pillsburylaw.com>; Shaw, Gary J. <gary.shaw@pillsburylaw.com>; Garcia, Soraya M. <soraya.garcia@pillsburylaw.com>; Carl Charles <CCharles@lambdalegal.org>; Chelsea Dunn <chelsea.dunn@southernlegal.org>; Simone Chriss <simone.chriss@southernlegal.org>; Katy DeBriere <debriere@floridahealthjustice.org>; Abigail Coursolle <coursolle@healthlaw.org>; Catherine McKee <mckee@healthlaw.org>
**Subject:** RE: Plaintiffs' Notice of Deposition of Jason Weida

Yes, \***not waived.**\* Forgive the typo.

Omar Gonzalez-Pagan
Pronouns: He/Him/His
Lambda Legal
Email: ogonzalez-pagan@lambdalegal.org   |   Mobile: (617) 686-3464

## Lambda Legal: Making the case for equality

**From:** Mohammad O. Jazil <mjazil@holtzmanvogel.com>
**Sent:** Friday, March 10, 2023 6:45 PM
**To:** Omar Gonzalez-Pagan <ogonzalez-pagan@lambdalegal.org>; Little, Joe <joe.little@pillsburylaw.com>; Gary V. Perko <gperko@HoltzmanVogel.com>; Michael Beato <mbeato@HoltzmanVogel.com>; John Cycon <jcycon@HoltzmanVogel.com>
**Cc:** Altman, Jennifer <jennifer.altman@pillsburylaw.com>; Rivaux, Shani <shani.rivaux@pillsburylaw.com>; Miller, William C. <william.c.miller@pillsburylaw.com>; Shaw, Gary J. <gary.shaw@pillsburylaw.com>; Garcia, Soraya M. <soraya.garcia@pillsburylaw.com>; Carl Charles <CCharles@lambdalegal.org>; Chelsea Dunn <chelsea.dunn@southernlegal.org>; Simone Chriss <simone.chriss@southernlegal.org>; Katy DeBriere <debriere@floridahealthjustice.org>; Abigail Coursolle <coursolle@healthlaw.org>; Catherine McKee <mckee@healthlaw.org>
**Subject:** Re: Plaintiffs' Notice of Deposition of Jason Weida

Omar, I think you meant "not waived," per our conversation.

Get Outlook for iOS

---
**From:** Omar Gonzalez-Pagan <ogonzalez-pagan@lambdalegal.org>
**Sent:** Friday, March 10, 2023 6:25:23 PM
**To:** Mohammad O. Jazil <mjazil@holtzmanvogel.com>; Little, Joe <joe.little@pillsburylaw.com>; Gary V. Perko <gperko@HoltzmanVogel.com>; Michael Beato <mbeato@HoltzmanVogel.com>; John Cycon <jcycon@HoltzmanVogel.com>
**Cc:** Altman, Jennifer <jennifer.altman@pillsburylaw.com>; Rivaux, Shani <shani.rivaux@pillsburylaw.com>; Miller, William C. <william.c.miller@pillsburylaw.com>; Shaw, Gary J. <gary.shaw@pillsburylaw.com>; Garcia, Soraya M. <soraya.garcia@pillsburylaw.com>; Carl Charles <CCharles@lambdalegal.org>; Chelsea Dunn <chelsea.dunn@southernlegal.org>; Simone Chriss <simone.chriss@southernlegal.org>; Katy DeBriere <debriere@floridahealthjustice.org>;

Abigail Coursolle <coursolle@healthlaw.org>; Catherine McKee <mckee@healthlaw.org>
**Subject:** RE: Plaintiffs' Notice of Deposition of Jason Weida

Mo,

Following up on this as per our conversation yesterday and given Defendants' representation of Mr. Weida, we cancelled the deposition for today. I understand that defendants have now waived their ability to seek a protective order based on the apex doctrine (nor on timing), but we agreed to meet and confer further to see if there is a mutually agreeable time for the deposition.

Can we meet and confer on this on Monday?

Omar

Omar Gonzalez-Pagan
Pronouns: He/Him/His
Lambda Legal
Email: ogonzalez-pagan@lambdalegal.org  |  Mobile: (617) 686-3464

## Lambda Legal: Making the case for equality

**From:** Omar Gonzalez-Pagan
**Sent:** Wednesday, March 8, 2023 6:56 PM
**To:** Mohammad O. Jazil <mjazil@holtzmanvogel.com>; Little, Joe <joe.little@pillsburylaw.com>; Gary V. Perko <gperko@HoltzmanVogel.com>; Michael Beato <mbeato@HoltzmanVogel.com>; John Cycon <jcycon@HoltzmanVogel.com>
**Cc:** Altman, Jennifer <jennifer.altman@pillsburylaw.com>; Rivaux, Shani <shani.rivaux@pillsburylaw.com>; Miller, William C. <william.c.miller@pillsburylaw.com>; Shaw, Gary J. <gary.shaw@pillsburylaw.com>; Garcia, Soraya M. <soraya.garcia@pillsburylaw.com>; Carl Charles <CCharles@lambdalegal.org>; Chelsea Dunn <chelsea.dunn@southernlegal.org>; Simone Chriss <simone.chriss@southernlegal.org>; Katy DeBriere <debriere@floridahealthjustice.org>; Abigail Coursolle <coursolle@healthlaw.org>; Catherine McKee <mckee@healthlaw.org>
**Subject:** RE: Plaintiffs' Notice of Deposition of Jason Weida

Mo,

Thank you for the email below.

