THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
Tallahassee Division

AUGUST DEKKER, et al.,

      *Plaintiffs*,

    v.

JASON WEIDA, et al.,

      *Defendants*.

Case No. 4:22-cv-00325-RH-MAF

**DECLARATION OF ATTORNEY OMAR GONZALEZ-PAGAN
IN SUPPORT OF PLAINTIFFS' OPPOSITION TO
DEFENDANTS' MOTION FOR PROTECTIVE ORDER**

I, Omar Gonzalez-Pagan, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am over the age of eighteen and make this declaration from my own personal knowledge. If called as a witness, I could and would testify competently to the matters stated herein.

2. I am an attorney with Lambda Legal Defense and Education Fund, Inc., and I have been retained by Plaintiffs as co-counsel in the above-captioned matter.

3. I make this Declaration in support of Plaintiffs' Opposition to Defendants' Motion for Protective Order.

4. On March 29, 2023, I caused a search to be ran in Plaintiffs' document review database in this litigation for the term "Weida." This term appears in 912

documents produced in this litigation that are dated between January 1, 2022 and August 21, 2022, the date of the Challenged Exclusion's enactment. Within this timeframe, Mr. Weida appears as the author on 167 documents.

5. While Plaintiffs' counsel once sought to depose Defendant AHCA's General Counsel Andrew Sheeran, Plaintiffs' counsel ultimately ceased pursuing that deposition. Defendants' counsel Mohammad Jazil communicated to me on February 17 and 21, 2023 that counsel would appeal any order compelling Mr. Sheeran's deposition. As a result, the parties agreed that any should Plaintiffs insist on obtaining testimony from Mr. Sheeran, such testimony would be elicited through written questions and responses. Given the difficulties already involved with deposing a lawyer, the fact that responses to written questions would yield limited information with no opportunity for follow up, and the increasingly apparent nature of Jason Weida's possession of superior, unique knowledge about many process-related issues, Plaintiffs determined that further pursuing written testimony from Mr. Sheeran would not be insufficient and ineffective.

6. Attached as **Exhibit 1** is a true and correct copy of excerpts of the transcript from the deposition of Defendants' designated expert Quentin Van Meter, M.D. on March 17, 2023.

7. Attached as **Exhibits 2, 4-11, 13-14, and 16-21** are true and correct copies of documents produced by Defendants in this litigation.

8. Attached as **Exhibit 3** is a true and correct copy of excerpts of the second volume of the transcript from the deposition of Defendants' Rule 30(b)(6) witness Matthew Brackett on February 8, 2023.

9. Attached as **Exhibit 12** is a true and correct copy of a document produced in this litigation by non-party Dr. Andre Van Mol, M.D.

10. Attached as **Exhibit 15** is a true and correct copy of a document produced in this litigation by non-party Miriam Grossman, M.D.

11. Attached as **Exhibit 22** is a true and correct copy of Defendant AHCA's March 1, 2023 responses to Plaintiffs' written questions.

12. Attached as **Exhibits 23** and **24** are true and correct copies of correspondence between Plaintiffs' and Defendants' counsel in this matter.

13. Attached as **Exhibit 25** is a true and correct transcript of the hearing before this Court on January 26, 2023 on Plaintiffs' Motion to Compel Production.

14. I declare under penalty of perjury that the foregoing is true and correct. Executed on this 29th day of March 2023.

By:  */s/ Omar Gonzalez-Pagan*
Lambda Legal Defense
 and Education Fund, Inc.
120 Wall Street, 19th Floor
New York, NY 10005
(212) 809-8585
ogonzalez-pagan@lambdalegal.org

4876-8872-2778.v3