March 2, 2022

On October 1, 2022, the District Court for the Northern District of Texas issued a judgment vacating the March 2, 2022 document. HHS is evaluating its next steps in light of that judgment but is complying with it.



# U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES
# Office for Civil Rights

## HHS Notice and Guidance on Gender Affirming Care, Civil Rights, and Patient Privacy

The Department of Health & Human Services (HHS) stands with transgender and gender nonconforming youth and their families—and the significant majority of expert medical associations—in unequivocally stating that gender affirming care for minors, when medically appropriate and necessary, improves their physical and mental health. Attempts to restrict, challenge, or falsely characterize this potentially lifesaving care as abuse is dangerous. Such attempts block parents from making critical health care decisions for their children, create a chilling effect on health care providers who are necessary to provide care for these youth, and ultimately negatively impact the health and well-being of transgender and gender nonconforming youth. The HHS Office for Civil Rights (OCR) will continue working to ensure that transgender and gender nonconforming youth are able to access health care free from the burden of discrimination.  HHS understands that many families and health care providers are facing fear and concerns about attempts to portray gender affirming care as abuse. To help these families and providers navigate those concerns, HHS is providing additional information on federal civil rights protections and federal health privacy laws that apply to gender affirming care.

As a law enforcement agency, OCR is investigating and, where appropriate, enforcing Section 1557 of the Affordable Care Act[1] cases involving discrimination on the basis of sexual orientation and gender identity in accordance with all applicable law. This means that if people believe they have been discriminated against in a health program or activity that receives financial assistance from HHS, they can file a complaint.

## Federal Civil Rights Laws:

**Parents or caregivers who believe their child has been denied health care, including gender affirming care, on the basis of that child's gender identity, may file a complaint with OCR.**

**Health care providers who believe that they are or have been unlawfully restricted from providing health care to a patient on the basis of that patient's gender identity may file a complaint with OCR.**

OCR enforces federal civil rights laws that prohibit discriminatory restrictions on access to health care. Among these laws is Section 1557, which prohibits discrimination on the basis of race, color, national origin, sex, age, and disability in covered health programs or activities. OCR

---

[1] 42 U.S.C. 18116; *see also* 45 C.F.R. part 92.

March 2, 2022

also enforces Section 504 of the Rehabilitation Act,[2] which prohibits discrimination on the basis of disability in any program or activity receiving federal financial assistance.

Section 1557 protects the right of individuals to access the health programs and activities of recipients of federal financial assistance without facing discrimination on the basis of sex, which includes discrimination on the basis of gender identity. Categorically refusing to provide treatment to an individual based on their gender identity is prohibited discrimination. Similarly, federally-funded covered entities restricting an individual's ability to receive medically necessary care, including gender-affirming care, from their health care provider solely on the basis of their sex assigned at birth or gender identity likely violates Section 1557. For example, if a parent and their child visit a doctor for a consultation regarding or to receive gender affirming care, and the doctor or other staff at the facility reports the parent to state authorities for seeking such care, that reporting may constitute violation of Section 1557 if the doctor or facility receives federal financial assistance. Restricting a health care provider's ability to provide or prescribe such care may also violate Section 1557.

Section 504 protects qualified individuals with disabilities from discrimination in programs and activities receiving federal financial assistance. Title II of the Americans with Disabilities Act[3] (ADA) protects qualified individuals with disabilities from discrimination in state and local government programs. Gender dysphoria may, in some cases, qualify as a disability under these laws. Restrictions that prevent otherwise qualified individuals from receiving medically necessary care on the basis of their gender dysphoria, gender dysphoria diagnosis, or perception of gender dysphoria may, therefore, also violate Section 504 and Title II of the ADA.

If you believe that you or another party has been discriminated against on the basis of gender identity or disability in seeking to access gender affirming health care, visit the OCR complaint portal to file a complaint online. To read more about Section 1557 and other laws that OCR enforces, please visit our website at https:www.hhs.gov/ocr.

## Federal Health Care Privacy Laws - Health Insurance Portability and Accountability Act of 1996 (HIPAA):

**HIPAA, the cornerstone patient privacy law, limits the circumstances under which health care providers and other entities may disclose protected health information, such as gender affirming physical or mental health care administered by a licensed provider.**

**Providers who may be concerned about their obligations to disclose information concerning gender affirming care should seek additional legal guidance regarding their legal responsibilities and other laws.**

---

[2] 29 U.S.C. 794; *see also* 45 C.F.R. part 84.
[3] 42 U.S.C. 12132.

2

March 2, 2022

OCR enforces the HIPAA Privacy, Security and Breach Notification Rules,[4] which establish requirements with respect to the use, disclosure, and protection of protected health information (PHI) by covered entities and business associates;[5] provide health information privacy and security protections; and establish rights for individuals with respect to their PHI.[6]

OCR reminds covered entities (health plans, health care providers, health care clearinghouses) and business associates that the HIPAA Privacy Rule permits, **but does not require,** covered entities and business associates to disclose PHI about an individual, without the individual's authorization,[7] when such disclosure is required by another law and the disclosure complies with the requirements of the other law.[8]  This "required by law" exception to the authorization requirement is limited to "a mandate contained in law that compels an entity to make a use or disclosure of PHI and that is enforceable in a court of law."[9]  Where a disclosure is required by law, the disclosure is limited to the relevant requirements of such law.[10] Disclosures of PHI that do not meet the "required by law definition" or exceed what is required by such law do not qualify as permissible disclosures under this exception.

### **HIPAA prohibits disclosure of gender affirming care that is PHI without an individuals' consent[11] except in limited circumstances.**

If you believe that your (or someone else's) health privacy rights have been violated, visit the OCR complaint portal to file a complaint online.

DISCLAIMER: The contents of this document do not have the force and effect of law and are not meant to bind the public in any way.  This document is intended only to provide clarity to the public regarding existing requirements under the law or the Departments' policies.

To obtain this information in an alternate format, contact the HHS Office for Civil Rights at (800) 368-1019, TDD toll-free: (800) 537-7697, or by emailing OCRMail@hhs.gov. Language assistance services for OCR matters are available and provided free of charge.

---

[4] 45 C.F.R. Parts 160 and 164, Subparts A, C, D, and E.
[5] *See* 45 C.F.R. 160.103 ("covered entity" and 'business associate" definitions).
[6] *See* 45 C.F.R. 160.103 ("protected health information" and "individually identifiable health information" definitions).
[7] *See* 45 C.F.R. 164.508(c) (HIPAA authorization required elements).
[8] 45 C.F.R. 164.512(a)(1).
[9] 45 C.F.R. 164.103 ("required by law" definition). Required by law includes, but is not limited to, court orders and court-ordered warrants; subpoenas or summons issued by a court, grand jury, a governmental or tribal inspector general, or an administrative body authorized to require the production of information; a civil or an authorized investigative demand; Medicare conditions of participation with respect to health care providers participating in the program; and statutes or regulations that require the production of information, including statutes or regulations that require such information if payment is sought under a government program providing public benefits.
[10] 45 C.F.R. 164.512(a)(1).
[11] For purposes of this guidance, "consent" refers to a valid HIPAA authorization. *See 45 C.F.R. 164.508.*