**U.S. Department of Justice**

Civil Rights Division

*Assistant Attorney General*
*950 Pennsylvania Ave, NW - RFK*
*Washington, DC  20530*

March 31, 2022

Dear State Attorneys General:

The U.S. Department of Justice (the Department) is committed to ensuring that transgender youth, like all youth, are treated fairly and with dignity in accordance with federal law.  This includes ensuring that such youth are not subjected to unlawful discrimination based on their gender identity, including when seeking gender-affirming care.  We write to remind you of several important federal constitutional and statutory obligations that flow from these fundamental principles.

People who are transgender are frequently vulnerable to discrimination in many aspects of their lives, and are often victims of targeted threats, legal restrictions, and anti-transgender violence.[1]  The Department and the federal government more generally have a strong interest in protecting the constitutional rights of individuals who are lesbian, gay, bisexual, transgender, queer, intersex, nonbinary, or otherwise gender-nonconforming,[2] and in ensuring compliance with federal civil rights statutes.  The Department is also charged with the coordination and enforcement of federal laws that protect individuals from discrimination in a wide range of federally-funded programs and activities.[3]

Intentionally erecting discriminatory barriers to prevent individuals from receiving gender-affirming care implicates a number of federal legal guarantees.  State laws and policies that prevent parents or guardians from following the advice of a healthcare professional regarding what may be medically necessary or otherwise appropriate care for transgender minors may infringe on rights protected by both the Equal Protection and the Due Process Clauses of the Fourteenth Amendment.  The Equal Protection Clause requires heightened scrutiny of laws that discriminate on the basis of sex[4] and prohibits such discrimination absent an "exceedingly

---

[1] *See, e.g.*, Michelle M. Johns et al., Ctrs. for Disease Control and Prevention, *Transgender Identity and Experiences of Violence Victimization, Substance Use, Suicide Risk, and Sexual Risk Behaviors Among High School Students—19 States and Large Urban School Districts, 2017*, Morbidity and Mortality Weekly Report 68: 67-71 (2019), https://www.cdc.gov/mmwr/volumes/68/wr/mm6803a3.htm?s_cid=mm6803a3_w (finding that transgender youth reported higher levels of violence victimization compared to their cisgender peers).

[2] *See, e.g.*, Exec. Order No. 13,988, § 1, 86 Fed. Reg. 7023 (Jan. 20, 2021); Pamela S. Karlan, Principal Deputy Assistant Attorney General, Civ. Rts. Div., U.S. Dep't of Justice, Memorandum, *Application of Bostock v. Clayton County to Title IX of the Education Amendments of 1972* (Mar. 26, 2021), https://www.justice.gov/crt/page/file/1383026/download.

[3] Exec. Order No. 12,250, § 1-201, 45 Fed. Reg. 72,995 (Nov. 2, 1980).

[4] *See, e.g.*, *Grimm v. Gloucester Cnty. Sch. Bd.*, 972 F.3d 586, 610-13 (4th Cir. 2020), *as amended* (Aug. 28, 2020), *reh'g en banc denied*, 976 F.3d 399 (4th Cir. 2020), *cert. denied*, 2021 WL 2637992 (June 28, 2021); *Whitaker* v.

1

persuasive" justification.[5]  Because a government cannot discriminate against a person for being transgender "without discriminating against that individual based on sex,"[6] state laws or policies that discriminate against transgender people must be "substantially related to a sufficiently important governmental interest."[7]

A law or policy need not specifically single out persons who are transgender to be subject to heightened scrutiny.  When a state or recipient of federal funds criminalizes or even restricts a type of medical care predominantly sought by transgender persons, an intent to disfavor that class can "readily be presumed."[8]  For instance, a ban on gender-affirming procedures, therapy, or medication may be a form of discrimination against transgender persons, which is impermissible unless it is "substantially related" to a sufficiently important governmental interest.[9]  This burden of justification is "demanding."[10]  Such a law or policy will not withstand heightened scrutiny when "the alleged objective" differs from the "actual purpose" underlying the classification.[11]  In addition, the Due Process Clause protects the right of parents "to seek and follow medical advice" to safeguard the health of their children.[12]  A state or local government must meet the heavy burden of justifying interference with that right since it is well established within the medical community that gender-affirming care for transgender youth is not only appropriate but often necessary for their physical and mental health.[13]

