UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

AUGUST DEKKER, et al.,

    *Plaintiffs*,

v.

JASON WEIDA, et al.,

    *Defendants*.

Case No. 4:22-CV-00325-RH-MAF

**MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF BY ALABAMA, ARKANSAS, GEORGIA, INDIANA, IOWA, KENTUCKY, LOUISIANA, MISSISSIPPI, MISSOURI, MONTANA, NEBRASKA, NORTH DAKOTA, SOUTH CAROLINA, TENNESSEE, TEXAS, UTAH, AND VIRGINIA**

The States of Alabama, Arkansas, Georgia, Indiana, Iowa, Kentucky, Louisiana, Mississippi, Missouri, Montana, Nebraska, North Dakota, South Carolina, Tennessee, Texas, Utah, and Virginia respectfully move for leave to file the attached amicus curiae brief in support of Defendants' Motion for Summary Judgment.

1.    This motion and proposed brief is timely because, consistent with this Court's October 3, 2022 order, it is being "submitted by not later than the deadline for the corresponding filing of the party whose position the amicus seeks to support." Doc. 43 at 1-2. That deadline is April 7, 2023. Doc. 67 at 3.

1

2. Amici States have met and conferred with the parties in good faith as required by the Local Rules. Both Plaintiffs and Defendants consent to the filing of the proposed amicus brief.

3. Like Florida, amici States have an interest in protecting their authority to enact health and safety laws, including regulating medicine and determining which treatments are appropriate for Medicaid coverage. As fellow regulators in this field, amici States offer a unique perspective to this Court.

**WHEREFORE**, amici States respectfully request an order granting leave to file the attached brief.

## INTERESTS OF AMICI CURIAE

Amici are 17 States seeking to ensure that their "health and welfare laws" continue to be "entitled to a strong presumption of validity." *Dobbs v. Jackson Women's Health Org.*, 142 S. Ct. 2228, 2284 (2022) (cleaned up). Plaintiffs challenge Florida's Medicaid regulation based on its alleged inconsistency with "current medical opinion," which they define largely by relying on position statements of their preferred medical interest groups. But States' authority to regulate health and welfare is not beholden to the views of self-interested medical interest groups. That is true under the Constitution and Medicaid laws. Amici States thus have a strong interest in ensuring that the Court rejects Plaintiffs' challenge.

## **MEMORANDUM OF LAW IN SUPPORT OF MOTION**

Amici States offer a unique and crucial perspective in this case and believe their briefing will benefit the Court. Many of the Amici States have encountered claims similar to those Plaintiffs push here—claims that the views of certain medical interest groups represent a medical consensus to which State regulators must defer. But Plaintiffs' preferred medical interest groups do not represent an unbiased medical perspective, and they represent only a slice of medical opinion on this issue. In their brief, amici States explain how these medical interest groups (1) have incentives that preclude objectivity in this case, (2) have prioritized politics over science by stifling dissenting medical opinions and rebuffing calls from their members for open, systematic reviews of the medical literature, and (3) have proclaimed a false medical consensus that conflicts with conclusions of multiple governmental healthcare authorities in Europe. Amici States thus explain why Plaintiffs' preferred medical interest groups do not provide a reliable answer to whether the treatments at issue in this case are experimental (they are), and why these organizations cannot set this Court's standard for determining the validity of Florida's Medicaid regulation.

## CONCLUSION

For these reasons, the amici States respectfully request that this Court grant their motion for leave to file their proposed amicus curiae brief (attached) in support of Defendants' Motion for Summary Judgment.

Dated: April 7, 2023

Erik M. Figlio (Fla. Bar No. 745251)
AUSLEY MCMULLEN
123 S. Calhoun St. (32301)
P.O. Box 391
Tallahassee, FL 32302
(850) 224-9115
rfiglio@ausley.com
csullivan@ausley.com

*Counsel for State Amici*

Respectfully submitted,

STEVE MARSHALL
*Attorney General of Alabama*

s/ A. Barrett Bowdre
A. Barrett Bowdre (AL Bar 2087-K29V)
*Principal Deputy Solicitor General*

STATE OF ALABAMA
OFFICE OF THE ATTORNEY GENERAL
501 Washington Ave.
Montgomery, AL 36130
Telephone: (334) 242-7300
Barrett.Bowdre@AlabamaAG.gov

*Counsel for Amicus Curiae
State of Alabama*

*Additional counsel listed on next page*

# ADDITIONAL COUNSEL

| | |
|---|---|
| TIM GRIFFIN<br>Attorney General<br>State of Arkansas | MICHAEL T. HILGERS<br>Attorney General<br>State of Nebraska |
| CHRIS CARR<br>Attorney General<br>State of Georgia | DREW H. WRIGLEY<br>Attorney General<br>State of North Dakota |
| THEODORE E. ROKITA<br>Attorney General<br>State of Indiana | ALAN WILSON<br>Attorney General<br>State of South Carolina |
| BRENNA BIRD<br>Attorney General<br>State of Iowa | JONATHAN SKRMETTI<br>Attorney General and Reporter<br>State of Tennessee |
| DANIEL CAMERON<br>Attorney General<br>State of Kentucky | KEN PAXTON<br>Attorney General<br>State of Texas |
| JEFF LANDRY<br>Attorney General<br>State of Arkansas | SEAN REYES<br>Attorney General<br>State of Utah |
| ANDREW BAILEY<br>Attorney General<br>State of Missouri | JASON S. MIYARES<br>Attorney General<br>State of Virginia |
| AUSTIN KNUDSEN<br>Attorney General<br>State of Montana | |

## CERTIFICATE OF WORD COUNT

According to Microsoft Word, the word processing system used to prepare this brief, there are a total of 217 words contained within the Motion, and a total of 340 words within the Memorandum of Law.

s/ A. Barrett Bowdre<br>
A. Barrett Bowdre

## CERTIFICATE OF SATISFACTION OF ATTORNEY-CONFERENCE REQUIREMENT

Pursuant to Local Rule 7.1(B), counsel conferred with counsel for the parties. Both Plaintiffs and Defendants indicated that they do not oppose Amici States filing the proposed amicus brief.

s/ A. Barrett Bowdre<br>
A. Barrett Bowdre