## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

AUGUST DEKKER, *et al.*,

      Plaintiffs,

v.

JASON WEIDA, in his official
capacity as Secretary of the
Florida Agency for Healthcare
Administration, *et al.*,

      Defendants.

_____/

Case No. 4:22-cv-00325-RH-MAF

## SIX PROPOSED AMICI'S MOTION FOR LEAVE
## TO APPEAR AS AMICI CURIAE IN SUPPORT OF
## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Roger Severino, Rachel N. Morrison, Maya Norohna, Louis Brown, Jr., Christine Pratt, and Marie Meszaros (the "Proposed Amici") respectfully request leave to appear as amici curiae in support of Defendants' Motion for Summary Judgment. The proposed brief is attached to this motion.

### Identity and Interest of Amicus Curiae

The Proposed Amici will offer this Court a unique perspective based on their significant experience in national healthcare law and policy that will assist this Court in resolving the important legal issues presented in this case. The joint amicus brief

will lay bare the fallacies in Plaintiffs' legal, factual, and scientific positions, which Plaintiffs have inaccurately presented to this Court as beyond dispute.

Mr. Severino is the former Director of the Office for Civil Rights at the U.S. Department of Health and Human Services ("HHS") and is currently Vice President of Domestic Policy and The Joseph C. and Elizabeth A. Anderlik Fellow at The Heritage Foundation. He is a national authority on civil rights, conscience and religious freedom, the administrative state, and information privacy, particularly as applied to health care law and policy.

Mr. Severino is joined by several other former civil-rights officials and litigators with several decades of relevant collective experience, including specific experience with enforcement of Section 1557 of the Affordable Care Act (42 U.S.C. § 18116) and the drafting and promulgation of the current Section 1557 regulations (45 C.F.R. pt. 92).

The joint amicus brief will provide the Court with the useful perspective of a former HHS official (Mr. Severino) who, in his civil-rights focused role, dealt firsthand with the interaction of gender dysphoria and medicine, freedom of conscience, and choice in the context of health care coverage. The brief will also rebut Plaintiffs' claims that cross-sex surgeries and hormones are medically necessary for transgender-identifying minors, and that Section 1557 requires the state of Florida to provide Medicaid subsidization or coverage for such interventions.

## Memorandum of Law

This Court should grant Proposed Amici leave to appear in support of Defendants' Motion for Summary Judgment. The Proposed Amici's professional experience and scholarly research are relevant to the issues before the Court and place them in a unique position to provide helpful insight and argument related to those issues. Along with Defendants' Motion for Summary Judgment, the proposed amicus brief will demonstrate that Florida's challenged policy is measured and reasonable in light the status of debate surrounding different approaches to gender dysphoria treatment and care.

This Court possesses "the inherent authority to appoint 'friends of the court' to assist in their proceedings." *In re Bayshore Ford Trucks Sales, Inc.*, 471 F.3d 1233, 1249 n.34 (11th Cir. 2006); *accord Resort Timeshare Resales, Inc. v. Stuart*, 764 F.Supp. 1495 (SD. Fla. 1991) (district courts possess inherent authority and discretion to permit participation by amicus curiae). As amicus curiae, Mr. Severino would "participate[] solely for the benefit of the court" as the Court resolves the important issues before it. *Lathrop v. Unidentified, Wrecked & Abandoned Vessel*, 817 F.Supp. 953, 961 (M.D. Fla. 1993).

"Courts have recognized that permitting friends of the court may be advisable where the third parties can contribute to the court's understanding of the matter in question." *Conservancy of Sw. Fla. v. U.S. Fish & Wildlife Serv.*, 2:10-cv-00106-

FTM-SPC, 2010 WL 3603276, at *1 (M.D. Fla. Sept. 9, 2010). Thus, district courts in Florida routinely recognize the propriety and helpfulness of amicus briefs. *See*, *e.g.*, *Vazzo v. City of Tampa*, No. 8:17-cv-02896–T–36AAS, 2018 WL 1629216, at *6 (M.D. Fla. Mar. 15, 2018) (allowing amicus brief that would provide a "helpful, alternative viewpoint" to the Court's resolution of the issues); *Brenner v. Scott*, 298 F.R.D. 689, 691–92 (N.D. Fla. 2014) (granting leave to "file a memorandum as amicus curiae on any motion" and noting that while intervention was improper, the movant's "view as amicus will be welcome"); *A.R. v. Dudek*, No. 13-61576-CIV, 2014 WL 12519764, at *4 (S.D. Fla. Apr. 7, 2014) (explaining that the Court did not wish to deny proposed intervenor "a voice" or to "extinguish any potential value that its independent investigation into the matter may bring," and therefore granting permission to "file amicus curiae memoranda as they become relevant"); *Friends of Everglades*, *Inc. v. S. Fla. Water Mgmt. Dist.*, No. 02-80309-ClV, 2005 WL 8160352, at *1 (S.D. Fla. Nov. 1, 2005) ("Movants' brief, submitted with their Motion, was timely filed and Movants' ability to inform the Court concerning their interpretation of the legal issues presented will not harm the adjudication of the summary judgment motions currently before the Court.").

This Court previously denied motions for leave to file amicus briefs at the preliminary injunction stage "based solely on timing," and directed "any further proposed amicus brief" to be "submitted by not later than the deadline for the

corresponding filing of the party whose position the amicus seeks to support." ECF No. 43. The instant motion for leave satisfies this requirement, as it (including the accompanying amicus brief) is filed not later than the deadline for Defendants' motion for summary judgment. *See also Friends of the Everglades*, *Inc.*, 2005 WL 8160352, at *1 (accepting "timely filed" amicus brief filed alongside motion for leave).

In sum, the Proposed Amici's participation as amici curiae "would provide the court with [a] 'helpful, alternative viewpoint' without causing undue delay or prejudice of the original parties' rights," but instead, will "allow the original parties to run their own case while still permitting [amici] to present [their] viewpoint and legal arguments on the matters central to this lawsuit." *Vazzo*, 2018 WL 1629216 at *6.

## <u>Conclusion</u>

In consideration of the important legal issues in this case, the unique interests and experiences of the proposed amici curiae, and the relevance of the proposed amicus brief, Roger Severino, Rachel N. Morrison, Maya Norohna, Louis Brown, Jr., Christine Pratt, and Marie Meszaros respectfully request leave to file a joint amicus brief in support of Defendants' Motion for Summary Judgment.

## Certificate of Conferral

Counsel for the Proposed Amici have conferred with counsel for all parties regarding the relief sought in this motion. Plaintiffs stated that they "will consent/not oppose the filing" of this brief and will "defer to the court's discretion on whether the amicus briefs are desirable or proper." Defendants consent to the requested relief.

## Certificate of Word Count

The undersigned certifies that this motion contains 1,070 words.

Dated April 7, 2023.                              Respectfully submitted,


/s/ Andy Bardos                              /s/ Daniel D. Mauler
Andy Bardos (FBN 822671)              Daniel D. Mauler *
andy.bardos@gray-robinson.com       D.C. Bar No. 977757
Ashley Lukis (FBN 106391)              Dan.Mauler@heritage.org
ashley.lukis@gray-robinson.com       214 Massachusetts Avenue, NE
GRAYROBINSON, P.A.                      Washington, D.C. 20002
301 South Bronough Street, Suite 600  Telephone: 202-608-6183
Tallahassee, Florida 32301-1724
Telephone: 850-577-9090                *Pro Hac Vice Motion Forthcoming*

*Attorneys for Proposed Amicus Curiae*

6