IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

AUGUST DEKKER, *et al.*,

    Plaintiffs,

v.                                Case No. 4:22-cv-00325-RH-MAF

JASON WEIDA, in his official
capacity as Secretary of the
Florida Agency for Healthcare
Administration, *et al.*,

    Defendants.
_____/

**WALT HEYER, TED HALLEY, AND CLIFTON BURLEIGH, JR.'S MOTION FOR LEAVE TO APPEAR AS *AMICI CURIAE* IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND MOTION FOR LEAVE TO FILE DECLARATIONS**

Walt Heyer, Ted Halley, and Clifton Francis Burleigh, Jr., respectfully request (i) leave to appear as *amici curiae* in support of Defendants' Motion for Summary Judgment; and (ii) leave to file their own declarations in support of their joint *amici curiae* brief. The proposed *amici* brief is attached.

**Identity and Interest of *Amici Curiae***

As *amici curiae*, Walt Heyer, Ted Halley, and Clifton Francis Burleigh, Jr. (collectively, the "Proposed *Amici*"), propose to offer this Court a unique perspective based on their real-world experience. Proposed *Amici* are adult males who suffered

from gender dysphoria, sought treatment through medical and surgical gender transitions, and found that these treatments did not solve their mental health problems. Each of them later decided to detransition, and embrace his biological sex. Each has found more peace and happiness through embracing his biological sex and mental health counseling than he had found through pursuing a gender transition.

By providing a sharp contrast to Plaintiffs' unbending rejection of anything short of gender transition on demand, the proposed *amici* brief will lay bare the fallacies in Plaintiffs' legal, factual, and scientific positions, and will assist this Court in resolving the important issues presented in this case.

The proposed joint *amici* brief will provide real-world insight into facts and experiences that are wholly consistent with the bases for the challenged policy.

## Memorandum of Law

I. **Motion for Leave to Appear as *Amici Curiae*.**

The Proposed *Amici's* personal experiences with gender dysphoria, gender transition surgery and medical treatments, and de-transition to embrace their biological sex is highly relevant to the issues before the Court, if for no other reason than to expose a stark contrast to the inaccurate picture that Plaintiffs have painted throughout this litigation regarding the supposed scientific consensus and experiences of individuals who undergo gender transition treatment. Moreover, along with Defendants' Motion for Summary Judgment, the proposed *amici* brief

2

will demonstrate that Florida's challenged policy is a responsible, fact-based choice in the face of fraught narratives and questionable science.

This Court possesses "the inherent authority to appoint 'friends of the court' to assist in their proceedings." *In re Bayshore Ford Trucks Sales, Inc.*, 471 F.3d 1233, 1249 n.34 (11th Cir. 2006); *accord Resort Timeshare Resales, Inc. v. Stuart*, 764 F.Supp. 1495 (S.D. Fla. 1991) (district courts possess inherent authority and discretion to permit participation by *amicus curiae*). As *amici curiae*, the Proposed *Amici* would "participate[] solely for the benefit of the court" as the Court resolves the important issues before it. *Lathrop v. Unidentified, Wrecked & Abandoned Vessel*, 817 F.Supp. 953, 961 (M.D. Fla. 1993).

"Courts have recognized that permitting friends of the court may be advisable where the third parties can contribute to the court's understanding of the matter in question." *Conservancy of Sw. Fla. v. U.S. Fish & Wildlife Serv.*, 2:10-cv-00106-FTM-SPC, 2010 WL 3603276, at *1 (M.D. Fla. Sept. 9, 2010). Thus, district courts in Florida routinely recognize the propriety and helpfulness of *amici* briefs. *See, e.g., Vazzo v. City of Tampa*, Case No. 8:17-cv-02896–T–36AAS, 2018 WL 1629216, at *6 (M.D. Fla. Mar. 15, 2018) (allowing *amicus* brief that would provide a "helpful, alternative viewpoint" to the Court's resolution of the issues); *Brenner v. Scott*, 298 F.R.D. 689, 691–92 (N.D. Fla. 2014) (granting leave to "file a memorandum as amicus curiae on any motion" and noting that while intervention was improper, the

