IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

AUGUST DEKKER et al.,

    Plaintiffs,

v.                                  CASE NO. 4:22cv325-RH-MAF

JASON WEIDA et al.,

    Defendants.

_____/

## ORDER ALLOWING MR. WEIDA'S DEPOSITION

    The defendant Jason Weida has moved for a protective order blocking his deposition. This order denies the motion, allows the deposition, and sets a three-hour time limit.

    The State of Florida Agency for Health Care Administration recently adopted a rule barring Medicaid payment for specific categories of treatment for gender dysphoria: puberty blockers, hormone therapy, and surgeries. The plaintiffs assert the rule is unconstitutional, violates the Affordable Care Act's nondiscrimination provision, and violates the federal Medicaid statute.

When the rule was under consideration and adopted, Mr. Weida was the Agency's Assistant Deputy Secretary for Medicaid Policy and Medicaid Quality. This was two levels removed from the Agency's Secretary. Now, though, Mr. Weida is the Secretary. He asserts his position as a high agency official should preclude the plaintiffs from deposing him. And he asserts the effort to depose him comes too late—the notice of deposition was issued just two days before the discovery deadline.

It is relevant both that Mr. Weida was not the Secretary when the rule was adopted and that he is the Secretary today. Without a showing of a substantial likelihood that he has relevant, indeed significant, information not available from other sources, he would not be required to appear for a deposition. But the process by which this rule was adopted—including whether the required public hearing was just a charade to support a predetermined result—is relevant. Whether the consultants who appeared in support of the rule were hired not for their expertise but for their predetermined viewpoint is relevant. Whether the experts who will testify for the defense at the trial were coached by Mr. Weida is relevant.

The record includes documentary evidence from which one could conclude that some consultants and experts were advocates more than witnesses and that Mr. Weida himself had communications directly with them. *See, e.g.*, ECF No. 117-6, 117-10, 117-11, 117-13, & 117-17. At Mr. Weida's insistence, some of the

communications occurred only by telephone, ensuring that nobody else would know their contents. *See, e.g.*, ECF No. 117-13 at 3 ("Let's discuss your email over the phone."); *id*. at 4 ("Hi Andre, yes let's do over the phone.") One could conclude this casts doubt on the Agency's Federal Rule of Civil Procedure 30(b)(6) deposition testimony that the consultants' viewpoint was irrelevant to their selection—that whether they agreed or disagreed with the proposed rule "really was irrelevant, it really was taking a look and making evidence-based conclusions." ECF No. 117-4 at 3.

That one could conclude these things does not make them so. But the plaintiffs are entitled to conduct discovery to fully develop their side of the issue. The test of whether information can properly be discovered is not whether the information, standing alone, will entitle the party to prevail, but only whether the discovery should be allowed as a matter of discretion, taking into account the proper scope of discovery:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1).

Mr. Weida's high rank within the Agency—the so-called apex doctrine—can be seen as a specialized application of this provision. The doctrine weighs heavily against allowing the deposition. But the factors on the other side weigh more heavily. As the only Agency participant in communications that may have substantial probative value both on the merits and in impeaching the Agency's experts, Mr. Weida may properly be required to appear for a deposition, subject to an appropriately reduced time limit.

This ruling would be made anyway but draws further support from the fact that the Agency has not disclaimed an intent to call Mr. Weida as a witness at trial.

The timing of the plaintiffs' effort to depose Mr. Weida does not call for a different result. The Agency was slow to produce important documents, doing so only after entry of an order compelling their production. The late-produced documents showed that Mr. Weida had information others did not. The 30(b)(6) deposition, completed late in the process because of the late document production, did not provide all the discoverable information—and included the assertion noted above that viewpoint had nothing to do with selection of the consultants. The Agency ought not be able to avoid otherwise-proper discovery based on its own delay in providing prior proper discovery.

Under Federal Rule of Civil Procedure 37(a)(5)(B), if a discovery motion is denied, the court "must" order the moving party or attorney or both to pay the

opposing party's expenses, including attorney's fees, unless the motion was "substantially justified" or "other circumstances make an award of expenses unjust." Unless these conditions are met, an award of expenses is "mandatory." *Devaney v. Cont'l Am. Ins. Co.*, 989 F.2d 1154, 1162 (11th Cir. 1993) (citing *Merritt v. Int'l Bhd. of Boilermakers*, 649 F.2d 1013, 1019 (5th Cir. Unit A June 1981)). A position is "substantially justified" if it results from a "genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (citations, quotation marks, and brackets omitted); *Devaney*, 989 F.2d at 1163. Here the Agency's position was wrong but substantially justified, so expenses are not awarded.

In sum, as a matter of discretion, under all the circumstances,

IT IS ORDERED:

1.  Mr. Weida's motion for a protective order, ECF No. 115, is denied.

2. The plaintiffs may depose Mr. Weida. The plaintiffs' examination must not exceed three hours. Time devoted to the plaintiffs' examination means time spent on questions asked by the plaintiffs' and answers to the questions, including normal delays between questions and answers, but not including time spent on objections.

3. The deadline to conduct the deposition is April 21, 2023. The parties must cooperate in good faith to schedule the deposition by that date. But the deposition

may be conducted on a later date if both sides agree both to the delay and to the specific date on which the deposition will be conducted.

SO ORDERED on April 4, 2023.

s/Robert L. Hinkle<br>
United States District Judge