IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

AUGUST DEKKER, *et al.*,

        *Plaintiffs*,

v.

JASON WEIDA, *et al.*,

        *Defendants*.

Case No. 4:22-cv-00325-RH-MAF

**PLAINTIFFS' OPPOSITION TO NON-PARTY AMICI CURIAE'S
MOTION FOR LEAVE TO FILE DECLARATIONS**

Plaintiffs oppose the Motion for Leave to File Declarations (the "Motion") submitted by amici curiae Walt Heyer, Ted Halley, and Clifton Francis Burleigh, Jr. (the "Nonparties") (ECF 140) in support of Defendants' Motion for Summary Judgment ("MSJ"). (ECF 120.) The record already contains evidence related to detransitioning submitted by parties to this case, even though such evidence bears little weight with regard to the issues here. Moreover, the Nonparties fail to show the exceptional circumstances required to inject additional facts into the record. For these and the following reasons, the Court should deny the Nonparties' Motion.[1]

---

[1] Plaintiffs consented to and the Court granted leave for the Nonparties to file an amicus brief. (ECF 140 at 6; ECF 150.) The only issue at hand is the separate request by the Nonparties to file declarations.

1

**I.      The Present Circumstances Are Hardly Exceptional Enough to Allow Nonparties to Inject the Record with Cumulative, Anecdotal Evidence.**

The Nonparties seek leave to file declarations that they allege will "elucidate their personal experiences with transition and detransition," "add meaningful support to the amici brief," and "assist the Court's resolution of the issues before it." (ECF 140 at 55.)

At best, this evidence is cumulative to testimony already present in the record. The fact that detransitioners exist is uncontroverted in this case. Defendants' designated experts on summary judgment have already discussed issues related to detransitioning. (*See*, *e.g.*, ECF 120-12.) Defendants themselves have already offered detransitioner testimony in opposition to Plaintiffs' Motion for Preliminary Injunction. (ECF 59-1 through 6.) Importantly, Defendants did not offer or cite this evidence in support of their MSJ. Thus, the proposed declarations are either outside the scope of the issues on summary judgment or are merely "supplemental [factual] accounts" that are not "not a proper subject for an amicus brief." *Ringside. Inc. v. Cincinnati Ins. Co.*, No. 3:20-CV-01709-AC, 2021 WL 5305836, at *3 (D. Or. Nov. 15, 2021) ("[A]micus briefs are a vehicle for offering supplement legal arguments in support of a party's position."). And, for the same reasons set forth in Plaintiffs'

Motion for an Order Excluding Testimony (ECF 57 at c5-7),[2] these proposed declarations would consist of pure anecdote which would not assist this Court in administering its duties nor the parties in their presentation of proper argument.

In addition, the proposed declarations, copies of which were provided to Plaintiffs' counsel (ECF 140 at 5), are replete with lay witness opinion testimony regarding the Challenged Exclusion, the nature of gender identity and gender dysphoria, and medical treatment. Such testimony is inadmissible under Federal Rule of Evidence 701.

In any event, motions, like this one, that seek to inject the record with additional evidence are "disfavored" and can only be introduced in "*exceptional circumstances*." *See Palladino v. Corbett*, No. CIV.A. 13-5641, 2014 WL 830046, at *7 (E.D. Pa. Mar. 4, 2014); *Wiggins Bros. v. Dep't of Energy*, 667 F.2d 77, 83 (Temp. Emer. Ct. App. 1981) (emphasis added); *see also Strasser v. Doorley*, 432 F.2d 567, 569 (1st Cir. 1970) ("an amicus who argues facts should rarely be welcomed"). Here, the Nonparties do not acknowledge this standard or their heavy burden, nor do they offer *any* legal authority that would support their introduction of extra-record evidence. Exceptional circumstances are required here, but the Nonparties seek to submit declarations just because.

---

[2] *See also United States v. Articles of Food & Drug*, 444 F. Supp. 266, 272 (E.D Wis. 1977) ("Anecdotal and testimonial evidence as to cures or effects of treatments on cancer victims as described by lay persons … is not probative or substantial.").

