# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA
### Tallahassee Division

AUGUST DEKKER, et al.,

    Plaintiffs,

  v.

JASON WEIDA, et al.,

    Defendants.

Case No. 4:22-cv-00325-RH-MAF

**UNOPPOSED MOTION OF HUSSEIN ABDUL-LATIF, SUSAN D. BOULWARE, REBECCA KAMODY, LAURA KUPER, MEREDITHE MCNAMARA, CHRISTY OLEZESKI, NATHALIE SZILAGYI, AND ANNE ALSTOTT FOR LEAVE TO FILE BRIEF AS AMICI CURIAE IN SUPPORT OF PLAINTIFFS' CHALLENGE TO RULE 59G-1.050(7) OF THE FLORIDA ADMINISTRATIVE CODE AND IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

*Amici curiae* hereby respectfully move this Honorable Court, under its inherent authority and based on the fact that all parties consent, for leave to file the attached brief of *amici curiae*. In support of this motion, *amici curiae* state as follows:

    1.    *Amici curiae* are Hussein Abdul-Latif, Susan D. Boulware, Rebecca Kamody, Laura Kuper, Meredithe McNamara, Christy Olezeski, Nathalie Szilagyi, and Anne Alstott (collectively, "*amici*").

    2.    *Amici* respectfully move for leave to file the attached amicus brief to support the Plaintiffs' challenge to the adoption of the Rule 59G-1.050(7), to

1

support the Plaintiffs' request for declaratory and injunctive relief, and to oppose Defendants' motion for summary judgment. *Amici* have met and conferred with the parties in good faith as required by the Local Rules and understand that both Plaintiffs and Defendants consent to the filing of *amici*'s brief.

3. The *amici* submitting this brief are a well-respected group of three Ph.D. child and adolescent psychologists, four M.D. physicians with specialties in pediatric endocrinology, child and adolescent psychiatry, and adolescent medicine, and a law professor holding a tenured position at Yale Law School. All seven scientists are also clinicians who treat transgender youth daily. Collectively, *amici* have over 57 years of clinical practice and have treated more than 2,100 transgender youth. All *amici* share an interest in the integrity of medicine and science, and all are concerned that the newly adopted 2022 Exclusion sets a harmful, national precedent for denying standard medical care to transgender people. *Amici* seek to offer this Court, in the interest in the integrity of medicine and science, their professional insights regarding the life-saving benefits of gender-affirming care and the consequences that result from the denial of such important gender-affirming care to Medicaid patients, as would be required by new Section 59G-1.010(7) of the Florida Administrative Code (the "2022 Exclusion"). *Amici* firmly believe, in their professional judgment and experience, that the 2022 Exclusion precludes long-established, effective, and evidence-based medical care to

thousands of Florida Medicaid patients. *Amici* have a strong interest in ensuring that this Court has sound scientific information at hand regarding the medical treatment of gender dysphoria. *Amici* would like to submit their brief to support the Plaintiffs' challenge to the adoption of the Rule 59G-1.050(7), to support the Plaintiffs' request for declaratory and injunctive relief, and to oppose Defendants' motion for summary judgment.

**WHEREFORE**, *amici* respectfully request an order granting leave to file the attached brief of *amici curiae*.

## MEMORANDUM OF LAW IN SUPPORT OF MOTION

By requesting the Court's permission to submit an *amicus brief* in this matter, *amici* seek to assist this Court in an area that is within their expertise. Consistent with their clinical expertise, *amici* focus on medical and psychological care for gender dysphoria. *Amici* intend to provide this Court with insight into the safety and effectiveness of gender-affirming care, and demonstrate that the 2022 Exclusion lacks scientific justification, as the 2022 Exclusion was based on a fatally flawed document which has no valid scientific basis.

District courts have the discretion to accept *amicus* briefs. As the 11th Circuit has found, while the Federal Rules of Civil Procedure "do not specifically provide for the filing of amicus curiae briefs at the district court level… district courts possess the inherent authority to appoint 'friends of the court' to assist in their proceedings."

*Bayshore Ford Trucks Sales, Inc. v. Ford Motor Co. (In re Ford Motor Co.)*, 471 F.3d 1233, 1249 n.34 (11th Cir. 2006). Guiding this discretion is a concern for the court's understanding of a particular legal issue, as well as a concern for the interests of those not represented in the litigation. Indeed, "[c]ourts have recognized that permitting friends of the court may be advisable where the third parties can contribute to the court's understanding of the matter in question." *Conservancy of Sw. Fla. v. United States Fish & Wildlife Serv.*, 2010 U.S. Dist. LEXIS 94003 at *3 (M.D. Fla. Sept. 9, 2010). Particularly relevant for courts considering whether to accept amicus curiae submissions is whether "the amicus has a special interest." *News & Sun-Sentinel Co. v. Cox*, 700 F. Supp. 30, 32 (S.D. Fla. 1988).

