IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

AUGUST DEKKER, et al.,

      Plaintiffs,

v.                              Case No. 4:22-cv-00325-RH-MAF

SIMONE MARSTILLER, et al.,

      Defendants.

_____/

## DEFENDANTS' RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES

Defendants Simone Marstiller and the Agency for Health Care Administration respond to Plaintiffs' first set of interrogatories. Defendants respond as follows:

### PRELIMINARY STATEMENT

1.      Defendants reserve the right to supplement, clarify, or otherwise amend their responses to these interrogatories.

2.      Defendants are still reviewing documents related to Plaintiffs' first request for production. As stated in Defendants' response to Plaintiffs' first request for production, responsive documents will be produced to Plaintiffs on a rolling basis. To the extent the material contains protected health information or trade secrets provided by third-party health plans, Defendants will produce the information subject to a protective order as contemplated in the parties' Rule 26(f)

1

Pl. Trial Ex. 002

PLAINTIFFS002223

report. ECF No. 66 at 14. And to the extent that the documents require Defendants

to amend these responses, they will do so.

PLAINTIFFS002224

## RESPONSES TO INTERROGATORIES

**Interrogatory No. 1:** Identify all persons with information or knowledge concerning the facts and allegations set forth in Plaintiffs' Complaint and/or your defenses thereto.

**Response:** Defendants object to this interrogatory as they cannot identify "all persons" everywhere "with information or knowledge concerning the facts and allegations set forth in Plaintiffs' Complaint" and Defendants' pleadings. The information sought is thus overly broad and unduly burdensome.

Subject to and without waiving the objection, the following individuals employed at or contracted with Defendants have information or knowledge on the facts and allegations in Plaintiffs' complaint and Defendants' answer:

- Matthew Brackett, Program Consultant, Agency for Health Care Administration
- Dr. Romina Brignardello-Petersen
- Dr. James Cantor
- Nai Chen, Senior Pharmacist, Agency for Health Care Administration
- Ann Dalton, Bureau Chief, Agency for Health Care Administration
- Dr. G. Kevin Donovan
- Cody Farrill, Former Chief of Staff, Agency for Health Care Administration
- Cole Giering, Program Administrator, Bureau of Medicaid Policy, Agency for Health Care Administration
- Shena Grantham, Rule Coordinator, Agency for Health Care Administration
- Dr. Miriam Grossman
- Kim Kellum, Chief Medicaid Counsel, Agency for Health Care Administration
- Dr. Patrick Lappert
- Simone Marstiller, Secretary, Agency for Health Care Administration
- Devona Pickle, Administrator, Agency for Health Care Administration
- Andrew Sheeran, Acting General Counsel, Agency for Health Care Administration
- Josefina Tamayo, Former General Counsel, Agency for Health Care Administration
- Dr. Quintin Van Meter
- Dr. Andre Van Mol

3

PLAINTIFFS002225

- Tom Wallace, Deputy Secretary for Medicaid, Agency for Health Care Administration
- Jason Weida, Chief of Staff/Assistant Deputy Secretary for Medicaid Policy and Quality, Agency for Health Care Administration
- Dr. Wojtek Wiercioch

4

PLAINTIFFS002226

**Interrogatory No. 2:** Identify all persons who assisted in preparing the answers to these Interrogatories or provided information contained in the answers. For each person identified, state their title, duties, role in preparing the answers, and the Interrogatory answer(s) to which they provided information or assistance. This identification should also indicate whether the information provided is within their knowledge or was obtained from some other person or source; if the information was obtained from another person or source, that person or source should also be identified.

