IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

AUGUST DEKKER, et al.,

      Plaintiffs,

v.                                 Case No. 4:22-cv-00325-RH-MAF

JASON WEIDA[1], et al.,

      Defendants.
_____/

## DEFENDANTS' RESPONSES TO PLAINTIFFS' SECOND SET OF INTERROGATORIES

Defendants Secretary Weida and the Agency for Health Care Administration

respond to Plaintiffs' second set of interrogatories. Defendants respond as follows.

Defendants reserve the right to supplement, clarify, or otherwise amend their

responses to these interrogatories.

## RESPONSES TO INTERROGATORIES

**Interrogatory No. 16:** For each response to the Requests for Admissions (served concurrently with these Interrogatories) that is anything other than an unqualified admission, state all facts upon which you base your response.

**Response:** Defendants object to this interrogatory as they cannot identify "all facts" upon which the responses are based. The interrogatory is thus overly broad and unduly burdensome. Subject to and without waiving such objection, the Agency responds as follows:

_____

[1] Jason Weida has succeeded Simone Marstiller as Interim Secretary of the Agency for Health Care Administration, as reflected in ECF 78.

Pl. Trial Ex. 003

PLAINTIFFS002211

- Request for Admission No. 2: Denied. The Challenged Exclusion does not preclude the coverage of behavioral health services for gender dysphoria, and the services for which coverage is precluded are not medically necessary.
- Request for Admission No. 3: Denied. The Agency determined that the drugs and surgical procedures defined under the Plaintiffs' definition of "Various Services" are experimental and investigational. The basis for that determination is explained in detail in the GAPMS report.
- Request for Admission No. 4: Denied. The Agency is unable to determine how the Plaintiffs identify at any given time. Additionally, the Agency is only aware that the Plaintiffs' attorneys are claiming they are transgender.
- Request for Admission No. 14: Defendants are without sufficient knowledge to admit or deny, and therefore denied.
- Request for Admission No. 15: Defendants are without sufficient knowledge to admit or deny, and therefore denied.
- Request for Admission No. 16: Defendants are without sufficient knowledge to admit or deny, and therefore denied.
- Request for Admission No. 17: Defendants are without sufficient knowledge to admit or deny, and therefore denied.
- Request for Admission No. 18: Defendants are without sufficient knowledge to admit or deny, and therefore denied.
- Request for Admission No. 20: Defendants are without sufficient knowledge to admit or deny, and therefore denied. To form a basis for admitting or denying, the Agency would have to review encounter date which may still be pending submission by the Medicaid Plan.
- Request for Admission No. 21: Defendants are without sufficient knowledge to admit or deny, and therefore denied, because the Agency cannot predict an individual's health.
- Request for Admission No. 22: Defendants are without sufficient knowledge to admit or deny, and therefore denied, because the Agency cannot predict an individual's health.
- Request for Admission No. 23: Defendants are without sufficient knowledge to admit or deny, and therefore denied, because the Agency cannot predict an individual's health.
- Request for Admission No. 24: Defendants are without sufficient knowledge to admit or deny, and therefore denied, because the Agency cannot predict an individual's health.

2

PLAINTIFFS002212

- Request for Admission No. 25: Defendants are without sufficient knowledge to admit or deny, and therefore denied, because the Agency cannot predict an individual's health.
- Request for Admission No. 29: Denied. The criteria are set forth in the cited statute.
- Request for Admission No. 31: Denied. The Agency determined that the "Various Services" are experimental and investigational when used to treat gender dysphoria. The basis for that determination is set forth in detail in the GAPMS report.
- Request for Admission No. 32: Denied. The Agency determined that the "Various Services" are experimental and investigational when used to treat gender dysphoria. The basis for that determination is set forth in detail in the GAPMS report.
- Request for Admission No. 34: Denied. Florida Medicaid did not have a policy on coverage for puberty suppression.
- Request for Admission No. 35: Denied. Florida Medicaid did not have a policy on coverage for puberty suppression.
- Request for Admission No. 36: Denied. The individuals who promulgated the amendment to Rule 59G-1.050, F.A.C are those that promulgate all rules and rule amendments for Florida Medicaid.
- Request for Admission No. 37: Denied. Florida Medicaid did not have a policy on coverage of services for the treatment of gender dysphoria.
- Request for Admission No. 38: Denied. Florida Medicaid did not have a policy on coverage of services for the treatment of gender dysphoria.
- Request for Admission No. 39: Denied.  The criteria for all variance requests are set forth in the cited statute
- Request for Admission No. 41: Defendants  are  without  sufficient knowledge to admit or deny, and therefore denied.
- Request for Admission No. 44: Denied. The Agency has heard the testimony from multiple detransitioners.
- Request for Admission No. 49: Denied. Debate persists around these treatments listed under the definition of Various Services, which is becoming more evident as revealed by recent reports in Reuters and the New York Times.
- Request for Admission No. 50: Denied. The WPATH Standards of Care are not a standard of care but rather guidelines composed by an advocacy group. Currently, no standard of care exists for the condition that endorses such treatments, just clinical guidelines. The term "standard of care" has specific legal ramifications. For example,

3

PLAINTIFFS002213

physicians who practice outside of a given standard can be found liable for medical malpractice.

