

STATE OF FLORIDA
AGENCY FOR HEALTH CARE ADMINISTRATION
OFFICE OF FAIR HEARINGS

**FILED**

Jun 01, 2020, 9:07 am

OFFICE OF FAIR HEARINGS

**PETITIONER,**

AHCA Case No.: 20-FH0855
Plan ID No.:

vs.

**SIMPLY HEALTHCARE PLANS, INC.,**

**RESPONDENT.**
_____/

# FINAL ORDER

Pursuant to notice, the undersigned convened a telephonic Fair Hearing on the instant case on April 29, 2020, at 9:00 a.m. EST.

## APPEARANCES

For the Petitioner:          
                             Petitioner's Authorized Representative

For the Respondent:   Angela Royster
                             Grievance and Appeals Associate
                             Simply Healthcare Plans, Inc.

## STATEMENT OF ISSUE

The issue is whether Petitioner proved by a preponderance of the evidence that Respondent's decision to deny Petitioner's request for medical supplies was incorrect.

## PRELIMINARY STATEMENT

AHCA 000011

All parties appeared telephonically. Petitioner's Authorized Representative ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ appeared on behalf of the Petitioner. Petitioner appeared to offer testimony. Carlos Sanchez appeared as a witness for Petitioner.

Angela Royster, Grievance and Appeals Associate for Simply Healthcare Plans ("Simply") appeared on behalf of Respondent. The following attended as witness for Respondent: Dr. Susan Ledbetter ("Dr. Ledbetter"), Medical Director for Simply, and Roberta Frank, Nurse Appeals Associate for Simply.

Sheila Gonzalez, Medical/Health Care Program Analyst for the Agency for Health Care Administration ("Agency" or "AHCA") and Charles Martin, Hearing Officer for AHCA, appeared as observers.

Oscar, interpreter number 351116 for Ciricom, and Veronica appeared to offer translation services for Petitioner.

Petitioner did not introduce any exhibits at the hearing. Prior to the hearing, Respondent sent to the Office of Fair Hearings and Petitioner a two hundred and sixty (260)-page evidence packet. The evidence packet included: a table of contents; Sequence of Events; a prescription for ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, dated ▮▮▮▮▮▮▮▮▮▮; Patient Information, dated ▮▮▮▮▮▮▮▮▮▮ Petitioner medical record, dated ▮▮▮▮▮▮▮▮▮▮; Petitioner Identification Card; a Notice of Adverse Benefit Determination ("NABD"), dated April 1, 2020; Authorization Notes, dated March 31, 2020 to April 1, 2020; a letter from Respondent, dated April 7, 2020; an e-mail from Petitioner, dated April 5, 2020; a letter from Respondent, dated April 7, 2020; a Notice of Plan Appeal Resolution ("NPAR"), dated April 9, 2020; Member Appeals Notes, dated April 7, 2020, to April 9, 2020; Member Appeal Notes, dated April 13, 2020; an NPAR, dated April 13, 2020; Durable

**AHCA 000012**

PLAINTIFFS001287

Medical Equipment (DME) and Medical Supply Services Provider Fee Schedule for All Medicaid Recipients (2020) ("Fee Schedule") excerpt; and the Florida Medicaid Durable Medical Equipment and Medical Supply Services Coverage and Limitations Handbook (July 2010) ("Coverage Policy"). Absent an objection from the Petitioner undersigned admitted the two hundred and sixty (260)-page packet into evidence as Respondent's Composite Exhibit 1.

### FINDINGS OF FACT

1. Petitioner is an enrolled member of Simply. Simply is a managed care organization contracted by the Agency to provide services to eligible Medicaid recipients in Florida.

2. Petitioner is ▮▮▮▮▮. *See* page 9[1] of Respondent's Composite Exhibit 1. Petitioner is diagnosed with ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *Id.*

3. Petitioner requested medical supplies, specifically: ▮▮▮▮▮▮. Petitioner's request was denied in the NABD dated April 1, 2020. The NABD explained the basis of the denial as follows:

> We determined that your requested services are not medically necessary because the services do not meet the reason(s) checked below: *(See Rule 59G-1.010)*
> - Must be individualized, specific, consistent with symptoms or diagnosis of the illness or injury and not in excess of the patient's needs
>
> . . .
>
> The requested service is not a covered benefit.
>
> . . .
>
> The facts that we used to make our decision are: We cannot cover the personal care items as requested (▮▮▮▮▮▮▮▮▮). You have many health problems (▮▮▮▮▮▮▮▮▮▮▮. You have problems with ▮▮▮▮▮▮▮▮▮ You have trouble ▮▮▮▮▮▮▮▮

---

[1] Respondent's evidence packet contains two hundred and sixty pages, which consists of two (2) unnumbered pages and two hundred and fifty-eight numbered pages. The pages referenced here refer to the page numbers as numbered in the packet.

