**ATTORNEY WORK PRODUCT – CONFIDENTIAL**
**Pursuant to §119.071(1)(d)1., F.S.**

**This is a Rule Hearing on:**

**59A-1.010(7). F.A.C.; General Medicaid Policy**

**I. WELCOME/OPENING REMARKS**

Good afternoon. This hearing is being conducted on Friday, July 8, 2022, from 3:00 p.m. to 5:00 p.m. in Tallahassee, Florida. The notice for this hearing was published in Volume 47, Number ___ of the Florida Administrative Register, on June ___, 2022.

This hearing is being conducted in accordance with section 120.54(2) of the Administrative Procedures Act. The purpose of the hearing is to allow the public to participate in the rulemaking process. Participants will be given an opportunity to provide comments on proposed changes to Rule 59G-1.050, Florida Administrative Code.

I am conducting the hearing for the Agency. My name is _____. Cole Giering. My address is Agency for Health Care Administration, 2727 Mahan Drive, M.S. #28A, Tallahassee, Florida 32308.

Other Agency personnel present are Jason Weida, Assistant Deputy Secretary for Medicaid Policy and Quality, _____ Matt Brackett, with _____, Program Consultant in the Agency's Bureau of Medicaid Policy, _____ with _____, and _____ Shena Grantham, Senior Attorney in the Agency's General Counsel's Office with _____. Also here on behalf of the Agency are the Agency's outside counsel—Mohammad Jazil and Gary Perko of the Holtzman Vogel law firm.

We're also pleased to have a panel of three experts in the field of general medicine, psychiatry, and endocrinology.

Dr. Andre Van Mol is a board-certified family physician. His graduated from the University of Southern California and the Medical College of Wisconsin. In addition to his

1

**ATTORNEY WORK PRODUCT – CONFIDENTIAL**
**Pursuant to §119.071(1)(d)1., F.S.**

clinical practice, Dr. Van Mol is a diplomate of the American Board of Family Practice.

Dr. Miriam Grossman, who is appearing remotely, is a board-certified child, adolescent, and adult psychiatrist. She graduated from Bryn Mawr College and New York University Medical School. She completed her residency in psychiatry, followed by a fellowship in child and adolescent psychiatry, through Cornell University.

And Dr. Quentin Van Meter is a pediatrician and pediatric endocrinologist. He graduated from The College of William and Mary and the Medical College of Virginia. He completed his pediatric endocrinology fellowship at The Johns Hopkins Hospital. In addition to his clinical practice, Dr. Van Meter is an adjunct associate professor of Pediatrics at Emory University School of Medicine and an Associate Clinical Professor of Pediatrics at Morehouse Schools of Medicine.

Drs. Van Mol, Grossman, and Van Meter are here to respond to substantive questions and comments about the proposed rule changes.

## II. INTRODUCTORY STATEMENT

On April 20, 2022, the Florida Department of Health released guidance on the treatment of gender dysphoria for children and adolescents. As a result, Secretary Simone Marstiller requested the Division of Medicaid to determine, under the process described in Florida Administrative Code Rule 59G-1035, ~~whether such~~what treatments are consistent with Generally Accepted Professional Medical Standards ("GAPMS") ~~generally accepted professional medical standards~~

**Commented [TJ2]:** Corrected the Secretarys name

Def_001551591

**ATTORNEY WORK PRODUCT – CONFIDENTIAL**
**Pursuant to §119.071(1)(d)1., F.S.**

and not experimental or investigational. The proposed rule changes are the result of that determination.

Specifically, the proposed changes would add subjection (7) to Rule 59G-1050—the Agency's General Medicaid Policy. The new subsection (7)(a) provides that the Florida Medicaid program does not cover the following services for the treatment of gender dysphoria: 1. Puberty blockers; 2. Hormones and hormone antagonists; 3. Sex reassignment surgeries; and 4. Any other procedures that alter primary or secondary sexual characteristics. The new subjection (7)(b) provides that, for the purpose of determining medical necessity, including Early and Periodic Screening, Diagnosis, and Treatment (EPSDT), the services listed in subparagraph (7)(a) do not meet the definition of medical necessity in accordance with Rule 59G-1.010, F.A.C.

The determination that the specifically listed services will not be covered to in the Florida Medicaid program is based on extensive analyses conducted in accordance with Rule 59G-1.035. That rule identifies factors for determining Generally Accepted Medical Procedures GAPMS that are covered by the Florida Medicaid program. Those factors include the following:

(a) Evidence-based clinical practice guidelines.

(b) Published reports and articles in the authoritative medical and scientific literature related to the health service (published in peer-reviewed scientific literature generally recognized by the relevant medical community or practitioner specialty associations).

(c) Effectiveness of the health service in improving the individual's prognosis or health outcomes.

3

Def_001551592

\*

**ATTORNEY WORK PRODUCT – CONFIDENTIAL**
**Pursuant to §119.071(1)(d)1., F.S.**

(d)    Utilization trends.

(e)    Coverage policies by other creditable insurance payor sources.

(f)    Recommendations or assessments by clinical or technical experts on the subject or field.

The GAPMS determination ▮▮▮▮▮ is documented in a report that was posted on the Agency's website on June 2, 2022. As documented in that report,\* ▮▮▮ the Florida Medicaid program ▮▮▮ determined that the evidence supporting the effectiveness of the specific services listed above for the treatment of gender dysphoria ▮▮▮ is low to very low quality and insufficient to demonstrative that such treatment conforms to the GAPMS Generally Accepted Medical Procedure Standards set forth in Rule 59G-1.035.  Accordingly, the Agency has the Florida Medicaid program determined that the specific services listed above will not be covered for the treatment of ▮▮▮ gender dysphoria ▮▮▮ in the Florida Medicaid program.

▮▮▮▮▮▮▮▮▮▮

**Comment Procedure**

Those of you who wish to speak are asked to state your name and the organization that you represent.  We ask that comments be limited to the proposed rule language and the GAPMS

4

**ATTORNEY WORK PRODUCT – CONFIDENTIAL**
**Pursuant to §119.071(1)(d)1., F.S.**

report underlying those changes. Due to the number of speakers, comments will be limited to _____ minutes per speaker.

In the interest of time, it is requested that speakers be mindful of their time, attempt to state your comments as succinctly as possible, and do not repeat the position of previous speakers. You may, however, for the record, state that you support the position of one or more previous speakers. In addition, given the number of interested parties with respect to this rule and to ensure that we do not run short on time, it would be the Agency's preference that, to the degree it is feasible to do so, each organization attempt to consolidate its comments regarding a given section to a single representative of that organization. We ask those of you who wish to comment to please submit your comments in writing by email directly to MedicaidRuleComment@ahca.myflorida.com before the end of the comment period, which I will announce at the end of this hearing.

## III. CONDUCTING THE HEARING

**Receive public comment. Moderator to field comments/ questions and, when within the prescribed topics of discussion, refer them to the appropriate panelist(s).**

## IV. CLOSING REMARKS

Thank you everyone for your participation in this hearing. We will accept written material or comments until 5:00 p.m., July 11, 2022. Comments may be submitted by mail to _____, 2727 Mahan Drive, Mail Stop #31, Tallahassee, Florida, 32308, or by e-mail to MedicaidRuleComments@ahca.myflorida.com

There being no additional comments, this hearing is now closed.

5

Def_001551594