# Exhibit A

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
TIMOTHY J. SULLIVAN
UNITED STATES MAGISTRATE JUDGE
MDD_TJSchambers@mdd.uscourts.gov

U.S. Courthouse
6500 Cherrywood Lane
Greenbelt, Maryland 20770
(301) 344-3593

October 18, 2019

LETTER TO COUNSEL:

Re:   *Jennifer Eller v. Prince George's County Public Schools, et al.*
      Civil Case No. TDC-18-3649

Dear Counsel:

Pending before the Court is Defendants' Motion for Order for Mental Examination and Modification of Scheduling Order ("Motion").[1] (ECF No. 39.) Having considered the submissions of the parties (ECF Nos. 39, 40, & 41), I find that a hearing is unnecessary. *See* Loc. R. 105.6. For the reasons set forth below, the Motion will be granted.

In the Motion, Defendants Prince George's County Public Schools, *et al.* seek an order compelling Plaintiff Jennifer Eller ("Ms. Eller") to submit to a mental examination pursuant to Fed. R. Civ. P. 35(a). (ECF No. 39.) Defendants contend that a mental examination is necessary in light of the allegations that Ms. Eller made in her Complaint (ECF No. 1). Specifically, Defendants point to Ms. Eller's allegations that Defendants' discriminatory and retaliatory conduct caused her "substantial pain and suffering," which has resulted in her seeking treatment including "psychiatric counseling and outpatient psychiatric hospitalization for PTSD." (ECF No. 1 ¶ 112.) In addition, Defendants point to Ms. Eller's allegation that Defendants' unlawful conduct resulted in her suffering injuries and damages, including "emotional distress, humiliation, embarrassment, pain and suffering, stigmatization, and a loss of dignity." (*Id.* ¶ 114.) In addition, Defendants argue that there is good cause to order a mental examination because Ms. Eller has designated her own expert for issues related to her emotional suffering and trauma. Defendants note that Ms. Eller's expert opined that the Defendants' misconduct "completely eroded her coping strategies and resilience, and resulted in the irremediable damage of what has now become chronic PTSD." (ECF No. 39 at 2.)

Ms. Eller opposes the Motion. (ECF No. 40.) She argues that Defendants have failed to "establish the qualifications of their proposed examiner, the appropriateness of the many (and indeterminate) tests that they suggest, or that good cause exists for the examination." (ECF No. 40 at 1-2.) Ms. Eller also argues that the Defendants have shown a lack of diligence and that permitting a mental examination at this time would be procedurally improper. (*Id.*)

Under Rule 35(a), courts may for good cause "order a party whose mental or physical condition—including blood group—is in controversy to submit to a physical or mental

---

[1] On September 3, 2019, Judge Chuang referred this case to me for all discovery and related scheduling matters. (ECF No. 37.)

examination by a suitably licensed or certified examiner." *See Schlagenhauf v. Holder*, 379 U.S. 104, 116 (1964). The Court is required to provide notice of such an order to all parties and must further "specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it." Fed. R. Civ. P. 35(a)(2). In general, courts do not allow mental examinations under Rule 35 every time a plaintiff claims general emotional distress damages. "Where a plaintiff asserts 'garden-variety' emotional distress, the trier of fact . . . does not need help understanding the ordinary grief, anxiety, anger, and frustration that any person feels when something bad occurs." *J.F. v. Correct Care Sols., LLC*, No. GJH-16-2177, 2018 WL 1276801, at *1 (D. Md. Mar. 9, 2018). In those instances, the likely benefit of a mental examination is minimal, but the intrusion attendant to the examination is substantial. *Id.*

However, where the level of emotional distress "is severe and rises to the level of a clinical condition," an examination may be warranted. *Ricks v. Abbott Labs.*, 198 F.R.D. 647, 648 (D. Md. 2001). In circumstances where a party claims damages for emotional distress, the presence of one or more of the following factors indicates that a Rule 35 mental examination is appropriate:

> (1) plaintiff has asserted a specific cause of action for intentional or negligent infliction of emotional distress; (2) plaintiff has alleged a specific mental or psychiatric injury or disorder; (3) plaintiff has claimed unusually severe emotional distress; (4) plaintiff has offered expert testimony in support of her claim for emotional distress damages; and (5) plaintiff concedes that her mental condition is "in controversy" within the meaning of [Rule] 35(a).

*Ricks*, 198 F.R.D. at 648-49 (quoting *Fox v. Gates Corp.*, 179 F.R.D. 303, 307 (D. Colo. 1998)).

In this case, at least three factors are present to suggest that a Rule 35 mental examination is warranted. First, Ms. Eller has "alleged a specific mental or psychiatric injury or disorder." She alleges that she suffers from PTSD arising from "the emotional trauma directly related to her employment environment." (ECF No. 1 ¶ 112.) Second, after a careful reading of the Complaint, the Court finds that Ms. Eller has "claimed unusually severe emotional distress" due to the Defendants' unlawful conduct. Ms. Eller claims emotional distress that is so severe, in fact, that she has sought professional treatment and has been diagnosed with at least one psychiatric injury, PTSD. The emotional distress that Ms. Eller claims rises above the mere "garden variety." Third, Ms. Eller has "offered expert testimony in support of her claim for emotional distress damages." Ms. Eller has designated Dr. Randi Ettner, a clinical and forensic psychologist, as her expert witness and has provided Defendants with a report. Defendants have therefore demonstrated good cause for a Rule 35 mental examination and the Court will grant the Motion.

