IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

AUGUST DEKKER, et al.,

    Plaintiffs,

v.   Case No. 4:22-cv-00325-RH-MAF

JASON WEIDA, et al.,

    Defendants.

_____/

**MOTION IN LIMINE TO EXCLUDE**
**LATE-DISCLOSED WITNESS**

Defendants Secretary Weida and the Florida Agency for Health Care Administration, pursuant to Federal Rule of Civil Procedure 37(c)(1), moved to exclude the testimony of a fact witness, Denise Brogan-Kator, whom Plaintiffs failed to timely disclose until they served their Rule 26(a)(3) disclosures on April 21, 2023—over 23 weeks from the date of their Rule 26(a)(1) disclosures and 6 weeks from the discovery deadline.

**STANDARD OF REVIEW**

Federal Rule of Civil Procedure 26(a)(1)(A) provides:

> Except in categories of proceedings specified in Rule 26(a)(1)(E), or to the extent otherwise stipulated or directed by order, a party must, without awaiting a discovery request, provide to other parties: (A) the name . . . of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment.

1

Parties also must supplement their Rule 26 disclosures at appropriate intervals. Fed. R. Civ. P. 26(e)(1). Parties who fail to satisfy these disclosure and supplementation requirements are prohibited, pursuant to Rule 37(c)(1), from using the undisclosed witnesses "at trial, at a hearing, or on a motion," unless the failure is "substantially justified or is harmless."

When determining whether the failure was harmless, the court must consider: (1) the importance of the testimony, (2) the reasons for the failure to disclose the witness earlier, and (3) the prejudice to the opposing party if the witness had been allowed to testify. *Arevalo v. Mentor Worldwide LLC*, 2022 WL 16753646, 2022 U.S. App. LEXIS 30922, *17 (11th Cir. 2022) (citing *Fabrica Italiana Lavorazione Materie Organiche, S.A.S v. Kaiser Aluminum & Chem. Corp.*, 684 F.2d 776, 780 (11th Cir. 1982));, *see also Sabal Trail Transmission, LLC v. Lasseter*, 823 Fed. Appx. 914, 919 (11th Cir. 2020) (same); *Romero v. Drummond Co., Inc.*, 552 F.3d 1303, 1321 (11th Cir. 2008) (same); *Cooley v. Great Southern Wood Preserving*, 138 Fed. Appx. 149, 161 (11th Cir. 2005) (same); *Bearint v. Dorell Juvenile*, 389 F.3d 1339, 1353 (11th Cir. 2004) (same).

## **DISCUSSION**

As noted above, Plaintiffs failed to timely disclose a fact witness, Denise Brogan-Kator, until Plaintiffs served their Rule 26(a)(3) disclosures on April 21, 2023—over 23 weeks from the date of their Rule 26(a)(1) disclosures and 6 weeks from the discovery deadline. It is Defendants' understanding that Brogan-Kator will testify about being a transgender individual in Florida.

Applying the first factor set forth by the Eleventh Circuit, Plaintiffs cannot establish that a *fact* witnesses is important in light of the key issue in this case—whether the treatments the Agency has excluded from Medicaid coverage are experimental, *see Rush v. Parham*, 625 F.2d 1150 (5th Cir. 1980). That issue is expert-driven. Nor is their testimony important for other reasons. Brogan-Kator's testimony sheds no light on the Agency's actions in this case. While fact witnesses may provide relevant testimony, Plaintiffs cannot establish that the fact witness at issue is important enough to justify late disclosure. *See Deakins v. Wal-Mart Stores E. LP*, 2022 U.S. Dist. LEXIS 97600, *11 (S.D. Fla. 2022) ("[A]ny marginal benefit derived from the late-disclosed witnesses is outweighed by Plaintiff's lack of diligence in pursuing this evidence and making the requisite timely disclosures and the prejudice posed to Defendant.").

Applying the second factor, Plaintiffs have not provided the reasons for the failure to disclose the witness earlier. In any event, there is no conceivable reason that would outweigh the prejudice caused by Plaintiffs' failure to supplement their Rule 26(a) disclosures, which were due over 23 weeks ago. *See Arevalo*, 2022 WL 16753646, 2022 U.S. App. LEXIS 30922, at *18 ("[W]e have held that the first and third factors together can outweigh the second.") (citing *Romero,* 552 F.3d at 1321).

Finally, applying the third factor, Defendants would be greatly prejudiced to the opposing party if the witness had been allowed to testify.  Because the witness was not disclosed until after the close of discovery, Defendants had no opportunity to depose the proposed witness and therefore are prejudiced by the inability to prepare for cross-

examination before trial and the ability to identify responsive evidence. *Arevalo*, 2022 WL 16753646, 2022 U.S. App. LEXIS 30922, at *18 ("As for the prejudice to Coloplast, Arevalo waited until after the close of discovery to disclose [witness's] opinions, which deprived Coloplast of an opportunity to depose the doctor or prepare rebuttal evidence.").

WHEREFORE, Defendants respectfully request that the Court issue an order excluding the testimony of Denise Brogan-Kator.

Dated: April 28, 2023

Respectfully submitted by,

/s/ Mohammad O. Jazil
Mohammad O. Jazil (FBN 72556)
mjazil@holtzmanvogel.com
Gary V. Perko (FBN 855898)
gperko@holtzmanvogel.com
Michael Beato (FBN 1017715)
mbeato@holtzmanvogel.com
zbennington@holtzmanvogel.com
Holtzman Vogel Baran
Torchinsky & Josefiak PLLC
119 S. Monroe Street, Suite 500
Tallahassee, FL 32301
(850) 270-5938
*Counsel for Defendants*

## LOCAL RULE 7.1(B) CERTIFICATION

I certify that I attempted in good faith to resolve the issues raised in this motion through a meaningful conference with Plaintiffs' counsel, including through a meet and confer Zoom conference on April 28, 2023.

/s/ Mohammad O. Jazil
Mohammad O. Jazil

## CERTIFICATE OF COMPLIANCE

I certify under Local Rule 7.1(f), that this motion contains 740 words, and I certify that this motion complies with the requirements in Local Rule 5.1(C).

/s/ Mohammad O. Jazil
Mohammad O. Jazil

## CERTIFICATE OF SERVICE

I hereby certify that on April 28, 2023, the foregoing was filed through the Court's CM/ECF, which will serve a copy to all counsel of record.

/s/ Mohammad O. Jazil
Mohammad O. Jazil