IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

AUGUST DEKKER, *et al.,*

     *Plaintiffs*,

   v.

JASON WEIDA, *et al.,*

     *Defendants*.

Case No. 4:22-cv-00325-RH-MAF

**PLAINTIFFS' MOTION REQUESTING JUDICIAL NOTICE AND
INCORPORATED MEMORANDUM OF LAW AS TO GOVERNMENTAL
ACTIONS, POLICIES, AND REPORTS**

  Pursuant to Federal Rule of Evidence 201, Plaintiffs respectfully request that this Court take judicial notice of the governmental actions, policies, reports, statements, and proposed legislation detailed below, which document the history of discrimination against transgender people and governmental positions relating to gender-affirming care and the treatment of gender dysphoria:

(1) Florida Agency for Healthcare Administration, *Prior Authorization Criteria, Testosterone (non-injectable formulations)* (revised March 13, 2023), filed as **Pl. Trial Ex. 27** (ECF 175-27).

(2)     U.S. Department of Health and Human Services, *EPSDT – A Guide for States: Coverage in the Medicaid Benefit for Children and Adolescents* (2014), filed as **Pl. Trial Ex. 62** (176-22).

(3)     Centers for Medicare & Medicaid Services, *CMCS Informational Bulletin 2* (July 21, 2022), filed as **Pl. Trial Ex. 63** (ECF 176-23).

(4)     Centers for Medicare & Medicaid Services, *Decision Memo for Gender Dysphoria and Gender Reassignment Surgery* (Aug. 30, 2016), filed as **Pl. Trial Ex. 64** (ECF 176-24).

(5)     U.S. Commission on Civil Rights, *The U.S. Commission on Civil Rights Statement Condemning Recent State Laws and Pending Proposals Targeting the Lesbian, Gay, Bisexual, and Transgender Community* (April 18, 2016), (statement by the U.S. Commission on Civil Rights "strongly condemn[ing] recent state laws passed, and proposals being considered, under the guise of so-called 'religious liberty' which target members of the lesbian, gay, bisexual, and transgender ('LGBT') community for discrimination"), filed as **Pl. Trial Ex. 69** (ECF 176-29).

(6)     U.S. Commission on Civil Rights, *The U.S. Commission on Civil Rights Condemns the Announced Military Ban on Transgender Individuals* (August 18, 2017) (statement by the U.S. Commission on Civil Rights

condemning the announced policy to "not accept or allow transgender individuals to serve in any capacity in the U.S. Military" and "strongly urg[ing]" its reconsideration), filed as **Pl. Trial. Ex. 70** (ECF 176-30).

(7)   U.S. Department of Health and Human Services, Departmental Appeals Bd., Appellate Div., Decision No. 2576 (May 30, 2014), filed as **Pl. Trial Ex. 71** (ECF 176-31).

(8)   U.S. Department of Health and Human Services, Office of the Assistant Secretary for Health, *Gender Affirming Care and Young People*, filed as **Pl. Trial Ex. 72** (ECF 176-33).

(9)   Substance Abuse and Mental Health Services Administration, *Ending Conversion Therapy* (Oct. 2015), filed as **Pl. Trial Ex. 73** (ECF 176-33).

(10)   Substance Abuse and Mental Health Services Administration, *Moving Beyond Change Efforts* (2023), filed as **Pl. Trial. Ex. 74** (ECF 176-34).

(11)   National Child Traumatic Stress Network, *Gender-Affirming Care is Trauma-Informed Care*, filed as **Pl. Trial Ex. 75** (ECF 176-35).

(12)   U.S. Presidential Proclamation, Transgender Day of Visibility, 2022, filed as **Pl. Trial Ex. 76** (ECF 176-36).

(13)   U.S. Presidential Proclamation, Transgender Day of Visibility, 2023, filed as **Pl. Trial Ex. 77** (ECF 176-37).

(14)   Executive Order, Preventing and Combating Discrimination on the Basis of Gender Identity or Sexual Orientation (Jan. 20, 2021), filed as **Pl. Trial Ex. 78** (ECF 176-38).

(15)   U.S. Commission on Civil Rights, *Working for Inclusion: Time for Congress to Enact Federal Legislation to Address Workplace Discrimination against Lesbian, Gay, Bisexual, and Transgender Americans* (Nov. 29, 2017), filed as **Pl. Trial Ex. 131** (ECF 178-11).

(16)   National Academies of Sciences, Engineering, and Medicine, *Understanding the Well-Being of LGBTQI+ Populations* (2020), filed as **Pl. Trial Ex. 142** (ECF 178-22).

