IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

AUGUST DEKKER et al.,

    Plaintiffs,

v.                                      CASE NO.  4:22cv325-RH-MAF

JASON WEIDA et al.,

    Defendants.

_____/

**PRETRIAL ORDER**

This order confirms and adds to the rulings entered at the pretrial conference on May 4, 2023. As noted there, the defendants are not entitled to summary judgment because there are genuine factual disputes critical to resolving the merits.

The defendants' assertion that there is no private right of action under 42 U.S.C. § 1983 for a Medicaid violation of the kind alleged is contrary to the current state of the law. *See, e.g.*, *Moore ex rel. Moore v. Reese*, 637 F.3d 1220, 1259 (11th Cir. 2011) (addressing a claim on the merits without explicitly addressing the existence of a private right of action but stating that "*aggrieved Medicaid recipients have recourse in the courts*") (emphasis added); *Garrido v.*

*Dudek*, 731 F.3d 1152 (11th Cir. 2013) (addressing a claim on the merits without explicitly addressing the existence of a private right of action); *Waskul v. Washtenaw Cnty. Cmty. Mental Health*, 979 F.3d 426, 446-48 (6th Cir. 2020) (holding the 42 U.S.C. § 1396a(a)(10)(B) comparability requirement is privately enforceable under § 1983); *Davis v. Shah*, 821 F.3d 231, 255 n.12 (2d Cir. 2016) (same); *S.D. ex rel. Dickson v. Hood*, 391 F.3d 581, 602-07 (5th Cir. 2004) (recognizing a private right of action under § 1983 for violation of the 42 U.S.C. § 1396d(a)(4)(B) early and periodic screening, diagnostic, and treatment requirement for minors); *Pediatric Specialty Care, Inc. v. Ark. Dep't of Human Servs.*, 293 F.3d 472, 479 (8th Cir. 2002) (same); *Miller ex rel. Miller v. Whitburn*, 10 F.3d 1315, 1319-20 (7th Cir. 1993) (same); *Smith v. Benson*, 703 F. Supp. 2d 1262, 1273 (S.D. Fla. 2010); *Hunter ex rel. Lynah v. Meadows*, No. 1:08-cv-2930, 2009 WL 5062451, at *2-3 (N.D. Ga. Dec. 16, 2009); *Kenny A. v. Perdue*, 218 F.R.D. 277, 293-94 (N.D. Ga. 2003).

IT IS ORDERED:

1. The trial remains set for Tuesday, May 9, 2023, at 9:00 a.m.

2. The attorneys and members of their staffs may bring laptops, electronic tablets, cellular telephones, and other electronic devices into the courtroom. They must have devices off or in silent mode except as needed for use in the trial.

3. The defendants' summary-judgment motion, ECF No. 120, is denied.

4. The motion to exclude testimony of Denise Brogan-Kator, ECF No. 194, is granted.

5. The motion to exclude testimony of Dr. Michael Biggs, ECF No. 128, is denied as moot.

6. The other motions to exclude evidence, ECF Nos. 119, 124, 127, 133, 136, 138, 141, 142, and 143, are denied.

7. The motion to require proper references to the plaintiffs' gender, ECF No. 187, is denied.

8. The motion for judicial notice, ECF No. 210, is granted. Notice is taken of the actions, policies, and reports but not of the truth of the facts asserted in them.

9. The motion of amici Walt Heyer et al. for leave to file declarations, ECF No. 140, is denied.

10. The objections to admission of expert reports are sustained. Expert reports will not be admitted. But the objections to experts' curricula vitae have been withdrawn. The defendants may file a supplemental exhibit list consisting of their experts' curricula vitae. The plaintiffs may file a supplemental exhibit list consisting of their experts' curricula vitae and in any event should file them as separate docket entries; they are currently part of the same docket entry as the corresponding expert report.

11. The parties must cooperate to prepare and file deposition transcripts clearly and readily showing the portions that will be admitted. The parties may but need not publish all or part of the admitted portions during the trial.

12. A witness may testify by contemporaneous video transmission from a remote location if all parties consent. The party who calls the witness is responsible for logistics.

13. The parties and witnesses should use the appropriate pseudonym to refer to a plaintiff who has been authorized to proceed under a pseudonym. The plaintiffs must file under seal a reference list matching each pseudonym to the person's actual name.

14. The clerk must maintain under seal exhibits admitted at trial that contain medical records previously filed under seal.

SO ORDERED on May 4, 2023.

s/Robert L. Hinkle
United States District Judge