IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

AUGUST DEKKER et al.,

    Plaintiffs,

v.                          CASE NO. 4:22cv325-RH-MAF

JASON WEIDA et al.,

    Defendants.

_____/

# ORDER DENYING THE MOTION
# TO ENFORCE THE JUDGMENT

After a bench trial, the four plaintiffs obtained a judgment against the defendant Jason Weida, in his official capacity as Secretary of the Florida Agency for Health Care Administration ("AHCA"), and against AHCA itself. The judgment had two parts. The first was a declaration that Florida Statutes § 286.31(2) and Florida Administrative Code rule 59G-1.050(7) are invalid to the extent they categorically ban Medicaid payment for puberty blockers and cross-sex hormones for the treatment of gender dysphoria. The second part was an injunction explicitly running in favor of the four plaintiffs, nobody else, requiring the defendants to cover their treatment. This was not a class action.

The defendants have appealed, and the appeal is pending. The defendants have not moved for a stay pending appeal.

The plaintiffs have filed in this court a motion to enforce or clarify the judgment. The plaintiffs acknowledge that the defendants have complied with the injunction requiring Medicaid payment for the plaintiffs' treatment. But the plaintiffs say the defendants have continued to apply the categorical ban on payment for puberty blockers or cross-sex hormones for other transgender patients. The plaintiffs say this contravenes the declaratory judgment.

In response, the defendants apparently acknowledge that they must comply with the declaration while it remains in force, even for patients who are not parties to this case. This accords with the law of the circuit. In *Garrido v. Dudek*, 731 F.3d 1152 (11th Cir. 2013), the court addressed the proper scope of a judgment like this one. There, as here, a district court held invalid an AHCA rule categorically excluding Medicaid coverage for a specific type of treatment. The treatment was applied behavioral analysis or "ABA" for individuals under age 21 with autism spectrum disorder.

The district court entered a declaratory judgment and permanent injunction that, by their terms, ran in favor of not just the plaintiffs but also all other Medicaid-eligible patients in Florida under age 21 diagnosed with autism spectrum disorder.

The Eleventh Circuit upheld the declaration with one exception. The court remanded for addition of this language: "This declaration does not eliminate the Defendant's authority to make individual medical necessity determinations, in accordance with governing law and regulations." *Id*. at 1161. This left no room for the defendant—the Secretary of AHCA—to exclude coverage based on the categorical exclusion of ABA treatment. Going forward, AHCA could deny ABA coverage based only on an individualized assessment of a specific patient's circumstances, not based on the invalidated view that ABA treatment was never medically necessary.

Similarly, the Eleventh Circuit said that "the district court did not abuse its discretion in issuing a permanent injunction that overrules AHCA's determination that ABA is experimental (and AHCA's larger determination that ABA is *never* medically necessary)." *Id*. at 1160 (emphasis in original). But the injunction as entered by the district court required AHCA to provide Medicaid coverage for ABA treatment not just to the plaintiffs but also "to all Medicaid-eligible persons under the age of 21 in Florida who have been diagnosed with autism or Autism Spectrum Disorder, as prescribed by a physician or other licensed practitioner." *Id*. at 1160 n.2. Because the necessity of treatment for individuals other than the plaintiffs themselves had not been established, the Eleventh Circuit remanded with

instructions to strike from the injunction the requirement to provide coverage for others. *Id*. at 1160 & nn. 3 & 4.

In the case at bar, the declaration and injunction do not include language like that disapproved in *Garrido*. Here, as under the Eleventh Circuit's language in *Garrido*, the declaration does not eliminate the defendants' authority to make individual medical necessity determinations. Similarly, here, as under the Eleventh Circuit's language in *Garrido*, the injunction requires coverage for the plaintiffs, for whom this record establishes medical necessity, but not for others, for whom AHCA remains free to evaluate medical necessity based on the patient's individual circumstances.

Here, as in *Garrido*, the defendants are not free to ignore the declaratory judgment. They are not free to continue to deny coverage based on the invalidated categorical ban.

The defendants apparently acknowledge that they are continuing to deny every application for payment for these services and to do so solely because it is an application for these services—to deny every application without any assessment of individual circumstances. The defendants say this approach is not "categorical" because, they say, an applicant can seek a waiver under Florida Statutes § 120.542. That statute applies to "uniformly applicable" provisions of rules and requires a waiver when (1) the purpose of the underlying statute "will be or has been

achieved by other means" and (2) application of the rule would create a substantial hardship or violate principles of fairness. *Id*. § 120.542(2). The defendants have not suggested what "other means" have been or will be used to satisfy the purposes of either the Medicaid statute, whose purpose is to provide medical care to covered patients, or the invalidated Florida ban on payment for transgender care, whose purpose was to discriminate against transgender patients or, even on the defendants' view, to deny payment for care of this kind. The record does not suggest that transgender patients are obtaining other kinds of equally effective care or that they are obtaining puberty blockers or cross-sex hormones without having to pay.