First, we are happy and willing to meet and confer regarding the timing, while we noticed the deposition for Friday given the timing of the discovery deadlines. Judge Hinkle expressed his approval during the MTC hearing for some depositions to occur past that deadline if needed. In short, as to timing, we are willing to confer to find a time that works for all parties.

Second, as to the apex doctrine, we do not believe it is applicable. Mr. Weida was not the agency head during the relevant time period. Indeed, he became AHCA Secretary *months after* the initiation

of this case and almost half a year after the promulgation of the challenged exclusion. In other words, Mr. Weida is a fact witness *regardless of his current role*. We do not intend to ask questions about actions undertaken as head of an agency but rather about his firsthand knowledge of actions he personally took relating to the Challenged Exclusion prior to his becoming secretary.

I am currently on a flight and not able to connect by phone for the next 4 hours. But remain available via email during that time.

Omar

Omar Gonzalez-Pagan
Pronouns: He/Him/His
Lambda Legal
Email: ogonzalez-pagan@lambdalegal.org  |  Mobile: (617) 686-3464

**Lambda Legal: Making the case for equality**

---

**From:** Mohammad O. Jazil <mjazil@holtzmanvogel.com>
**Sent:** Wednesday, March 8, 2023 5:54 PM
**To:** Little, Joe <joe.little@pillsburylaw.com>; Gary V. Perko <gperko@HoltzmanVogel.com>; Michael Beato <mbeato@HoltzmanVogel.com>; John Cycon <jcycon@HoltzmanVogel.com>
**Cc:** Altman, Jennifer <jennifer.altman@pillsburylaw.com>; Rivaux, Shani <shani.rivaux@pillsburylaw.com>; Miller, William C. <william.c.miller@pillsburylaw.com>; Shaw, Gary J. <gary.shaw@pillsburylaw.com>; Garcia, Soraya M. <soraya.garcia@pillsburylaw.com>; Omar Gonzalez-Pagan <ogonzalez-pagan@lambdalegal.org>; Carl Charles <CCharles@lambdalegal.org>; Chelsea Dunn <chelsea.dunn@southernlegal.org>; Simone Chriss <simone.chriss@southernlegal.org>; Katy DeBriere <debriere@floridahealthjustice.org>; Abigail Coursolle <coursolle@healthlaw.org>; Catherine McKee <mckee@healthlaw.org>
**Subject:** RE: Plaintiffs' Notice of Deposition of Jason Weida

Dear friends—

I'm having difficulty seeing how this notice provides reasonable notice for purposes of Rule 30 when the deponent is an agency head who must attend to his usual duties and, given the ongoing legislative session, secure a budget for his agency, etc.

Also, I don't see how or for what reason the apex doctrine has been overcome here. If there's some deficiency in Rule 30(b)(6) deponent's testimony, the bulk of that testimony happened almost a month ago. We supplemented that testimony with written responses and another 30(b)(6) session today. If there's some other piece of information that's missing, we can talk about that, but that's separate from setting a sitting agency head for a deposition two days before the close of fact discovery.

I welcome your thoughts on this surprise notice.

-Mo

**From:** Little, Joe <joe.little@pillsburylaw.com>
**Sent:** Wednesday, March 8, 2023 5:21 PM
**To:** Mohammad O. Jazil <mjazil@holtzmanvogel.com>; Gary V. Perko <gperko@HoltzmanVogel.com>; Michael Beato <mbeato@HoltzmanVogel.com>; John Cycon <jcycon@HoltzmanVogel.com>
**Cc:** Altman, Jennifer <jennifer.altman@pillsburylaw.com>; Rivaux, Shani <shani.rivaux@pillsburylaw.com>; Miller, William C. <william.c.miller@pillsburylaw.com>; Shaw, Gary J. <gary.shaw@pillsburylaw.com>; Garcia, Soraya M. <soraya.garcia@pillsburylaw.com>; Omar Gonzalez-Pagan <ogonzalez-pagan@lambdalegal.org>; Carl Charles <CCharles@lambdalegal.org>; Chelsea Dunn <chelsea.dunn@southernlegal.org>; Simone Chriss <simone.chriss@southernlegal.org>; Katy DeBriere <debriere@floridahealthjustice.org>; Abbi Coursolle <coursolle@healthlaw.org>; Catherine McKee <mckee@healthlaw.org>
**Subject:** Plaintiffs' Notice of Deposition of Jason Weida

Counsel,

Please see the attached Notice of Deposition.

Thank you,

Joe

**Joe Little** | Associate
Pillsbury Winthrop Shaw Pittman LLP
500 Capitol Mall, Suite 1800 | Sacramento, CA 95814-4741
t +1.916.329.4731 | m +1.916.704.4853
joe.little@pillsburylaw.com | website bio

AUSTIN  BEIJING  HONG KONG  HOUSTON  LONDON  LOS ANGELES
MIAMI  NASHVILLE  NEW YORK  NORTHERN VIRGINIA  PALM BEACH
SACRAMENTO  SAN DIEGO  SAN FRANCISCO  SHANGHAI
SILICON VALLEY  TAIPEI  TOKYO  WASHINGTON, DC



The contents of this message, together with any attachments, are intended only for the use of the individual or entity to which they are addressed and may contain information that is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please notify the original sender or

the Pillsbury Winthrop Shaw Pittman Service Desk at Tel: 800-477-0770, Option 1, immediately by telephone and delete this message, along with any attachments, from your computer. Nothing in this message may be construed as a digital or electronic signature of any employee of Pillsbury Winthrop Shaw Pittman. Thank you.