In addition to these constitutional guarantees, many federal statutes require recipients of federal financial assistance to comply with nondiscrimination requirements as a condition of receiving those funds.  Relevant statutes include:

- **Section 1557 of the Affordable Care Act**[14] protects the civil rights of people—including transgender youth—seeking nondiscriminatory access to healthcare in a range of health

---

*Kenosha Unified Sch. Dist. No. 1 Bd. of Educ.*, 858 F.3d 1034, 1051 (7th Cir. 2017), *cert. dismissed*, 138 S. Ct. 1260 (2018); *see also* Brief for the United States as Amicus Curiae Supporting Plaintiffs-Appellees, *Brandt v. Rutledge*, No. 21-2875 (8th Cir. Jan. 21, 2022); En Banc Brief for the United States as Amicus Curiae Supporting Plaintiff-Appellee, *Adams v. School Board of St. John's County*, No. 18-13592 (11th Cir. Nov. 26, 2021); Brief for the United States as Amicus Curiae Supporting Plaintiffs-Appellees, *Corbitt v. Taylor*, No. 21-10486 (11th Cir. Aug. 2, 2021).
[5] *United States v. Virginia*, 518 U.S. 515, 531 (1996) ("Parties who seek to defend gender-based government action must demonstrate an 'exceedingly persuasive justification' for that action.") (quoting *Mississippi Univ. for Women v. Hogan*, 458 U.S. 718, 724 (1982)).
[6] *Bostock v. Clayton Cnty.*, 140 S. Ct. 1731, 1741 (2020).
[7] *Grimm*, 972 F.3d at 608 (quoting *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 441 (1985) (internal quotations omitted)).
[8] *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 270 (1993) ("Some activities may be such an irrational object of disfavor that, if they are targeted, and if they also happen to be engaged in exclusively or predominantly by a particular class of people, an intent to disfavor that class can readily be presumed.").
[9] *Virginia*, 518 U.S. at 533.
[10] *Id.*
[11] *Miss. Univ.*, 458 U.S. at 730.
[12] *Parham v. J.R.*, 442 U.S. 584, 602 (1979).
[13] *See, e.g., Brandt v. Rutledge*, 551 F. Supp. 3d 882, 891, 893 (E.D. Ark. 2021).
[14] 42 U.S.C. § 18116.

programs and activities.[15]  Categorically refusing to provide treatment to a person based on their gender identity, for example, may constitute prohibited discrimination under Section 1557.  As the U.S. Department of Health and Human Services has stated, restricting an individual's ability to receive medically necessary care, including gender-affirming care, from their health care providers solely on the basis of their sex assigned at birth or their gender identity may also violate Section 1557.[16]

- **Title IX of the Education Amendments of 1972**[17] prohibits sex discrimination, including sex-based harassment, by recipients of federal financial assistance that operate education programs and activities.[18]  Policies and practices that deny, limit, or interfere with access to the recipient's education program or activity because students are transgender minors receiving gender-affirming care may constitute discrimination on the basis of sex in violation of Title IX.

- The **Omnibus Crime Control and Safe Streets Act of 1968**[19] prohibits sex discrimination in certain law enforcement programs and activities receiving federal financial assistance.[20]  If a law enforcement agency takes a transgender minor who is receiving gender-affirming care into custody or arrests the child's parents on suspicion of child abuse because the parents permitted such medical care, that agency may be violating the statute's nondiscrimination provision.

- **Section 504 of the Rehabilitation Act of 1973**[21] protects people with disabilities, which can include individuals who experience gender dysphoria.[22]  Restrictions that prevent, limit, or interfere with otherwise qualified individuals' access to care due to their gender

---

[15] *See, e.g.*, Notification of Interpretation and Enforcement of Section 1557 of the Affordable Care Act and Title IX of the Education Amendments of 1972, reprinted in 86 Fed. Reg. 27,984 (May 25, 2021).