3

movant's "view as amicus will be welcome"); *A.R. v. Dudek*, No. 13-61576-CIV, 2014 WL 12519764, at *4 (S.D. Fla. Apr. 7, 2014) (explaining that the Court did not wish to deny proposed intervenor "a voice" or to "extinguish any potential value that its independent investigation into the matter may bring," and therefore granting permission to "file amicus curiae memoranda as they become relevant"); *Friends of Everglades, Inc. v. S. Fla. Water Mgmt. Dist.*, No. 02-80309-ClV, 2005 WL 8160352, at *1 (S.D. Fla. Nov. 1, 2005) ("Movants' brief, submitted with their Motion, was timely filed and Movants' ability to inform the Court concerning their interpretation of the legal issues presented will not harm the adjudication of the summary judgment motions currently before the Court.").

This Court previously denied motions for leave to file *amici* briefs at the preliminary injunction stage "based solely on timing," and directed "any further proposed amicus brief" to be "submitted by not later than the deadline for the corresponding filing of the party whose position the amicus seeks to support." ECF No. 43. The instant motion for leave satisfies this requirement, as it (including the accompanying *amici* brief) is filed not later than the deadline for Defendants' motion for summary judgment. *See also Friends of the Everglades*, *Inc.*, 2005 WL 8160352, at *1 (accepting "timely filed" amicus brief filed alongside motion for leave).

In sum, the Proposed *Amici's* participation as *amici curiae* "would provide the court with [a] 'helpful, alternative viewpoint' without causing undue delay or

prejudice of the original parties' rights," but instead, will "allow the original parties to run their own case while still permitting [the amici] to present [their] viewpoint and legal arguments on the matters central to this lawsuit." *Vazzo*, 2018 WL 1629216 at *6.

**II.   Motion for Leave to File Declarations.**

Finally, the Proposed *Amici* respectfully request leave to file their personal declarations setting forth facts that elucidate their personal experiences with transition and detransition. Plaintiffs have been provided with copies of the declarations and are thus on notice of their contents.

Plaintiffs took the position that they would "consent/not oppose the filing" of an *amici* brief filed on behalf of Proposed *Amici* that described why they support the challenged policy, but would be wholly opposed to the same brief it included declarations in which Proposed *Amici* share their story and perspective in their own words.

Proposed *Amici* submit that the declarations, which tell the Proposed *Amici*'s stories in their own words, add meaningful support to the *amici* brief and will assist the Court's resolution of the issues before it for the reasons set forth throughout this motion.

The joint *amici curiae* brief filed along with this motion does not attach the declarations as exhibits in light of Plaintiffs' opposition. With this Court's permission, Proposed *Amici* will filed their declarations separately.

## Conclusion

In consideration of the important legal issues in this case, the important interests and experiences of the proposed *amici curiae*, and the relevance of the proposed *amici* brief, Walt Heyer, Ted Halley, and Clifton Francis Burleigh, Jr., respectfully request leave to appear as *amici curiae* in support of Defendants' Motion for Summary Judgment, and leave to file their own declarations in support of their joint *amici curiae* brief.

## Certificate of Conferral

Counsel for the proposed amici curiae have conferred with counsel for all parties regarding the relief sought in this motion. With respect to the Motion for Leave to Appear as *Amici Curiae*, Plaintiffs stated that they "will consent/not oppose the filing" of this brief and will "defer to the court's discretion on whether the amicus briefs are desirable or proper." Plaintiffs oppose the Motion for Leave to File Declarations in Support of the *Amici Curiae* Brief.

## Certificate of Word Count

The undersigned certifies that this motion contains 1,122 words.

Dated April 7, 2023.                                        Respectfully submitted,


/s/ *Andy Bardos*                                           /s/ *Eric Kniffin*
Andy Bardos (FBN 822671)                                    Eric Kniffin *
andy.bardos@gray-robinson.com                               CO Bar No. 48016
Ashley Lukis (FBN 106391)                                   eric@kniffin.law
ashley.lukis@gray-robinson.com                              KNIFFIN LAW PLLC
GRAYROBINSON, P.A.                                          102 Tejon St., Suite 1100
301 South Bronough Street, Suite 600                        Colorado Springs, CO 80903
Tallahassee, Florida 32301-1724                             Telephone: (719) 212-4391
Telephone: 850-577-9090

                                                            * *Pro Hac Vice Motion Forthcoming*

             *Attorneys for Proposed Amici Curiae*