Finally, the introduction of the Nonparties' proffered testimony would be prejudicial to Plaintiffs. The Nonparties seek to introduce witness testimony unchallenged, thereby precluding Plaintiffs from deposing or cross-examining the declarants. These are not witnesses disclosed by Defendants but would be providing testimony at trial. Aside from the fact that the testimony is being proffered by Nonparties, it is also inappropriate for the Nonparties to insert *testimony* into the record that Plaintiffs are precluded from testing or challenging through cross-examination.

The Court should rule on Defendants' MSJ on the record already before the Court. The Nonparties' cumulative evidence is unnecessary here, and the Court's decision on the merits should be free from anecdote, particularly anecdotes that cannot be subjected to the rigors of cross-examination.

## II.  Conclusion

Except for the lack of deposition testimony of Secretary Jason Weida, the parties' record before this Court is more than enough to allow the Court to reach a decision on Defendants' MSJ. The Court should deny the Motion for Leave to File Declarations.

Dated this 21st day of April 2023.

Respectfully Submitted,

*/s/ Omar Gonzalez-Pagan*

**PILLSBURY WINTHROP SHAW PITTMAN, LLP**

**Jennifer Altman** (Fl. Bar No. 881384)
**Shani Rivaux** (Fl. Bar No. 42095)
600 Brickell Avenue, Suite 3100
Miami, FL 33131
(786) 913-4900
jennifer.altman@pillsbury.com
shani.rivaux@pillsbury.com

**William C. Miller**\*
**Gary J. Shaw**\*
1200 17th Street N.W.
Washington, D.C. 20036
(202) 663-8000
william.c.miller@pillsburylaw.com

**Joe Little**\*
500 Capitol Mall, Suite 1800
Sacramento, CA 95814
(916) 329-4700
joe.little@pillsburylaw.com

**NATIONAL HEALTH LAW PROGRAM**

**Abigail Coursolle**\*
3701 Wilshire Boulevard, Suite 315
Los Angeles, CA 90010
(310) 736-1652
coursolle@healthlaw.org

**Catherine McKee**\*
1512 E. Franklin Street, Suite 110
Chapel Hill, NC 27541
(919) 968-6308
mckee@healthlaw.org

**LAMBDA LEGAL DEFENSE AND EDUCATION FUND, INC.**

**Omar Gonzalez-Pagan**\*
120 Wall Street, 19th Floor
New York, NY 10005
(212) 809-8585
ogonzalez-pagan@lambdalegal.org

**Carl S. Charles**\*
1 West Court Square, Suite 105
Decatur, GA 30030
(404) 897-1880
ccharles@lambdalegal.org

**SOUTHERN LEGAL COUNSEL, INC.**

**Simone Chriss** (Fl. Bar No. 124062)
**Chelsea Dunn** (Fl. Bar No. 1013541)
1229 NW 12th Avenue
Gainesville, FL 32601
(352) 271-8890
Simone.Chriss@southernlegal.org
Chelsea.Dunn@southernlegal.org

**FLORIDA HEALTH JUSTICE PROJECT**

**Katy DeBriere** (Fl. Bar No. 58506)
3900 Richmond Street
Jacksonville, FL 32205
(352) 278-6059
debriere@floridahealthjustice.org

\* *Admitted pro hac vice*

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of April 2023, a true copy of the foregoing has been filed with the Court utilizing its CM/ECF system, which will transmit a notice of electronic filing to counsel of record for all parties in this matter registered with the Court for this purpose.

>*/s/ Omar Gonzalez-Pagan*
>Omar Gonzalez-Pagan
>*Counsel for Plaintiffs*

## CERTIFICATE OF WORD COUNT

As required by Local Rule 7.1(F), I certify that this Opposition contains 778 words.

>*/s/ Omar Gonzalez-Pagan*
>Omar Gonzalez-Pagan
>*Counsel for Plaintiffs*