Gender dysphoria "refers to the distress that may accompany the incongruence between one's experienced or expressed gender and one's assigned gender." *Keohane v. Fla. Dep't of Corr. Sec'y*, 952 F.3d 1257, 1262 (11th Cir. 2020), *cert. denied sub nom. Keohane v. Inch*, 142 S. Ct. 81 (2021) (quoting Am. Psych. Ass'n, Diagnostic and Statistical Manual of Mental Disorders 451 (5th ed. 2013)). District courts have permitted *amici* to file an amicus brief in matters considering similar laws targeting gender-affirming care. *See, e.g., Eknes-Tucker v. Marshall*, 2022 WL 1521889, at *2 (M.D. Ala. May 13, 2022) (allowing this group of *amici*, among others, to file amicus briefs).

*Amici* seek to fulfill the important role of amicus curiae by assisting in a case of public interest, supplementing the efforts of counsel, and drawing the Court's attention to information that may have escaped consideration. *See United States v State of Michigan*, 940 F.2d 143, 164-65 (6th Cir. 1991) ("[The] purpose [of filing an amicus brief is] to provide impartial information on matters of law about which there was doubt, especially in matters of public interest."); *Miller-Wohl Co., Inc. v. Comm'r of Labor & Indus.*, 694 F.2d 203, 204 (9th Cir. 1982) ("[A]mici fulfill[ ] the classic role of amicus curiae by assisting in a case of general public interest, supplementing the efforts of counsel, and drawing the court's attention to law that escaped consideration."). As commentators have stressed, *amici* are often in a superior position to focus the court's attention on the broad implications of various possible rulings. R. Stern, E. Greggman & S. Shapiro, Supreme Court Practice, 570-71 (1986) (quoting Ennis, Effective Amicus Briefs, 33 CATH. U. L. REV. 603, 608 (1984)).

Allowing the *amici* to participate at this stage of the litigation is particularly important because their perspectives, as clinicians, are unique. *Amici* have seen firsthand the importance of patients having access to gender-affirming care. Parents and guardians regularly seek the advice of *amici*, in a professional capacity, and *amici* offer advice concerning the proper course of treatment upon a diagnosis of gender dysphoria, in accordance with well-established standards of care. *Amici* have a special interest in the outcome of this litigation because the disposition will have a direct

impact on the health outcomes for Florida patients, specifically doctor-patient decision-making as it relates to gender-affirming medical care.

Due to the nature of the issues in the instant case, the special interest of the *amici*, the consent of all parties, and the relevance of the proposed amicus brief, we respectfully request the Court grant *amici's* motion for leave to file the amicus brief.

## CONCLUSION

For the foregoing reasons, *amici* respectfully request that this Court grant their motion for leave to file their proposed amicus curiae brief (attached hereto) to support the Plaintiffs' challenge to the adoption of the Rule 59G-1.050(7), to support the Plaintiffs' request for declaratory and injunctive relief, and to oppose Defendants' motion for summary judgment.

Dated:  April 24, 2023

Respectfully submitted,

HUSSEIN ABDUL-LATIF, SUSAN D. BOULWARE, REBECCA KAMODY, LAURA KUPER, MEREDITHE MCNAMARA, CHRISTY OLEZESKI, NATHALIE SZILAGYI, and ANNE ALSTOTT

By and through their counsel,

/s/ *Joseph J. Krasovec III*

Joseph J. Krasovec III, Esq., *Admitted in N.D. of Fla; Ill. Bar #6201456*
Joseph.Krasovec@afslaw.com
**ArentFox Schiff LLP**
233 South Wacker Drive, Suite 7100
Chicago, Illinois 60606
Telephone: 312.258.5500
Facsimile: 312.258.5600

/s/ *Kaila D. Clark*

Kaila D. Clark, Esq., *pro hac vice*
Kaila.Clark@afslaw.com
**ArentFox Schiff LLP**
Prudential Tower
800 Boylston Street, 32 Floor
Boston, MA  02199
Telephone: 617.973.6100
Facsimile: 617.367.2315

/s/ *Valerie C. Samuels*

Valerie C. Samuels, Esq. *pro hac vice*
Valerie.Samuels@afslaw.com
**Sassoon Cymrot Law, LLC**
84 State Street
Boston, MA 02109
Telephone: 617.936.5283
Facsimile: 617.979.8737

*Counsel for Amici Curiae*

## CERTIFICATE OF WORD COUNT

According to the word processing system used to prepare this brief, Microsoft Word, there are 456 total words contained within the Motion, and there are 768 words contained within the Memorandum of Law.

*/s/ Joseph J. Krasovec III*
Joseph J. Krasovec III, Esq.

## CERTIFICATE OF SATISFACTION OF ATTORNEY-CONFERENCE REQUIREMENT

Pursuant to Local Rule 7.1(B), counsel for *amici* conferred with counsel for the parties on April 20, 2023. Plaintiffs and Defendants consented to the filing of *amici*'s brief.

*/s/ Joseph J. Krasovec III*
Joseph J. Krasovec III, Esq.

## CERTIFICATE OF SERVICE

I hereby certify that, on April 24, 2023, this notice was filed through the Court's CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ Joseph J. Krasovec III*
Joseph J. Krasovec III, Esq.