**Response:** The following individuals, upon information and belief, assisted in preparing answers in the following manner:

- Outside Counsel, assisted with responses to Nos. 1 – 15; information was obtained from personal knowledge and individuals mentioned in this response
- Matthew Brackett, Program Consultant, assisted in drafting answers to Nos. 1 – 15; information was obtained from personal knowledge and individuals mentioned in this response
- Nai Chen, Senior Pharmacist, Agency for Health Care Administration, assisted in drafting answers to and collecting documents for Nos. 6, 9, and 10.
- Cole Giering, Program Administrator, Bureau of Medicaid Policy, Agency for Health Care Administration, assisted in drafting answers to and collecting documents for No. 8.
- Andrew Sheeran, Acting General Counsel, Agency for Health Care Administration, assisted with responses to Nos. 1 – 15; information was obtained from personal knowledge and individuals mentioned in this response

5

**Interrogatory No. 3:** Describe in detail the process AHCA uses to determine whether a particular procedure, treatment, or service is experimental. Please include in your response the identities and roles of each individual involved in the process, the duration of the process (meaning how long it takes from beginning to end), and any Documents that describe the process. A complete response to this Interrogatory should identify all Documents related to that process.

**Response:** Please refer to the response to Interrogatory No. 5 and Rule 59G-1.035, Florida Administrative Code.

6

PLAINTIFFS002228

**Interrogatory No. 4:** Identify all persons involved in researching, preparing, drafting, or editing the GAPMS Memo, including each person's role(s) in researching, preparing, drafting, or editing the GAPMS Memo, their employer and job title, and the date on which their involvement began and if applicable, ended.

**Response:** Defendants object to this interrogatory. Identifying "all persons," as defined in Plaintiffs' first set of interrogatories, is too broad and burdensome, and includes anyone who provided administrative support or undertook ministerial tasks.

Defendants interpret the interrogatory as requiring the disclosure of anyone whom the GAPMS Memo was routed to within the agency:

- Matthew Brackett, Program Consultant, Agency for Health Care Administration, researching and drafting the GAPMS Memo
- Nai Chen, Senior Pharmacist, Agency for Health Care Administration, researching and preparing maps for the GAPMS Memo
- Ann Dalton, Bureau Chief, Agency for Health Care Administration
- Cody Farrill, Former Chief of Staff, Agency for Health Care Administration
- Devona Pickle, Administrator, Florida Agency for Health Care Administration, researching and preparing maps for the GAPMS Memo
- Tom Wallace, Deputy Secretary for Medicaid, Agency for Health Care Administration
- Jason Weida, Chief of Staff/Assistant Deputy Secretary for Medicaid Policy and Quality, Agency for Health Care Administration, reviewing the GAPMS Memo

Upon information and belief, each individual became involved in this process on or around April 2022.

7

PLAINTIFFS002229

**Interrogatory No. 5:** Describe in detail the process by which the GAPMS Memo was researched, prepared, drafted, and edited. A complete answer to this Interrogatory should list all public and non-public meetings at which Defendants discussed the GAPMS Memo and identify all research, studies, data, reports, publications, testimony, or other Documents considered, reviewed, or relied on in researching, preparing, drafting, and editing the GAPMS Memo.

**Response:** Defendants object to this interrogatory. Identifying "all" public and non-public meetings and "all" research, studies, data, reports, publications, testimony, or other "Documents," as defined in Plaintiffs' first set of interrogatories, is too broad and burdensome.

Subject to and without waiving such objection, below is the process in which a GAPMS report is created and how the GAPMS Memo was created:

When preparing a Generally Accepted Professional Medical Standards (GAPMS) report, the Agency for Health Care Administration takes the following steps to comply with the requirements specified in Rule 59G-1.035, Florida Administrative Code (F.A.C.):

- Completing a comprehensive review of the available literature and evidence-based clinical practice guidelines regarding the health service and corresponding clinical indication.
- Assessing the effectiveness of the health service under consideration based on the conclusions of research articles published in peer-reviewed, academic journals.
- Researching available coverage policies from other insurers for the health service and its corresponding clinical indication.
- Reviewing recommendations and assessments by experts on the health service and its corresponding clinical indication.