- Request for Admission No. 51: Denied. The WPATH Standards of Care are not a standard of care but rather guidelines composed by an advocacy group. Currently, no standard of care exists for the condition that endorses such treatments, just clinical guidelines. The term "standard of care" has specific legal ramifications. For example, physicians who practice outside of a given standard can be found liable for medical malpractice.

- Request for Admission No. 52: Denied. The WPATH Standards of Care are not a standard of care but rather guidelines composed by an advocacy group. Currently, no standard of care exists for the condition that endorses such treatments, just clinical guidelines. The term "standard of care" has specific legal ramifications. For example, physicians who practice outside of a given standard can be found liable for medical malpractice.

- Request for Admission No. 53: Denied. The WPATH Standards of Care are not a standard of care but rather guidelines composed by an advocacy group. Currently, no standard of care exists for the condition that endorses such treatments, just clinical guidelines. The term "standard of care" has specific legal ramifications. For example, physicians who practice outside of a given standard can be found liable for medical malpractice.

- Request for Admission No. 54: Denied. The WPATH Standards of Care are not a standard of care but rather guidelines composed by an advocacy group. Currently, no standard of care exists for the condition that endorses such treatments, just clinical guidelines. The term "standard of care" has specific legal ramifications. For example, physicians who practice outside of a given standard can be found liable for medical malpractice.

- Request for Admission No. 55: Denied. The Endocrine Society's clinical guidelines do not constitute a standard of care, which is noted in the Endocrine Society's guidelines stating they are not a standard of care.

- Request for Admission No. 56:  Denied. The Endocrine Society's clinical guidelines do not constitute a standard of care, which is noted in the Endocrine Society's guidelines stating they are not a standard of care.

- Request for Admission No. 57: Denied. No standard of care exists for the treatment of gender dysphoria.

4

PLAINTIFFS002214

- Request for Admission NO. 60: Denied. The decision to promulgate the rule was made by the Agency.
- Request for Admission NO. 61: Denied. The decision to promulgate the rule was made by the Agency.
- Request for Admission No 62: Denied. The Agency did not invite anyone to the hearing.
- Request for Admission No 63: Denied. The Agency did not invite anyone to the hearing.
- Request for Admission No 64: Denied. The Agency did not invite anyone to the hearing.
- Request for Admission No 65: Denied. The Agency did not invite anyone to the hearing.
- Request for Admission No 66: Denied. The Agency did not invite anyone to the hearing.
- Request for Admission No 67: Denied. The Agency did not invite anyone to the hearing.
- Request for Admission No 68: Denied. The Agency did not invite anyone to the hearing.
- Request for Admission No. 69: Denied. The Agency's considered available guidelines, as discussed in the GAPMS report.
- Request for Admission No. 70: Denied. The Agency consulted peer-reviewed literature, as discussed in the GAPMS Report.
- Request for Admission No. 71: Denied. The Agency consulted the policies of other insurers, as discussed in the GAPMS Report.
- Request for Admission No. 72: Denied. The Agency also included Jason Weida, Matt Brackett, and Shena Grantham.
- Request for Admission No. 75: Denied. The Agency selected the authors based on their knowledge of peer-reviewed literature pertaining to the treatment of gender dysphoria.
- Request for Admission No. 76: Denied. Those employed by the Agency have not taken a public position on this issue.
- Request for Admission No. 77: Denied. The Agency selected the panelists based on their knowledge of peer-reviewed literature pertaining to the treatment of gender dysphoria or based on their role in the rule promulgation process.
- Request for Admission No. 78: Denied. The Agency had no policy with respect to treatments for gender dysphoria prior to preparation of the GAPMS memo.

5

PLAINTIFFS002215

- Request for Admission No. 79: Denied. The Agency did not have a predetermined conclusion and intended only to reach whatever conclusion was best supported by available evidence.

PLAINTIFFS002216

**Interrogatory No. 17:** State the names, addresses, and telephone numbers of all persons who have knowledge of the facts you identify in your response to Interrogatory No. 16.