3

**AHCA 000013**

▇▇▇▇▇▇. The doctor asked for ▇▇▇▇▇▇ to help. We were not told you have ▇▇▇▇▇▇ We were not told that you have any ▇▇▇▇▇▇. These care items are not covered by Florida Medicaid. They are not usually covered if you are ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇). These items could be covered with your over the counter benefit. You may need a different type of plan to help with these items (Long Term Care Services). This decision is based on the information provided and the Florida Medicaid Durable Medicaid Equipment Fee Schedule. Your Reference number is #110615917.

*Id.* at 22 through 47.

4. Petitioner requested a plan appeal and received an NPAR dated April 9, 2020, and April 13, 2020, upholding the denial. *Id.* at 97 through 103 and 116 through 122.

## **CONCLUSIONS OF LAW**

5. The Agency's Office of Fair Hearings has jurisdiction over the subject matter of this proceeding and the parties pursuant to Fla. Stat. § 409.285(2)(2019). This order is the final administrative decision of AHCA under Fla. Stat. § 409.285(2)(a).

6. This hearing was held as a *de novo* proceeding pursuant to Fla. Admin. Code R. 59G-1.100(17)(b).

7. Because Petitioner is requesting a new service, Fla. Admin Code R. 59G-1.100(17)(g) assigns the burden of proof to Petitioner. The standard of proof in an administrative hearing is a preponderance of the evidence. The preponderance of the evidence standard requires proof by "the greater weight of the evidence" (Black's Law Dictionary at 1201, 7th Ed.)

8. The Coverage Policy, incorporated by reference in Fla. Admin. Code R. 59G-4.070, governs requests for medical supplies under Florida Medicaid. The Coverage Policy provides the following:

> **Medical Supplies:** Medical Supplies are defined as medically-necessary medical or surgical items that are consumable, expendable, disposable, or non-durable and appropriate for use in the recipient's home.

4

**AHCA 000014**

PLAINTIFFS001289

. . .
**Services Limited to Recipients Under 21 Years of Age**:
Many durable medical equipment (DME) items and services are limited to recipients under 21 years of age.
> To determine whether a service is available to all recipients or limited to recipients under age 21 years of age, refer to the DME and Medical Supply Services Provider Fee Schedules.

. . .
**Authorized Prescribers of Durable Medical Equipment and Medical Supplies:**
All durable medical equipment, medical supplies, and orthotic and prosthetic devices must be prescribed by the Medicaid recipient's:
- Treating physician, or
- Treating physician's physician assistant, or
- Treating physician's advanced registered nurse practitioner (ARNP), or
- Treating podiatrist.

The prescribing professional must include the date, his signature, and current professional license number or national provider identification number on each documentation of medical necessity when requesting DME and services or medical supplies.

. . .
**Service Criteria:**
All DME, medical supplies, and orthotics and prosthetic devices must be:
- Medically necessary, and
- Functionally appropriate for the individual recipient, and
- Adequate for the intended medical purpose, and
- For conventional use, and
- For the exclusive use of the recipient.

. . .

9. The Coverage Policy states the following with respect to acceptable documentation of

Medical Necessity:

**Acceptable Documentation of Medical Necessity**
Medical necessity must be established for each service and documented, at a minimum, with the following:
- Written prescription not more than 12 months old, with the printed name and the dated signature of the recipient's treating physician or the treating physician's ARNP or physician assistant. The prescription can be received by the DME and medical supply provider before or after the DME service has been initiated, but the prescription cannot be dated more than 21 days after the initiation of service (date of service); or

5

**AHCA 000015**

- Current hospital discharge plan with the dated signature of the recipient's treating physician or the treating physician's ARNP or physician assistant that clearly describes the type of DME item or service ordered; or
- Certificate of Medical Necessity (CMN) not more than 12 months old, which includes the printed name and the dated signature of the recipient's treating physician or the treating physician's ARNP or physician assistant. Medicaid prohibits vendors from preparing sections of the CMN that are to be completed by the physician or authorized prescriber. The CMN cannot be dated more than 21 days after the initiation of service (date of service); and Plan of care, if a home health agency.