In her response, Ms. Eller raised several concerns about the suitability of Defendants' proposed examiner, Dr. Marcellus Cephus, and the propriety of the proposed tests to be conducted during the mental exam. The Court finds that Defendants' reply and Dr. Cephus's affidavit (ECF No. 41-2) address each of these concerns. The Court finds that Dr. Cephus is suitably qualified to examine Ms. Eller, that the examination will be conducted in such a way so as not to exacerbate the trauma that Ms. Eller has experienced, that the proposed methodology of the exam is

appropriate, and that the proposed length of the exam is acceptable.[2] The Court recognizes that any mental exam conducted under Rule 35 is invasive. But under the circumstances of this case, and given the contours of Defendants' proposed examination, the examination is warranted here

The Court will also grant Defendants' request to extend the scheduling order. A scheduling order "is the critical path chosen by the trial judge and the parties to fulfill the mandate of Rule 1 in 'secur[ing] the just, speedy, and inexpensive determination of every action.'" *Marcum v. Zimmer*, 163 F.R.D. 250, 253 (S.D.W. Va. 1995); *see also Potomac Elec. Power Co. v. Elec. Motor Supply, Inc.*, 190 F.R.D. 372, 376 (D. Md. 1999) (recognizing that scheduling orders are necessary because district courts labor "under the burden of heavy caseloads and clogged court calendars"). As such, a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *see also Edwards v. Edwards*, No. DKC-12-3761, 2014 WL 1573504, at \*3 (D. Md. Apr. 18, 2014) ("To reopen discovery, Plaintiff must satisfy the good cause standard of Rule 16(b)(4).") District courts have broad discretion to manage the timing of discovery and the modification of a scheduling order. *Ardrey v. United Parcel Service*, 798 F.2d 679, 682 (4th Cir. 1986); *Blue v. Hartford Life & Acc. Ins. Co.*, 698 F.3d 587, 594 (7th Cir. 2012) (observing that "district courts have an interest in keeping litigation moving forward and that maintaining respect for set deadlines is essential to achieving that goal"). In considering whether a movant has shown good cause to reopen discovery, courts look to the moving party's diligence. *See, e.g. Montgomery v. Anne Arundel Cnty., Md.*, 182 F. App'x 156, 162 (4th Cir. 2006) (per curiam). Lack of diligence and carelessness are the "hallmarks of failure to meet the good cause standard." *West Virginia Housing Dev. Fund v. Ocwen Technology Xchange, Inc.*, 200 F.R.D. 564, 567 (S.D.W. Va. 2001). If the moving party was not diligent, "the inquiry should end." *Marcum*, 163 F.R.D. at 254.

The scheduling order (ECF No. 35) established a deadline of August 5, 2019, for Plaintiff's Rule 26(a)(2) expert disclosures and a deadline of September 3, 2019, for Defendants' Rule 26(a)(2) expert disclosures. The Court finds that Defendants' efforts to schedule Ms. Eller's Rule 35 mental examination were sufficiently diligent. Defendants sought Ms. Eller's consent to undergo the examination less than two weeks after receiving her expert report and more than two weeks before their expert disclosure deadline. Defendants were reasonably diligent. Because Defendants were diligent and because the Court finds that a Rule 35 mental exam is warranted, there is good cause to extend the scheduling order. The schedule is revised as follows:

December 30, 2019:                Defendant's Rule 26(a)(2) disclosures

January 13, 2020:                 Plaintiff's rebuttal Rule 26(a)(2) disclosures

---

[2] Ms. Eller requests that Dr. Cephus "provide the raw data obtained during the examination to her designated expert, Dr. Ettner, in order to provide Dr. Ettner . . . a fair opportunity to rebut any conclusion or opinions Defendants' expert provides." (ECF No. 40 at 5 n.1.) This request is granted. Defendants shall provide the requested raw data to Ms. Eller so that her expert may review it. In addition, Ms. Eller requests that the examination "be conducted in a 'trans-affirmative' manner, respecting Ms. Eller's gender identity through the use of female pronouns." (*Id.* at 6 n.2.) This request is also granted. The Court directs that Dr. Cephus's examination shall be conducted in a "trans-affirmative" manner and that Ms. Eller's gender identity be respected through the use of female pronouns.

January 21, 2020:    Rule 26(e)(2) supplementation of disclosures and responses

February 13, 2020:    Discovery deadline; submission of status report

February 20, 2020:    Requests for admission

March 16, 2020:     Notice of Intent to a File Dispositive Pretrial Motion

 Defendants' Motion (ECF No. 39) is **GRANTED**. Counsel for Defendants shall confer with counsel for Ms. Eller and file a proposed Rule 35(a) order on CM/ECF by **November 1, 2019**. The proposed order shall be consistent with this Order and shall "specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it." Fed. R. Civ. P. 35(a)(2)(B).

 Despite the informal nature of this letter, it is an Order of Court and shall be docketed accordingly.

Sincerely yours,

          /s/
          Timothy J. Sullivan
          United States Magistrate Judge