(17)   National Academies of Sciences, Engineering, and Medicine, *The Health of Lesbian, Gay, Bisexual, and Transgender People: Building a Foundation for Better Understanding* (2011), filed as **Pl. Trial Ex. 143** (ECF 178-23).

(18)    U.S. Department of Justice, Dear State Attorneys General Letter re
         Transgender Youth (March 31, 2022), filed as **Pl. Trial Ex. 356** (ECF 184-
         21).

(19)    Office of the Press Secretary, *Presidential Memorandum for the Secretary
         of Defense and the Secretary of Homeland Security* (August 25, 2017), 82
         Fed. Reg. 167, https://trumpwhitehouse.archives.gov/presidential-
         actions/presidential-memorandum-secretary-defense-secretary-homeland-
         security/ (Presidential directive excluding transgender people from open
         service or accession in the United States armed forces) (last visited May 2,
         2023).

(20)    Fla. SB 254/H.B. 1421 (2023) (criminalizing doctors for providing gender-
         affirming care to minors and prohibiting gender marker amendments on
         Florida birth certificates), https://www.flsenate.gov/Session/Bill/2023/254
         (last visited May 2, 2023).

(21)    Fla. H.B. 1223/S.B. 1320 (2023) (redefining "sex" to exclude the existence
         of transgender people, mandating the use of pronouns corresponding to sex
         assigned at birth, and banning classroom instruction relating to sexual
         orientation and gender identity in schools through the 8th grade),

https://www.flsenate.gov/Session/Bill/2023/1223 (last visited May 2, 2023).

(22)   Fla. S.B. 1674/H.B. 1521 (2023) (prohibiting gender-inclusive restrooms and changing facilities in schools, private businesses, public shelters, and healthcare facilities), https://www.flsenate.gov/Session/Bill/2023/1674 (last visited May 2, 2023).

(23)   Fla. S.B. 952/H.B.1265 (officially titled the "Reverse Woke Act," if passed the law would punish companies for providing affirming health insurance policies by holding employers liable in perpetuity for any future "detransition" treatment an employee may ever seek if they provide health insurance coverage for gender-affirming healthcare), https://www.flsenate.gov/Session/Bill/2023/952 (last visited May 2, 2023).

## MEMORANDUM OF LAW

Federal Rule of Evidence 201 allows this Court to take judicial notice of adjudicative facts that cannot reasonably be disputed and are subject to ready proof. Specifically, "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose

accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The Court is required to take judicial notice upon Plaintiffs' request where, as here, the Court "is supplied with the necessary information." Fed. R. Evid. 201(c). All of these requirements are met here.

The facts proposed for judicial notice are relevant to this proceeding. Plaintiffs have asserted that Florida Administrative Code 59G-1.050(7) (the "Challenged Exclusion") discriminates against them based upon their transgender status and sex, which includes, but is not limited to, their gender identities. The adjudicative facts contained within the governmental actions, policies, reports, statements, and proposed legislation referenced above are relevant to show and summarize the unfortunate history of discrimination, harassment, and violence transgender people have faced because of their gender identity, and to detail policies regarding Medicaid coverage for gender-affirming healthcare and treatments both at the federal level and in Florida. That the above-listed actions, policies, reports, statements, and proposed legislation document the history of discrimination against transgender people, or describe federal and state policies pertaining to coverage for gender-affirming care, are admissible facts and, as publicly available records, can be readily authenticated by this Court. *See* Fed. R. Evid. 902(6).

A court may take judicial notice of various governmental actions, including matters of political history, the enactment of statutes, agency reports, and public

records.  *See*, *e.g.*, *Mincey v. Head*, 206 F.3d 1106, 1130 n.58 (11th Cir. 2000) (taking judicial notice of the enactment of federal legislation); *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir. 1999) (holding that a court "may take judicial notice (for the purpose of determining what statements the documents contain and not to prove the truth of the documents' contents) of relevant public documents"); *Shahar v. Bowers*, 120 F.3d 211, 214 (11th Cir.1997) (en banc) (stating by way of explanation that judicial notice may be taken of "matters of political history: for instance, who was president in 1958"); *Terrebonne v. Blackburn*, 646 F.2d 997, 1000 n. 4 (5th Cir. 1981) ("Absent some reason for mistrust, courts have not hesitated to take judicial notice of agency records and reports"); *Wilder v. Aramark Svcs., Inc.*, No. 3:17cv239/RV/EMT, 2018 WL 5274257 (N.D. Fla. 2018) (taking judicial notice of a contract that was a matter of public record, noting that court may take judicial notice of "public records[.]"); *Capece v. The Depository Tr. & Clearing Corp.*, No. 05-80498 CIV RYSKAMP, 2005 WL 4050118, at *5 (S.D. Fla. Oct. 11, 2005) ("The excerpts from the Federal Register, as well as the SEC release and website information are records or reports of a governmental agency, which satisfy the second prong of Rule 201(b)."); *Brooks v. United States*, 273 F. Supp. 619, 624 (D.S.C. 1967) (taking judicial notice of adjudicative facts "taken from official governmental reports").