The waiver statute requires an agency to give notice of its provisions to anyone who inquires about relief from a covered rule. *Id*. § 120.542(4). The record does not show AHCA has given notice or that anyone has inquired.

The record indicates AHCA has fined health plans for paying for puberty blockers or cross-sex hormones for transgender Medicaid patients. The letters imposing the fines assert the services are never covered. In a footnote, the letters acknowledge the injunction in this case and say it applies only to the four plaintiffs, so that health plans can pay for the care for the four plaintiffs. But misleadingly, the letters omit any mention of the declaratory judgment or the

defendants' obligation—now acknowledged in the response to this motion—to comply with the declaratory judgment while it remains in effect.

If, other than in this litigation, the defendants have told any patient, health plan, or provider that waivers may be available, the record does not reflect it. If, other than in response to this motion, the defendants have acknowledged their obligation to comply with the declaratory judgment while it remains in effect, the record does not reflect it.

One might well conclude the defendants' approach, if not contumacious, is at least too clever by half. If no appeal was pending, further relief might well be warranted. But three considerations counsel against entry of an order at this time enforcing, modifying, or clarifying the judgment.

First, the defendants are complying with the injunction as it applies to the plaintiffs. This is not a class action. The trial is over, and judgment has been entered. It is too late for nonparties—including other, similarly situated Medicaid beneficiaries—to assert claims in this action. If the defendants have improperly denied other beneficiaries' claims, they may be able to obtain relief on their own behalf in an appropriate forum, and the judgment in this action may be binding on the defendants in that forum.

Second, the judgment is on appeal. Modifying or clarifying a judgment that is on appeal is usually beyond a district court's jurisdiction and always

problematic. A district court can enforce a judgment while an appeal is pending, unless a stay has been entered, but this does not mean a district court can modify or clarify the judgment in the course of enforcing it. Here the defendants are complying with the judgment as to the plaintiffs themselves. The dispute turns on whether the defendants' reliance on the waiver statute contravenes the declaratory judgment—an issue on which a modification or clarification, while the appeal is pending, would be problematic.

Third, in *Eknes-Tucker v. Governor of Alabama*, 80 F.4th 1205 (11th Cir. 2023), the Eleventh Circuit reversed a preliminary injunction barring enforcement of an Alabama statute prohibiting these same kinds of treatment. The record here is much more complete than the record there, and issues have been raised and decided here that were not raised or decided there. There, the Eleventh Circuit has stayed the preliminary injunction, but a petition for rehearing en banc remains pending, and the mandate has not issued. While I remain convinced that the judgment in the case at bar was and is correct, *Eknes-Tucker* would properly be considered on any motion to stay the judgment in the case at bar while the appeal goes forward. *Eknes-Tucker* would also properly be considered before extending the injunction to, or enforcing the judgment in favor of, other Medicaid beneficiaries.

For these reasons, this order denies without prejudice the motion to enforce or clarify the judgment. The order also does not modify the judgment. The order makes no ruling on whether the defendants' approach is consistent with the declaratory judgment. The order makes no ruling on whether, at an appropriate time, the plaintiffs will be able to obtain appropriate relief for any violation of the judgment that has occurred. This order simply does not resolve those issues at this time.

This order does, however, note one citation issue. SB 254, the bill that adopted the statutory ban on Medicaid payment for puberty blockers and cross-sex hormones for transgender patients, referred to the provision as Florida Statutes § 286.31(2). *See* S.B. 254 (as passed by Fla. 2023 Legislature, May 4, 2023); *see also* Laws of Fla., ch. 2023-90, § 3, available at <http://laws.flrules.org/2023/90>. The parties' filings and the court's orders cite the provision that way. But this apparently was the second of two new provisions the Legislature adopted with that same number. The second provision—the one at issue here—has now been codified as § 286.311(2). This apparently was done after entry of the judgment as part of the routine process conducted by the Florida Reviser of Statutes. *See Table of Section Changes by 2023 Legislative Session* C-1 & C-3, available at <https://www.flsenate.gov/PublishedContent/Laws/Statutes/Links/Table%20of%20Section%20Changes%20(2023).pdf>.

IT IS ORDERED:

The motion, ECF No. 258, to enforce or clarify the judgment is denied without prejudice.

SO ORDERED on January 31, 2024.

s/Robert L. Hinkle<br>United States District Judge