[16] U.S. Dep't Health & Hum. Servs., *Notice and Guidance on Gender Affirming Care, Civil Rights, and Patient Privacy* (Mar. 2, 2022), https://www.hhs.gov/sites/default/files/hhs-ocr-notice-and-guidance-gender-affirming-care.pdf.

[17] 20 U.S.C. § 1681, *et seq*.

[18] *See* Karlan, *supra* note 2; *see also Doe v. Snyder*, --- F.4th ---, 2022 WL 711420, at *9 (9th Cir. Mar. 10, 2022); *Grimm*, 972 F.3d at 619.

[19] 34 U.S.C. § 10101, *et seq*.

[20] *See* 34 U.S.C. § 10228(c)(1); *see also* Kristen Clarke, Assistant Attorney General, Civ. Rts. Div., U.S. Dep't of Justice, Memorandum, *Interpretation of Bostock v. Clayton County regarding the nondiscrimination provisions of the Safe Streets Act, the Juvenile Justice and Delinquency Prevention Act, the Victims of Crime Act, and the Violence Against Women Act* (Mar. 10, 2022), https://www.justice.gov/crt/page/file/1481776/download.

[21] 29 U.S.C. § 794.  Additionally, Title II of the Americans with Disabilities Act extends disability civil rights protections with respect to all programs, services and activities of state and local governments, regardless of the receipt of federal financial assistance.  *See* 42 U.S.C. § 12132.

[22] *See, e.g., Doe v. Penn. Dep't of Corrections*, No. 1:20-cv-00023-SPB-RAL, 2021 WL 1583556, at *12 (W.D. Pa. Feb. 19, 2021), report and recommendation adopted in relevant part, 2021 WL 1115373 (W.D. Pa. March 24, 2021); *Lange v. Houston Cnty.*, 499 F. Supp. 3d 1258, 1270 (M.D. Ga. 2020); *Doe v. Mass. Dep't of Correction*, No. 1:17-cv-12255-RGS, 2018 WL 2994403 at *6 (D. Mass. June 14, 2018); *Blatt v. Cabela's Retail, Inc.*, No. 5:14-CV-04822, 2017 WL 2178123 (E.D. Pa. May 18, 2017).

dysphoria, gender dysphoria diagnosis, or perception of gender dysphoria may violate Section 504.

All persons should be free to access the services, programs, and activities supported by federal financial assistance without fear that they might face unlawful discrimination for doing so. Courts have held that many nondiscrimination statutes contain an implied cause of action for retaliation based on the general prohibition against intentional discrimination, and agencies have made this clear in regulations.[23] Thus, any retaliatory conduct may give rise to an independent legal claim under the protections described above.

* * *

Thank you for your continued commitment to improving the well-being of children and their families. The Department is always available to help ensure that state and local governments, many of which are recipients of federal financial assistance, meet their obligations under federal law. Please feel free to contact the Department's Civil Rights Division for assistance if you have further questions.

Sincerely,

Kristen Clarke
Assistant Attorney General
Civil Rights Division
U.S. Department of Justice

---

[23] *See, e.g.*, *Jackson v. Birmingham Bd. of Ed.*, 544 U.S. 167, 173 (2005) ("Retaliation against a person because that person has complained of sex discrimination is another form of intentional sex discrimination…"). Examples of agency regulations that prohibit retaliation include 24 C.F.R. § 1.7(e) (Dep't of Housing and Urban Development); 34 C.F.R. § 100.7(e) (Dep't of Education); 38 C.F.R. § 18.7(e) (Dep't of Veterans Affairs); and 45 C.F.R. § 80.7(e) (Dep't of Health and Human Services). Other relevant regulations can be found in the Civil Rights Division's Title VI Legal Manual. Civ. Rts. Div., U.S. Dep't of Justice, *Title VI Legal Manual*, Section VIII, https://www.justice.gov/crt/book/file/1364106/download.