Following completion of the research phase, the Agency then composes a report organized into three parts (Health Service Summary, Literature Review, and Other Coverage Policies) and submits it for review by the Deputy Secretary for Florida Medicaid. The Deputy Secretary then decides whether to concur or not concur and signs the GAPMS report.

As to dates of meetings concerning the creation of the GAPMS Memo, Defendants collected electronic calendar invitations of meetings concerning Rule 59G-1.050(7). Those electronic calendar invitations identify the dates, subjects, and required and optional attendees of those meetings. Those documents will be

8

PLAINTIFFS002230

produced to Plaintiffs on a rolling basis, and  Defendants will supplement this response with bates ranges of corresponding documents.

As to documents and testimony concerning the GAPMS Memo, the Agency considered the documents contained in the works-cited section of the GAPMS Memo (https://ahca.myflorida.com/letkidsbekids/docs/AHCA_GAPMS_June_2022_Report.pdf) and considered the testimony of experts and the public during the July 8 Hearing.

PLAINTIFFS002231

**Interrogatory No. 6:** Identify all public or non-public meetings involving you in which Florida Medicaid coverage for procedures, treatments, and services requested or intended for the treatment of gender dysphoria were discussed, listing the date of each meeting, the nature of each meeting, and the attendees of the meeting, and identifying any Documents or other materials relating to those meetings in your custody or control.

**Response:** Defendants object to this interrogatory. Identifying "all" public and non-public meetings and "any Documents," as defined in Plaintiffs' first set of interrogatories, is too broad and burdensome.

Subject to and without waiving such objection, Defendants have collected electronic calendar invitations of meetings concerning Rule 59G-1.050(7). Those electronic calendar invitations identify the dates, subjects, and required and optional attendees of those meetings. Those documents will be produced to Plaintiffs on a rolling basis, and Defendants will supplement this response with bates ranges of corresponding documents.

PLAINTIFFS002232

**Interrogatory No. 7:** Identify all persons involved in the drafting, promulgation, and implementation of the Challenged Exclusion, including each person's role(s) in drafting, promulgating, and implementing the Challenged Exclusion, their employer and job title, and the date on which their involvement began and if applicable, ended.

**Response:** Defendants object to this interrogatory. Identifying "all persons," as defined in Plaintiffs' first set of interrogatories, is too broad and burdensome.

Subject to and without waiving such objection, please refer to the responses to Interrogatory Nos. 1 and 4.

11

PLAINTIFFS002233

**Interrogatory No. 8:** Describe in detail the process by which the Challenged Exclusion was originally drafted, promulgated, and implemented. A complete answer to this Interrogatory should list all public and non-public meetings at which you discussed the proposed regulation that became the Challenged Exclusion and identify all research, studies, data, reports, publications, testimony, or other Documents considered, reviewed, or relied on in the drafting, promulgation, and implementation of the Challenged Exclusion.

**Response:** Defendants object to this interrogatory. Identifying "all" public and non-public meetings and "all" research, studies, data, reports, publications, testimony, or other "Documents," as defined in Plaintiffs' first set of interrogatories, is too broad and burdensome.

Subject to and without waiving such objection, the following, upon information and belief, are relevant dates concerning Rule 59G-1.050(7):

- April 20, 2022, Secretary Marstiller asks Deputy Secretary Wallace to determine whether certain treatments for gender dysphoria are consistent with generally accepted professional medical standards
- June 3, 2022, Notice of Development of Rulemaking
- June 17, 2022, Notice of Proposed Rule publication
- July 8, 2022, Hearing held on Rule 59G-1.050(7)
- July 25, 2022, General Counsel Tamayo signed a memorandum that stated that (1) there was no administrative determination pending on the amendment to Rule 59G-1.050(7) and (2) the rule file documents were in order
- July 25, 2022, Secretary Marstiller concurred with recommendation to adopt Rule 59G-1.050(7)
- August 1, 2022, Rule 59G-1.050(7) was sent to the Department of State
- August 21, 2022, Rule 59G-1.050(7) became effective

As to dates of meetings concerning Rule 59G-1.050(7), Defendants collected electronic calendar invitations of meetings concerning Rule 59G-1.050(7). Those electronic calendar invitations identify the dates, subjects, and required and optional attendees of those meetings. Those documents will be produced to Plaintiffs on a rolling basis, and Defendants will supplement this response with bates ranges of corresponding documents.