**Response:**     Objection, this interrogatory is overbroad and unduly burdensome. The Agency cannot identify "all persons" with knowledge as to responses identified in response to Interrogatory No. 16.  Subject to and without waiving said objection, the following persons at the Florida Agency for Health Care Administration prepared and have knowledge of the responses to Plaintiffs' First Set of Requests for Admissions:

- Matthew Brackett, Program Consultant, Florida Agency for Health Care Administration, 2727 Mahan Drive Bldg. 3 MS #20, Tallahassee, FL 32308. 850-412-4151.
- Devona Pickle, Agency for Health Care Administrator, Florida Agency for Health Care Administration, 2727 Mahan Drive Bldg. 3 MS #20, Tallahassee, FL 32308. 850-412-4646.
- Nai Chen, Senior Pharmacist, Florida Agency for Health Care Administration, 2727 Mahan Drive Bldg. 3 MS #20, Tallahassee, FL 32308. 850-412-4216.
- Ann Dalton, Bureau Chief, Florida Agency for Health Care Administration, 2727 Mahan Drive Bldg. 3 MS #20, Tallahassee, FL 32308. 850-412-4257.
- Cole Giering, Program Administrator, Florida Agency for Health Care Administration, 2727 Mahan Drive Bldg. 3 MS #20, Tallahassee, FL 32308. 850-412-4691.

PLAINTIFFS002217

**Interrogatory No. 18:** For each response to the Requests for Admissions (served concurrently with the Interrogatories) that is anything other than an unqualified admission, identify all Documents that support your response.

**Response:** The documents supporting the Agency's responses are publicly available on the Agency's website at the following URL: https://ahca.myflorida.com/. No documentation exists for responses that do not identify supporting documentation.

8

**Interrogatory No. 19:** For each Document you identify in response to Interrogatory No. 18, state the name, address, and telephone number of each person or entity who has the Document or a copy of the Document.

**Response:** The documents supporting the Agency's responses are publicly available on the Agency's website at the following URL: https://ahca.myflorida.com/. No documentation exists for responses that do not identify supporting documentation.

PLAINTIFFS002219

## VERIFICATION

Pursuant to 28 U.S.C. § 1746, I, Matthew Brackett, Program Consultant,

Bureau of Medicaid Policy, Agency for Health Care Administration, declare under

penalty of perjury that the foregoing answers to the Second Set of Interrogatories

are true and correct.

Executed on January _12_, 2023.


*John M. Brackett*
Matthew Brackett

10

PLAINTIFFS002220

Dated: January 12, 2023

*As to Objections,*

/s/ Gary V. Perko
Mohammad O. Jazil (FBN 72556)
Gary V. Perko (FBN 855898)
Michael Beato (FBN 1017715)
mjazil@holtzmanvogel.com
gperko@holtzmanvogel.com
mbeato@holtzmanvogel.com
HOLTZMAN VOGEL BARAN
TORCHINSKY & JOSEFIAK PLLC
119 S. Monroe St., Suite 500
Tallahassee, FL 32301
(850) 270-5938

*Counsel for Defendants Secretary Weida and the Agency for Health Care Administration*

## CERTIFICATE OF SERVICE

I hereby certify that on January 12, 2023, the document was emailed to counsel of record.

/s/ Gary V. Perko
Gary V. Perko

11

PLAINTIFFS002221

**PILLSBURY WINTHROP SHAW PITTMAN, LLP**

Jennifer Altman
Shani Rivaux
600 Brickell Avenue, Suite 3100
Miami, FL 33131
jennifer.altman@pillsbury.com
shani.rivaux@pillsbury.com
(786) 913-4900

William C. Miller
Gary J. Shaw
PILLSBURY WINTHROP SHAW
PITTMAN, LLP
1200 17th Street N.W.
Washington, D.C. 20036
william.c.miller@pillsburylaw.com
gary.shaw@pillsburylaw.com
(202) 663-8000

Joe Little
500 Capitol Mall, Suite 1800
Sacramento, CA 95814
joe.little@pillsburylaw.com
(916) 329-4700

**NATIONAL HEALTH LAW PROGRAM**

Abigail Coursolle
3701 Wilshire Boulevard, Suite 315
Los Angeles, CA 90010
coursolle@healthlaw.org
(310) 736-1652

Catherine McKee
1512 E. Franklin Street, Suite 110
Chapel Hill, NC 27514
mckee@healthlaw.org

**LAMBDA LEGAL DEFENSE AND EDUCATION FUND, INC.**

Omar Gonzalez-Pagan
120 Wall Street, 19th Floor
New York, NY 10005
ogonzalez-pagan@lambdalegal.org
(212) 809-8585

Carl S. Charles
1 West Court Square, Suite 105
Decatur, GA 30030
ccharles@lambdalegal.org
(404) 897-1880

**SOUTHERN LEGAL COUNSEL, INC.**

Simone Chriss
Chelsea Dunn
1229 NW 12th Avenue
Gainesville, FL 32601
Simone.Chriss@southernlegal.org
Chelsea.Dunn@southernlegal.org
(352) 271-8890

**FLORIDA HEALTH JUSTICE PROJECT**

Katy DeBriere
3900 Richmond Street
Jacksonville, FL 32205
debriere@floridahealthjustice.org
(352) 278-6059

/s/ Gary V. Perko
Gary V. Perko

12

PLAINTIFFS002222