. . .

All documentation of medical necessity must include the type of medical equipment, services or consumable goods ordered, including the type, quantity, frequency and length of need ordered or prescribed. Prescribed oxygen services must include rates of flow, concentration, level of frequency, duration of use, and circumstances under which oxygen is to be used. If this information is not included, a new prescription that clarifies the order is required.

10. The Florida Medicaid Definitions Policy, incorporated by reference in Fla. Admin. Code R. 59G-1.010, defines "Medically Necessary" or "Medical Necessity" as follows:

The medical or allied care, goods, or services furnished or ordered must meet the following conditions:
- Be necessary to protect life, to prevent significant illness or significant disability, or to alleviate pain
- Be individualized, specific, and consistent with symptoms or confirmed diagnosis of the illness or injury under treatment, and not in excess of the patient's needs
- Be consistent with generally accepted professional medical standards as determined by the Medicaid program, and not experimental or investigational
- Be reflective of the level of service that can be safely furnished, and for which no equally effective and more conservative or less costly treatment is available statewide
- Be furnished in a manner not primarily intended for the convenience of the recipient, the recipient's caretaker, or the provider

The fact that a provider has prescribed, recommended, or approved medical or allied care, goods, or services does not, in itself, make such care, goods or services medically necessary or a medical necessity or a covered service.

**AHCA 000016**

PLAINTIFFS001291

11. The Fee Schedule, which is incorporated by reference in Fla. Admin. Code R. 59G-4.071, lists the medical supplies reimbursed by Florida Medicaid. The Fee Schedule include a column, labeled "Age", that denotes the age range covered for the service code. In this case, the service code requested is ▬▬ and the age range identified as covered is ▬▬▬▬▬▬▬ Petitioner is ▬▬▬▬▬▬▬. The Respondent denied Petitioner's request as the supplies are not covered under Florida Medicaid. As shown in the Fee Schedule, Petitioner's requested supplies are not covered for ▬ age.

12. Therefore, upon consideration of the testimony provided, evidence submitted, and applicable policies, the undersigned finds that Petitioner did not prove by a preponderance of the evidence that Respondent's denial of medical supplies was incorrect.

**IT IS THEREFORE ORDERED AND ADJUDGED THAT:**

Respondent's denial is **AFFIRMED**. Petitioner's appeal based on Respondent's denial is **DENIED**.

**DONE AND ORDERED** this 1st day of June, 2020, in Tallahassee, Leon County, Florida.

Joseph Mabry
20-FH0855
2020.06.01 08:49:48
-04'00'

**JOSEPH MABRY, Hearing Officer**
**Agency for Health Care Administration**
**Office of Fair Hearings**
2727 Mahan Drive, Mail Stop # 11
Tallahassee, FL 32308-5407
Office: (850) 412-3649
Fax: (850) 487-1423
Email: OfficeOfFairHearings@ahca.myflorida.com

AHCA 000017

PLAINTIFFS001292

**NOTICE OF A RIGHT TO JUDICIAL REVIEW**

A PARTY WHO IS ADVERSELY AFFECTED BY THIS FINAL ORDER IS ENTITLED TO JUDICIAL REVIEW, WHICH SHALL BE INSTITUTED BY FILING THE ORIGINAL NOTICE OF APPEAL WITH THE AGENCY CLERK OF AHCA, AND A COPY, ALONG WITH THE FILING FEE PRESCRIBED BY LAW, WITH THE DISTRICT COURT OF APPEAL IN THE APPELLATE DISTRICT WHERE THE AGENCY MAINTAINS ITS HEADQUARTERS OR WHERE A PARTY RESIDES. REVIEW PROCEEDINGS SHALL BE CONDUCTED IN ACCORDANCE WITH THE FLORIDA APPELLATE RULES. THE NOTICE OF APPEAL MUST BE FILED WITHIN 30 DAYS OF THE RENDITION OF THE ORDER TO BE REVIEWED.

**Copies Furnished To:**



**Simply**
MedicaidFairHearings@simplyhealthcareplans.com

**AHCA Medicaid Hearing Unit**
MedicaidHearingUnit@ahca.myflorida.com

**AHCA 000018**

PLAINTIFFS001293