Facts and documents found on government websites are also proper subjects for judicial notice.  *See Sec. of Labor v. American Bronze Foundry, Inc.*, 2013 WL 5720146, *3, fn. 4 (M.D. Fla. Oct. 21, 2013); *Setai, Hotel Acquisition, LLC v. Miami Beach Luxury Rentals, Inc.*, 2017 WL 3503371, *7 (S.D. Fla. Aug. 15, 2017); *Turbyfill v. Scottsdale Indemnity Co.*, 2016 WL 741657, *2 (N.D. Fla. Feb. 24, 2016); *Paralyzed Veterans of America v. McPherson*, 2008 WL 4183981, *5 (N.D. Cal. Sept. 9, 2008).

## CONCLUSION

Wherefore, based on the foregoing, Plaintiffs respectfully request that this Court take judicial notice of the above adjudicative facts pursuant to Federal Rule of Evidence 201(b), as they are not subject to reasonable dispute.

Dated: May 3, 2023

**PILLSBURY WINTHROP SHAW PITTMAN, LLP**

*/s/ William C. Miller*
**William C. Miller***
**Gary J. Shaw***
1200 17th Street N.W.
Washington, D.C. 20036
(202) 663-8000
william.c.miller@pillsburylaw.com
gary.shaw@pillsburylaw.com

**Jennifer Altman** (Fl. Bar No. 881384)
**Shani Rivaux** (Fl. Bar No. 42095)
600 Brickell Avenue, Suite 3100

Respectfully Submitted,

**LAMBDA LEGAL DEFENSE AND EDUCATION FUND, INC.**

**Omar Gonzalez-Pagan***
120 Wall Street, 19th Floor
New York, NY 10005
(212) 809-8585
ogonzalez-pagan@lambdalegal.org

**Carl S. Charles***
1 West Court Square, Suite 105
Decatur, GA 30030
(404) 897-1880
ccharles@lambdalegal.org

9

Miami, FL 33131
(786) 913-4900
jennifer.altman@pillsbury.com
shani.rivaux@pillsbury.com

**Joe Little**\*
500 Capitol Mall, Suite 1800
Sacramento, CA 95814
(916) 329-4700
joe.little@pillsburylaw.com

**NATIONAL HEALTH LAW PROGRAM**

**Abigail Coursolle**\*
3701 Wilshire Boulevard, Suite 315
Los Angeles, CA 90010
(310) 736-1652
coursolle@healthlaw.org

**Catherine McKee**\*
1512 E. Franklin Street, Suite 110
Chapel Hill, NC 27514
(919) 968-6308
mckee@healthlaw.org

**SOUTHERN LEGAL COUNSEL, INC.**

**Simone Chriss** (Fl. Bar No. 124062)
**Chelsea Dunn** (Fl. Bar No. 1013541)
1229 NW 12th Avenue
Gainesville, FL 32601
(352) 271-8890
Simone.Chriss@southernlegal.org
Chelsea.Dunn@southernlegal.org

**FLORIDA HEALTH JUSTICE PROJECT**

**Katy DeBriere** (Fl. Bar No. 58506)
3900 Richmond Street
Jacksonville, FL 32205
(352) 278-6059
debriere@floridahealthjustice.org

\* *Admitted pro hac vice*
*Counsel for Plaintiffs*

## **CERTIFICATE OF WORD COUNT**

As required by Local Rule 7.1(F), I certify that this Motion and Incorporated Memorandum of Law contains 1,461 words.

*/s/ William C. Miller*
Attorney for Plaintiffs

## **CERTIFICATE OF SATISFACTION OF**
## **ATTORNEY-CONFERENCE REQUIREMENT**

Pursuant to Local Rule 7.1(B), counsel for Plaintiffs and counsel for Defendants conferred via email regarding the instant motion on May 3, 2023. Defendants indicated they oppose the relief requested herein.

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 3rd day of May, 2023, a true copy of the foregoing has been filed with the Court utilizing its CM/ECF system, which will transmit a notice of electronic filing to counsel of record for all parties in this matter registered with the Court for this purpose.

*/s/ William C. Miller*
Attorney for Plaintiffs