As to documents and testimony concerning Rule 59G-1.050(7), the Agency considered the documents contained in the works-cited section of the GAPMS Memo

12

PLAINTIFFS002234

(https://ahca.myflorida.com/letkidsbekids/docs/AHCA_GAPMS_June_2022_Report.pdf) and considered the testimony of experts and the public during the July 8 Hearing.

13

**Interrogatory No. 9:** State whether the following medical procedures, treatments, and services are excluded from coverage under Florida Medicaid for the treatment of gender dysphoria: penectomy, orchiectomy, vaginoplasty, feminizing genitoplasty, breast reconstruction, chondrolaryngoplasty, phalloplasty, metoidioplasty, masculinizing genitoplasty, mastectomy, reduction mammoplasty, hysterectomy, oophorectomy, salpingo-oophorectomy, estradiol (in all forms, including oral/sublingual estradiol, transdermal estradiol, estradiol valerate IM, and estradiol cypionate IM), medroxyprogesterone acetate (Provera), micronized progesterone, spironolactone, finasteride, dutasteride, and testosterone (in all forms, including testosterone cypionate, testosterone enthanate, testosterone topical gel 1%, testosterone topical gel 1.62%, testosterone patches, testosterone cream, testosterone axillary gel 2%, testosterone undecanoate), and Gonadotropin-releasing hormone (GnRH) antagonists. A complete answer to this Interrogatory should state whether the procedures, treatments, and services are excluded from coverage for beneficiaries under twenty-one years of age as well as for individuals twenty-one years of age and older.

**Response:** Upon information and belief, those procedures, treatments and services are excluded from coverage for the treatment of *only* one medical diagnosis (gender dysphoria) and not transgender status. The exclusion applies regardless of age. That said, behavioral and mental health services are not excluded. *See* ECF No. 49-2 at 84, ¶ 28 (App. 267).

14

PLAINTIFFS002236

**Interrogatory No. 10:** For each medical procedure, treatment, and service identified in response to interrogatory No. 9 as being excluded from Florida Medicaid coverage to treat gender dysphoria, state whether the exclusion is because of the Challenged Exclusion or for some other reason.

**Response:** For each procedure, treatment, and service identified in response to Interrogatory No. 9, they are excluded from coverage for the treatment of gender dysphoria due to Rule 59G-1.050(7). That said, behavioral and mental health services are not excluded. *See* ECF No. 49-2 at 84, ¶ 28 (App. 267).

15

PLAINTIFFS002237

**Interrogatory No. 11:** For each medical procedure, treatment, and service identified in response to Interrogatory No. 9 as being excluded from Florida Medicaid coverage to treat gender dysphoria, state whether Florida Medicaid covers the procedure, treatment, or service to treat a condition or conditions other than gender dysphoria, and if so, identify the condition or conditions and all Documents, including provider guides and manuals, provider bulletins, plan bulletins, clinical coverage policies, and claims processing manuals, related to the medical procedures, treatments, and services covered to treat the condition or conditions.

**Response:** Defendants direct Plaintiffs to the following regulations where they can obtain an answer:

- Inpatient Hospital Services Coverage Policy (Rule 59G-4.150, F.A.C.)
- Ambulatory Surgical Center Services Coverage Policy (Rule 59G-4.020, F.A.C.)
- Prescribed Drug Services Coverage Policy (Rule 59G-4.250, F.A.C.)
- Practitioner Fee Schedule (Rule 59G-4.002, F.A.C.)

Moreover, Florida Medicaid will cover any outpatient drug that is FDA approved and meets medical necessity guidelines. Defendants are not aware of any other manuals or bulletins that outline coverage requirements for the services considered in the GAPMS Memo when it comes to other diseases or conditions. Defendants also do not specify which conditions a treatment can apply to as long as it meets all medical necessity criteria as defined in the Definitions Policy (Rule 59G-1.010, F.A.C.).

PLAINTIFFS002238

**Interrogatory No. 12:** Describe in detail the entire process by which a Medicaid Recipient can request coverage of an excluded service pursuant to Florida Statutes § 120.542. Please include in your response the identities and roles of each individual involved in the process, the duration of the process (meaning how long it takes from beginning to end), and any Documents that describe the process or set forth any rules or conditions that apply.

**Response:** Section 120.542, Florida Statutes, as well as Chapter 28-104, Florida Administrative Code, details the process that a Medicaid recipient can request a variance and waiver. Richard Shoop is the Agency Clerk and receives the variance and waiver petition. The Secretary of the Agency for Health Administration signs the final order on the variance and waiver petition.

17

**Interrogatory No. 13:** Describe in detail the written notice afforded a Medicaid Recipient who requests coverage of an excluded service through the process described in response to interrogatory No. 12. Please include in your response the identities of each person involved in writing and sending such notice, and any deadlines for when written notice shall be provided.

**Response:** Defendants object to this interrogatory as being vague and ambiguous. Subject to and without waiving this objection, Defendants interpret this question to refer to notices that are provided to a Medicaid recipient who requests a variance and waiver. The final order from the Secretary of the Agency for Health Care Administration would provide the Medicaid recipient written notice of the variance and waiver decision as required by Chapter 120 of the Florida Statutes.

18

**Interrogatory No. 14:** Identify each time that a Medicaid Recipient has requested a variance or waiver pursuant to Fla. Stat. § 120.542 to receive Medicaid coverage of a health care procedure, treatment or service, the outcome the request, and all Documents related to the request and its resolution. An answer to this Interrogatory should not contain any "protected health information" as defined in 45 CFR § 160.103.

**Response:** Defendants object to this interrogatory. Identifying "all Documents," as defined in Plaintiffs' first set of interrogatories, is too broad and burdensome.

Subject to and without waiving such objection, Defendants have identified final orders, which will be produced to Plaintiffs on a rolling basis. Defendants will supplement this response with bates ranges of corresponding documents.

19

PLAINTIFFS002241

**Interrogatory No. 15:** Describe in detail the factual basis for each governmental interest that you contend supports the Challenged Exclusion.

**Response:** The State of Florida has a compelling governmental interest in protecting its citizens from experimental medical procedures. As explained in the GAPMS Memo; the response in opposition to the motion for preliminary injunction and its supporting materials, ECF No. 49; and as will be further explained in Defendants' expert reports, the at-issue treatments for gender dysphoria are experimental and could lead to negative, irreversible consequences.

PLAINTIFFS002242

**VERIFICATION**

Pursuant to 28 U.S.C. § 1746, I, Matthew Brackett, Program Consultant, Bureau of Medicaid Policy, Agency for Health Care Administration, declare under penalty of perjury that the foregoing answers to the First Set of Interrogatories are true and correct.

Executed on December _19_, 2022.

Matthew Brackett

21

PLAINTIFFS002243

Dated: December 19, 2022

*As to Objections*,

/s/ Mohammad O. Jazil
Mohammad O. Jazil (FBN 72556)
Gary V. Perko (FBN 855898)
Michael Beato (FBN 1017715)
mjazil@holtzmanvogel.com
gperko@holtzmanvogel.com
mbeato@holtzmanvogel.com
HOLTZMAN VOGEL BARAN
TORCHINSKY & JOSEFIAK PLLC
119 S. Monroe St., Suite 500
Tallahassee, FL 32301
(850) 270-5938

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on December 19, 2022, the document was emailed to counsel of record.

/s/ Mohammad O. Jazil
Mohammad O. Jazil

PLAINTIFFS002244